UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BARBARA JEANNE ALTEMEIER,  ) NO. SACV 10-1692-JVS (AGR)
    Plaintiff, )
    v. )
     ) ORDER TO SHOW CAUSE
DALLAS COUNTY, TEXAS, et al., )
    Defendants. )

On November 4, 2010, Plaintiff filed a complaint. For the reasons discussed below, the Court orders Plaintiff to show cause, on or before ***December 8, 2010***, why this Court should not recommend dismissal of the complaint based on improper venue.

**I.**

**THE COMPLAINT**

Plaintiff names the following defendants: Dallas County, Texas; City of Dallas, Texas; Muskegon County, Michigan; Fruitport Township, Michigan; James Schultz, a resident of Muskegon County; Tony Tague, a resident of Muskegon County; Dale J. Hilson, a resident of Muskegon County; Louis Canales, a resident of Dallas County; Ronald M. Hubner, a resident of Dallas County; Daniel Downs,

a resident of Dallas County; Ronald Anderson, a resident of Dallas County; Lupe Valdez, a resident of Dallas County; and Parkland Health & Hospital System Auxiliary, located in Dallas. (Complaint at 2-4.)

The following is a summary of Plaintiff's allegations. On October 17, 2006, Plaintiff was arrested in Dallas without a warrant and was incarcerated until January 2, 2007. (*Id.* at 5.) On November 10, 2008, the charges against Plaintiff were dismissed. (*Id.*) Plaintiff, who suffers from "an autonomic nervous system dysfunction and sensitivities to various petrochemicals," and who requires prescription bottled water and prescription organic food, was exposed to chemicals and denied prescription bottled water and organic food while incarcerated. (*Id.* at 4-12.)

On December 20, 2006, Plaintiff signed extradition papers to permit Michigan to extradite her to face charges in that state. (*Id.* at 13.) After Plaintiff's release from jail in Dallas, she "went into hiding for about twenty-three (23) months." (*Id.* at 14-15.) As of September 2008, the "false charges" filed in Michigan had still not "been dropped." (*Id.* at 16.)

Plaintiff alleges 38 causes of action against Defendants related to the events described above. (*Id.* at 22-32.)

## II.

## **VENUE**

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

28 U.S.C. § 1391(b); *see Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (applying § 1391(b) to § 1983 claim).

All defendants in this action reside in Michigan or Texas. All of the events or omissions giving rise to Plaintiff's claims occurred in Michigan or Texas.[1]

Accordingly, Plaintiff must explain why this action should not be dismissed. *See Costlow*, 790 F.2d at 1488 ("the district court ha[s] the authority to raise the issue of defective venue on its own motion"); *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district, shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **December 8, 2010**, Plaintiff shall show cause, if there be any, why this Court should not dismiss the action without prejudice. *See Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 851 (9th Cir. 1997) ("dismissal is without prejudice to refiling in the proper venue").

***Plaintiff is also advised that if she fails to timely respond to this Order to Show Cause, the Court will recommend dismissal of the action without prejudice.***

DATED: November 8, 2010

*alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[1] Dallas County is in the United States District Court, Northern District of Texas. *See* http://www.txnd.uscourts.gov/filing/countydiv.html. Muskegon County is in the United States District Court, Western District of Michigan. *See* http://www.miwd.uscourts.gov/GENERAL/general_info_faq.htm.