


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | No. 3:10-CV-02646-N (BK) |
| | § | |
| DALLAS COUNTY, TEXAS (1); et al., | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS, COUNTY OF MUSKEGON, TONY TAGUE AND DALE HILSON'S MOTION TO DISMISS UNDER F.R.C.P. 12(b) AND BRIEF IN SUPPORT**

NOW COMES Barbara Jeanne Altemeier, Plaintiff, to file this Plaintiff's Reply to Defendants, County of Muskegon, Tony Tague and Dale Hilson's Motion to Dismiss Under F.R.C.P. Rule 12(b) and Brief in Support and would show the Court the following to wit:

**I. DEFENDANTS WERE ACTING IN THEIR INDIVDUAL CAPACITIES ONLY AND NOT IN THEIR OFFICIAL CAPACITIES AND CANNOT CLAIM QUALIFIED IMMUNITY.**

Suits against states or state officers in their official capacity in federal court may be barred by the Eleventh Amendment under Will v. Michigan Department of State Police, 491 U.S. 58 (1989). But in 1991, the U.S. Supreme Court in Hafer v. Melo, 502 U.S. 21 (1991), ruled that Will v. Michigan Department of State Police, supra, does not apply to state officials sued in their personal or individual capacity and they may be held personally liable for damages under §1983, based upon actions taken in their official capacities. The claims considered in Will, supra, were official-capacity claims; thus, Will, supra, does not apply in this case. Hafer v. Melo, supra.

The Defendants in this case are not immune under the Eleventh Amendment. Hafer v. Melo, supra. In addition, the Plaintiff pled throughout the Complaint that her constitutional

rights were violated. Due process and equal protection are constitutional rights that the Defendants violated.

Additionally, the overt wrongful acts or counts in the Original and First Amended Complaints are all in the context of bad faith and harassment, outside of any state interests. The state cannot authorize its officers to violate federal law (due process and equal protection rights), thus such officers are stripped of their official or representative capacity or character. Duke Energy Trading and Marketing, L.L.C. v. Davis, 267 F. 3d 1042 (9th Cir. 2001). Federal law rights were violated by the Defendants in this instant case, leaving them open for a § 1983 lawsuit. The Federal Court must intervene because the state proceedings did not provide a meaningful opportunity to adjudicate constitutional claims. Middlesex Ethics Comm. v. Garden State Bar Assn., 102 S.Ct. 2515 (1982). Under Ex Parte Young, 209 U.S. 123 (1908) and its progeny, a suit challenging the legality under federal law of a state official's action in enforcing state law is not a suit against the state, and hence is not subject to state or federal exhaustion requirements. Id. At 159-160. Duke Energy Trading and Marketing v. Davis, supra. Therefore, the Defendants stand as individuals-only before this court.

The Defendants started their individual illegal and unconstitutional acts because they were unable to legally deal with the Plaintiff. Any defenses are definitely outside the jurisdiction and authority of the Defendants. Where the record reveals no jurisdiction as to state officials, the U.S. Appeals Court is powerless to do anything but recognize the defect. Newman-Green, Inc. v. Alfonzo-Larrain R., 854 F. 2d 916 (7th Cir. 1988). The Defendants who acted outside their jurisdiction and authority became individuals who have no jurisdiction to defend themselves in their state official capacity or utilize the exhaustion requirements. The submission that all state officials are absolutely immune from their individual actions if they infringed the Plaintiff's

constitutional rights, even if the violation was knowing and deliberate, is unsound and the court will consequently reject it. Butz v. Economou, 438 U.S. 478 at 485. A state official would lose his immunity and federal statute defenses from a § 1983 suit if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the Plaintiff, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the Appellant. Butz v. Economou, supra at 498. The Defendants in this instant case "knew" or reasonably "should have known", plus they took action with malicious intent. Additionally, judges were held to be immune from civil suit for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction. Butz v. Economou, supra, at 509 (emphasis added). The Defendants in this instant case acted outside the general scope of their jurisdiction and did so as individuals. The U.S. Supreme Court case of Marbury v. Madison, 1 Cranch 137 (1803) leaves no doubt that the high position of a government official does not insulate his actions from judicial review for mandamus or injunction. Butz v. Economou, supra at 523. "Absolute immunity" (and a federal statute defense) is a form which, in truth, exists in name only. Butz v. Economou, supra at 527.

The Defendants do not have any jurisdiction or authority to address, decide or offer any relief or remedy for any wrongdoing alleged and proven in Plaintiff's 42 U.S.C. § 1983 civil rights lawsuit involving their specific violations of federal civil rights, constitutional rights and statutes and in Defendants being sued in their individual capacities only.

**II. PLAINTIFF STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Defendants purported that Plaintiff had not alleged facts sufficient to support her claims; however, these claims in Plaintiff's Complaint are not considered to be evidence and detailed

factual allegations at trial. Plaintiff's purpose has been to obtain all of the evidence that would be presented at trial. With that said, many of the factual allegations will be revealed through the discovery process.

Although a complaint need not include detailed factual allegations, to survive a motion to dismiss for failure to state a claim, a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. C.N. v. Willmar Public Schools, Independent School Dist. No. 347, 591 F.3d 624 (2010). Plaintiff's Complaint was much more than labels and conclusions and more than a formulaic recitation of the elements of a cause of action. As in the Original and First Amended Complaints, Plaintiff cites specific violations of her Constitutional rights. The individuals responsible for the violations are included within a group of identified persons listed as Defendants. The individual or individuals within the listed group who are responsible for specific violations contained in each claim are a matter of record that is denied Plaintiff. Defendants were associating with governmental law and State actors in their individual capacities to accomplish the acts that violated the civil and constitutional rights of the Plaintiff. (Emphasis added.) The surreptitious actions of these individuals under color of law that violate the Constitutional protection of Plaintiff is concealed within confidential proceedings of a government agency. Even confidentiality of a State agency proceeding cannot deprive Plaintiff of evidence that will prove willing and knowing violation of her Constitutional rights under federal law. "The purpose of § 1983 is to deter State actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S.158, 161, 112 Ct. 1827, 1830, 118 L.Ed.2d 504 (1992) [citing Carey v. Piphus, 435 U.S. 247, 254-257, 98 S.Ct. 1042,1047-49, 55

L.Ed. 2d 252 (1978)]. "The public has the right to expect its officers to observe prescribed standards and to make adjudications on the basis of merit...{A}bsolute and uncontrolled discretion invites abuse." Hornsby v. Allen, 326 F.2d 605 (5th Cir.1964). " Government officials may be held liable under § 1983 for a failure to do what is required." Doe v. New York City Department of Social Services, 649 F.2d 134, 141 (2nd Cir. 1981). Until Plaintiff is allowed discovery, she is denied the opportunity to identify the specific individuals that performed very specific actions and inactions within agency confidential proceedings that resulted in the various violations of rights. Just by the Defendants failure to comply with their own rules, State law, and Constitutional law is sufficient claim to preclude the affirmation of the District Court's dismissal of Plaintiff's Title 42 § 1983 action. Plaintiff is not required to plead her case in her claims and must be allowed discovery.

Defendants challenged the claims and facts in the District Court by filing motions to dismiss for failure to state a claim. "When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court 'assumes the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950. Regenerative Sciences, Inc. v. United States Food and Drug Administration, 2010 WL 1258010 (March 26, 2010). In assessing a motion to dismiss, the court accepts allegations in the

complaint as true to the extent that they are uncontroverted by submitted affidavits. Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984), 471 U.S. 1010, 104 S.Ct. 1879, 85 L.Ed.2d 171 (1985). The plaintiff is entitled to the benefit of any factual doubt. Ammon v. Kaplow, 468 F.Supp. 1304, 1309 (D.Kan.1979).

"To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal rules of Civil Procedure, it must be 'clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir.1994) [quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)]. Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir.1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Helath Servs., Inc., 769 F.2d 700, 703 (11th Cir.1985). 'Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,' the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. V. Reyes, 23 F.3d 345, 347 (11th Cir.1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely 'label' her claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D.Fla.1996)." Bosset v. United States, 2007 WL 3034656 (M.D.Fla. 2007).

## III. THERE IS NO STATUTE OF LIMITATIONS ON A TITLE 42 U.S.C. §§ 1983, 1985 (3); TORT ACTION; TITLE 28 U.S.C. §§ 1331, 1332, 1343, 1367.

This action is not a matter of law governed by the Texas Personal Injury statute of limitations. This action is not a matter of law governed by the Michigan Elliott-Larsen Civil Rights Act statute of limitations. It is a Federal civil rights lawsuit, which has no statute of

limitations. The legal principle governing this is where there is no specific statute stating a statute of limitations, it is to the exclusion of all other statute of limitations. Defendants cannot borrow a statute of limitations from another statute of limitations period.

Defendants try to make this suit fit into a personal injury action including mention of the Americans with Disabilities Act ("A.D.A.") in order to justify their argument regarding a two-year ***Texas*** statute of limitations; however, Plaintiff does not claim or even reference the A.D.A. in her Complaint. Furthermore, this is not a State action but a Federal action. This action is not time-barred.

Section 1983 whether in a State Court or Federal Court contains no statute of limitations. The general or residual limitations period in the state in which the claim is filed controls. Wilson v. Garcia, 471 U.S. 261 (1985). For instance, in the state case (Missouri), the statute of limitations for Section 1983 suits is five years. Sulik v. Taney County, Mo., 393 F.3d 765 (8th Cir. 2005).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007) (emphasis by the Court). The Supreme Court has generally referred to state law on the issue of statute of limitations tolling. Wallace v. Kato, supra.

THEREFORE, IT IS Prayed that Defendants, County of Muskegon, Tony Tague and Dale Hilson's Motion to Dismiss Under F.R.C.P. Rule 12(b) and Brief in Support be denied.

Respectively submitted,

Barbara Jeanne Altemeier

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California 92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's Reply to Defendants, County of Muskegon, Tony Tague and Dale Hilson's Motion to Dismiss Under F.R.C.P. Rule 12(b) and Brief in Support is true and correct to the best of my knowledge and belief.

Witness my hand and seal this 3rd day of February, 2011.

Barbara Jeanne Altemeier

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Plaintiff's Reply to Defendants, County of Muskegon, Tony Tague and Dale Hilson's Motion to Dismiss Under F.R.C.P. Rule 12(b) and Brief in Support was sent by First Class Mail on the 3rd day of February, 2011 to the Defendants below.

Barbara Jeanne Altemeier

Ronald G. Acho
Cummings, McClorey, Davis & Acho, PLC
33900 Schoolcraft Road
Livonia, MI 48150