**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BARBARA ALTEMEIER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-2646-N-BK** |
| | § | |
| **DALLAS COUNTY, TEXAS, et al.** | § | |
| **Defendant.** | § | |

**ORDER**

Pursuant to Special Order 3, this case has been referred to the undersigned for pretrial management. In Plaintiff's response (Doc . # 56) to Defendants Fruitport Township and James Shultz's *Motion to Dismiss* (Doc. # 54), Plaintiff states that she "intends to promptly respond to Defendant's motion to dismiss after this Court has made a determination and ruling on the Plaintiff's Request for Clerk's Entry of Default against Fruitport Township and James Shultz." (Doc. # 56 at 1). Plaintiff's motions for default were denied February 15, 2011. (unnumbered docket entry).[1]

Accordingly, per Local Rule 7.1(e), Plaintiff has until **5:00 p.m. on March 11, 2011**, to file her response to Defendants Fruitport Township and James Shultz's *Motion to Dismiss*.

So ORDERED: March 3, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Entry of default is appropriate "when a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a); *Charles L.M. v. Northeast Indep. Sch. Dist.*, 995 F.2d 222, (5th Cir. 1993) (stating default judgement is improper if a party is defending against suit). Here, Defendants appeared and were in the process of defending the case before Plaintiff moved for entry of default.