ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 1 2011

CLERK, U.S. DISTRICT COURT
By _____ PP
Deputy

4:42 pm

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | No. 3:10-CV-02646-N (BK) |
| | § | |
| PLAINTIFF, | § | HON. DAVID C. GODBEY |
| | § | |
| v. | § | MAG. RENEE HARRIS TOLIVER |
| | § | |
| DALLAS COUNTY, TEXAS (1); | § | |
| CITY OF DALLAS, TEXAS (2); | § | |
| MUSKEGON COUNTY, MICHIGAN (3); | § | |
| FRUITPORT TOWNSHIP, MICHIGAN (4); | § | |
| JAMES SCHULTZ (5); | § | PLAINTIFF'S RESPONSE TO |
| TONY TAGUE (6); | § | DEFENDANTS, FRUITPORT |
| DALE J. HILSON (7); | § | TOWNSHIP AND JAMES |
| LOUIS CANALES (8); | § | SCHULTZ'S, MOTION TO DISMISS |
| RONALD M. HUBNER (9); | § | PERSUANT TO FED. R. CIV. P. |
| DANIEL DOWNS (10); | § | 12(B)6 AND 12(c) |
| RONALD ANDERSON (11); | § | |
| LUPE VALDEZ (12); | § | |
| PARKLAND HEALTH & HOSPITAL | § | |
| SYSTEM AUXILIARY/AKA | § | |
| PARKLAND MEMORIAL | § | |
| HOSPITAL (13); and | § | |
| John or Jane Does (14-23), | § | |
| | § | |
| DEFENDANTS. | § | |

___

**PLAINTIFF'S RESPONSE TO DEFENDANTS, FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S, MOTION TO DISMISS PERSUANT TO FED. R. CIV. P. 12(B)6 AND 12(c)**

NOW COMES Barbara Jeanne Altemeier, Plaintiff, to file this Plaintiff's Response to Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Persuant to Fed. R. Civ. P. 12(b)6 and 12(c) and would show the Court the following to wit:

Plaintiff herein addresses Defendant Fruitport Township (4) and James Schultz's (5) F.R.C.P 12(b)6 Motion to Dismiss for "failure to state a claim upon which relief can be granted", F.R.C.P 12(c) Motion for Judgment on the Pleadings and Statute of Limitations arguments.



**F.R.C.P 12(B)6 MOTION:**

The U.S. Supreme Court recently addressed the requirements to survive a FRCP 12(b)6

motion in *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007):

> This case presents the antecedent question of what a plaintiff must plead in order
> to state a claim under § 1 of the Sherman Act. Federal Rule of Civil Procedure 8(a)(2)
> requires only "a short and plain statement of the claim showing that the pleader is entitled
> to relief," in order to "give the defendant fair notice of what the ... claim is and the
> grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d
> 80 (1957). **While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations,** ibid.; Sanjuan v. American Bd. of Psychiatry and
> Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), **a plaintiff's obligation to provide the
> \*1965 "grounds" of his "entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of action will not
> do,** see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on
> a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as
> a factual allegation"). **Factual allegations must be enough to raise a right to relief
> above the speculative level,** see 5 C. Wright & A. Miller, Federal Practice and Procedure
> § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must
> contain something more ... than ... a statement of facts that merely creates a suspicion [of]
> a legally cognizable right of action"), [FN3] on the assumption that all the allegations in
> the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A.,
> 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490
> U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not
> countenance ... dismissals based on a judge's disbelief of a complaint's factual
> allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)
> (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote
> and unlikely").

The new *Bell Atlantic Corp. v. Twombly, supra* standard was summarized by one writer

as meaning **"The Court held that complaints must now state enough facts to make it

plausible that the plaintiff is entitled to relief."**

At the same time, was held in *Haines v. Kerner et al.,* 404 U.S. 509 (1972) that **pro se

Plaintiffs should be allowed the opportunity to offer proof of government wrongdoing in

defending against a F.R.C.P. 12(b)6 motion by a government entity, even if they initially

fail to plead such evidence initially in their Complaint.**

In practice, in responding to a F.R.C.P. 12(b)6 motion by government entity defendants, it has been suggested that a plaintiff may find it useful to try to overcome the presumption that the government is always right by demonstrating clear evidence of wrong doing by the government in the complaint or response in order to justify the costs of discovery to the Court, thus front-loading the production of such evidence to the extent possible.

### PLAINTIFF'S EVIDENCE OF WRONGDOING BY DEFENDANTS FRUITPORT TOWNSHIP AND JAMES SCHULTZ:

As generally described in Plaintiff's First Amended Complaint as corrected in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error", Fruitport Township (4) James Schultz (5) made a number of allegations and swore two affidavits alleging crimes by Plaintiff, resulting in Plaintiff's incarceration in the Dallas County Jail for 78 days.  Plaintiff now shows evidence of wrongdoing by Fruitport Township (4) and James Schultz (5) in requesting a "warrantless arrest" and perjury.

### "WARRANTLESS ARREST"

Plaintiff proffers the police report of Fruitport Township (4) James Schultz (5) dated September 13, 2006 for incident 2006-004326-I 2006 "page 36".  (Appendix to Plaintiff's Responses to Defendants Motions to Dismiss Persuant to F.R.C.P. 12(b)6, herein referred to as "Appendix", Item A.1)  While Plaintiff cannot authenticate these documents directly, no municipality in the U.S. is likely to credibly deny the validity of their own police reports in the face of potential cross-examination.

James Schultz (5) requested the arrest of Plaintiff without a warrant and without probable cause, thus violating her civil rights.  Exhibits A.1 – A.3 show that there was an illegal warrantless arrest/hold, as referred to in Plaintiff's Corrected First Amended Complaint (page 5,

lines 3-7, 13-25; page 7 lines 8-10).  This violated Plaintiff's right to be secure in her person under the 4th amendment of the U.S. Constitution; and the due process clause of the 5th Amendment to the U.S. Constitution; and the equal protection clause of the 14th Amendment of the U.S. Constitution.  James Schultz's (5) report in Appendix A.1 states:

> "At that point, Ofc. Canales wanted to know about the status of Barbara Altemeier.  At 1518hrs, I was advised that she was not arrested and based upon the statements that I had just received from Ofc. Canales and Ofc. Bartek, I advised them that I wanted her arrested.  **I advised Ofc. Canales that I would like them to make a warrantless arrest on Barbara Altemeier for her part in the embezzlements.**  Ofc. Canales then took Barbara into physical custody and **I advised them that I would contact the Muskegon Co. Pros. Office and obtain a warrant.**  Ofc Canales further stated that he would call me back shortly after taking care of the arrest."

This is supported by Appendix Item A.2, Dallas (2) Police Department Arrest Report 06-0058323, which states **"CHG" "HOLD" "DESCRIPTION" "01MICHIGAN 1@NO BOND".**  This arrest report gives no warrant number.  This is further supported by Appendix Item A.3, Dallas County (1) Jail booking sheet 06085892, which states **"Hold Fruitport Michigan"** and gives no warrant number.

The "warrantless arrest" of Plaintiff on October 17, 2006 at the request of Fruitport Township (4) James Schultz (5) resulted in Plaintiff's 42.U.S.C. 1983 deprivation of rights under color of law, namely, Plaintiff's incarceration in the Dallas County Jail for 78 days.

## EVIDENCE OF THE PERJURY OF FRUITPORT TOWNSHIP JAMES SCHULTZ:

**Evidence Relating to Uncompleted Wire Transfer Through Banker's Bank of the West:**

In Appendix B1 is evidential proof that James Schultz (5) on 10-24-06 in a sworn affidavit stated"

> "... on 9/13/06, Leland was than [SIC] driven by Ms. Altemeier, against his will, from Battle Creek to Neosho, Missouri, where Ms. Altemeier forced Leland into a credit union

in an attempt to transfer money from an account in Leland's name to a separate account set up at a bank not authorized, consented to, or recognized by Leland."

Plaintiff affirms that Leland E. Davis was never forced against his will into the First Federal Credit Union in Neosho, MO.

Evidential proof that James Schultz (5) committed perjury is in Appendix B.8. In fact James Schultz (5) knew that Leland E. Davis in fact had a joint bank account with his son Alan Kane Davis in the First State Bank, in Guernsey, WY. He had this information BEFORE Plaintiff was arrested. The accuracy of the uncompleted wire transfer form (Appendix B.3) is proven by the supporting evidential proof in Appendix B.4 showing that the correct way a wire transfer to Leland's First State Bank account in Guernsey, WY is done and proving the wire transfer was done correctly by Leland to Leland's own bank account, the First State Bank in Guernsey, WY, and that there was no attempt to transfer Leland's funds to an account of a bank not authorized, consented to" by Leland. Therefore James Schultz (5) sworn statement "… an attempt to transfer money from an account in Leland's name to a separate account set up at a bank not authorized, consented to, … by Leland" is perjury.

As generally described in Plaintiff's First Amended Complaint as corrected in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error", page 5 lines 11-13, 19-21), Fruitport Township (4) James Schultz (5) "created a chain of false evidence to prove a non-existent crime."

**Explanation of the Documents in Appendix B relating to the uncompleted wire transfer:**

B.3 Wire Transfer Form:

1. Note at the top of the page in the fax line it says "Service 1". This is the Federal Credit Union where Leland E. Davis had an account on 9-15-06.

2) Notice on the top of the form is handwritten "Judy", & to the side of the form is handwritten

"Per Judy". "Judy" may have filled out the form. Notice how the "d" in "Per Judy" is curved. The "d" in Wheatland is curved the same way. THE HANDWRITING ON THE FORM IS NOT THE HANDWRITING OF PLAINTIFF.

3)  The typed heading says "Wire Transfer Request"

4)  "Amount of Wire _____" is blank.

5)  "Receiving Financial Institution:  Bankers Bank of the West":  This is the correspondant bank, which services only small community banks. A Bankers Bank is a clearing house of sorts. The Bankers Bank of the West services about 500 small banks.  Moneys are first wired to this clearing house and then are sorted, then deposited in the particular small bank's account in the Bankers Bank of the West.  The First State Bank of Wheatland, WY is one of the small banks that has an account at Bankers Bank of the west.  Once money is deposited in the small bank's account, it then continues on to the private individual's account located within the small bank, in this case, the account of Leland E. Davis.

6)  "Phone # (if applicable):  307-836-2152":  This is the telephone number of the First State Bank, Guernsey, WY.  This is where Leland E. Davis had an account.

7)  "Receiving ABA: 102003743":  This is the ABA Routing Number for the Bankers Bank of the West.

8)  "Beneficiary's Financial Institution (if applicable)  First State Bank of Wheatland."  **The First State Bank owns an account in the name of "First State Bank of Wheatland" at the Banker's Bank of the West.**  The First State Bank is where Leland E. Davis had a joint account with his son Alan Kane Davis.

9)  "Beneficiary's Financial Institution Account # (if applicable) 1000950":  **The First State Bank owns account number 1000950 at the Banker's Bank of the West.**

6

10) "Name of person to wire funds to:  Leland E. Davis".

11) "Account number:  0301280":  This was the joint bank account number for Leland E. Davis or Alan Kane Davis located in the First State Bank in Guernsey, WY.

12) "Account Owner Signature _____": line is blank.

13) "Account Number:  718641"  Plaintiff believes this account number was Leland E. Davis's account in Service 1 Federal Credit Union, in Muskegon, MI.  This wire transfer form was filled out at the branch in Neosho, MO.

14.  "Daytime Phone Number:   Cell 702-241-8617 Barbara will give to him":   This was Plaintiff's Cell Phone Number, as Leland Earnest Davis did not have one, and the Service 1 Federal Credit Union wanted a contact telephone number for him, and since Leland E. Davis was traveling with Plaintiff, the credit union used it as a contact number.

B4.  Wire Transfer Instructions into First State Bank, dated March 11, 2010.  Secure email from Michelle Struble, Assistant Vice President, First State Bank-Guernsey **showing proof of the accuracy of the uncompleted wire transfer request form.**

B.5.  Wikipedia entry for "Bankers' Bank" demonstrating that they "may provide services only to community banks".

B.6.    Web page for Service 1 Federal Credit Union Neosho, MO branch, www.service1fcu.com/neosho.php .

B.7.    Web page for First State Bank, Guernsey, WY, www.fsbwy.com/2723/mirror/a_locations.htm.

B.2.  Fruitport Township (4) James Schultz (5) Police Report for incident 2006-004326-I of September 13, 2006, printed 10/24/2006, pages 25, 26.

Notice that James Schultz's (5) report only notes the Banker's Bank of the West and its phone and routing numbers.  "Tibault was very helpful and at 1515hrs, I received a

facimilie [SIC] transaction from Tibault of the original document that Altemeier tried to turn into the branch in Neosho Missouri." Proof of this is the copy of the wire transfer slip (Appendix B.1). Notice in this same police report on page 25 beginning at: "on 10-16-06 at 1515hrs ..." The only notes James Schultz (5) mentions regarding the "wire transfer request" are

1. "Banker's Bank of the West",

2. "Phone number 307-836-2152"—which is in fact to the First State Bank of Wheatland in Guernsey, WY—proof of this phone number is found in Appendix B.4, and

3. "receiving account number to be 102003743". Appendix B.4 proves this is the correct routing number for Banker's Bank of the West.

4. He continues: "On 10-16-06 at approximately 1530hrs, I called the Bankers Bank of the West. I spoke to a female on the other end and ID myself." This statement in James Schultz's (5) police report is definitely an intentional fraud due to the fact that when the telephone number of 307-836-2152 is answered at the First State Bank in Guernsey, WY, they answer "First State Bank." Thus, there is now way to think that this telephone is to the Banker's Bank of the West.

4. He continues: "I noted that the funds were to be received in the name of Leland E. Davis, I did further note that there were no signatures or dollar amounts entered on this form." James Schultz (5) fails to note all the rest of the pertinent and vital information contained on this "wire transfer request," **thereby intentionally causing errors of omission, which taint his police report.**

The above actions violated Plaintiff's right to be secure in her person under the 4th amendment of the U.S. Constitution; and the due process clause of the 5th Amendment to the U.S. Constitution; and the equal protection clause of the 14th Amendment of the U.S. Constitution.

8

**PLAINTIFF'S EVIDENCE OF WRONGDOING BY DEFENDANTS CITY OF**

**DALLAS, LOUIS CANALES AND RONALD M. HUBNER:**

As generally described in Plaintiff's First Amended Complaint as corrected in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error", and proven by the evidence in Appendix Items A1-A3 cited above, City of Dallas (2) Officers Louis Canales (8) and Ronald M. Hubner (9) made a "warrantless arrest" of Plaintiff on September 13, 2006 without any probable cause and without any evidence at the request of Fruitport Township (4) James Schultz (5) which resulted in Plaintiff's 42.U.S.C. 1983 deprivation of rights under color of law, namely, Plaintiff's incarceration in the Dallas County Jail for 78 days.

These actions violated Plaintiff's right to be secure in her person under the 4th amendment of the U.S. Constitution; and the due process clause of the 5th Amendment to the U.S. Constitution; and the equal protection clause of the 14th Amendment of the U.S. Constitution.

**DEFENSES:  STATUTE OF LIMITATIONS:**

**Actions under 42 U.S.C. 1983 have no statute of limitation.**

Similarly, pleas for injunctive relief to prevent future harm have no statute of limitations.

**SUMMARY:**

Plaintiff herein proffers clear evidence of government wrongdoing against government defendants Fruitport Township (4), James Schultz (5), City of Dallas (2), Louis Canales (8), Ronald M. Hubner (9), in response to their F.R.C.P 12(b)6 Motions.

Plaintiff asserts that 42 U.S.C. 1983 Civil Rights claims and requests for Injunctive Relief to prevent future harm are not subject to any Statute of Limitations.

THEREFORE, IT IS Prayed that Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Persuant to Fed. R. Civ. P. 12(b)6 and 12(c) be denied and that discovery be allowed to proceed.

Respectively submitted,

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California  92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's Response to Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Persuant to Fed. R. Civ. P. 12(b)6 and 12(c) is true and correct to the best of my knowledge and belief.

Witness my hand and seal this ___*11*___ day of March, 2011.

Barbara Jeanne Altemeier

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Plaintiff's Response to Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Persuant to Fed. R. Civ. P. 12(b)6 and 12(c) was sent by First Class Mail on the _11_ day of March, 2011 to the Defendants below.

Barbara Jeanne Altemeier

G. Gus Morris
McGraw Morris P.C.
2075 W. Big Beaver Road
Troy, Michigan  48084


J G Schuette
James Carroll Butt
Dallas City Attorney's Office
1500 Marilla Street
7th Floor
Dallas, TX 75201

082708_EM_EP13F OCT 2008

PRESS HARD. YOU ARE MAKING 3 COPIES.

# UNITED STATES POSTAL SERVICE

**EXPRESS MAIL®**




## ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code

Date Accepted

Time Accepted
☐ AM
☐ PM

Flat Rate ☐ or Weight

lbs.     ozs.

FROM: (PLEASE PRINT)

Flat Rate
Mailing Envelope
For Domestic and International Use

Addressee Copy
Label 11-B, March 2004

## DELIVERY (POSTAL USE ONLY)

CUSTOMER USE ONLY

NO DELIVERY ☐ Weekend ☐ Holiday

TO: (PLEASE PRINT)    PHONE (     )

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

Post Office To Addressee

When used inter...
affix customs d...
(PS Form 2976...

UNITED STATES
POSTAL SERVICE

1007

$18.30
00030862-19



CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

MAR 14 2011

FOR PICKUP OR TRACKING
Visit WWW.USPS.COM
Call 1-800-222-1811

Please recycle.