

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| PLAINTIFF, | § § § | |
| v. | § § | No. 3:10-CV-02646-N (BK) |
| DALLAS COUNTY, TEXAS (1); et al., | § § § | |
| DEFENDANTS. | § | |

## MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS HUBNER AND CANALES' MOTION TO DISMISS UNDER RULE 12(b)(6) AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Barbara Jeanne Altemeier, Plaintiff, in the above-entitled case to file this Motion for Leave to File Plaintiff's First Supplemental Response to Defendants Hubner and Canales' Motion to Dismiss Under Rule 12(b)(6) and Brief in Support and would show this Court the following, to wit:

Due to the fact that Plaintiff has discovered additional evidence through her research since the time of the filing of Plaintiff's original Response to Defendants' Hubner and Canales' Motion to Dismiss Under Rule 12(b)(6) and Brief in Support, Plaintiff asks to file the attached supplemental response which is significant to this case.

Plaintiff requests that this motion for leave be considered by this Honorable Court in the benefit of justice, fair play and judicial economy.

IT IS THEREFORE Prayed that this Motion for Leave be granted.

Respectively submitted,

*[signature: Barbara Jeanne Altemeier]*

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California  92844
(714) 379-9557


## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Motion for Leave to File Plaintiff's First Supplemental Response to Defendants Hubner and Canales's Motion to Dismiss Under Rule 12(b)(6 and Brief in Support is true and correct to the best of my knowledge and belief.

Witness my hand and seal this __14__ day of March, 2011.

*[signature: Barbara Jeanne Altemeier]*

Barbara Jeanne Altemeier


## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Motion for Leave to File Plaintiff's First Supplemental Response to Defendants Hubner and Canales's Motion to Dismiss Under Rule 12(b)(6 and Brief in Support was sent by First Class Mail on the __14__ day of March, 2011 to the Defendants below.

*[signature: Barbara Jeanne Altemeier]*

Barbara Jeanne Altemeier

J.G. Schuette
James Carroll Butt
Dallas City Attorney's Office
1500 Marilla Street, 7th Floor
Dallas, Texas  75201



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| PLAINTIFF, | § § § | |
| v. | § | No. 3:10-CV-02646-N (BK) |
| DALLAS COUNTY, TEXAS (1); et al., | § § § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS HUBNER AND CANALES' MOTION TO DISMISS UNDER RULE 12(b)(6) AND BRIEF IN SUPPORT**

NOW COMES Barbara Jeanne Altemeier, Plaintiff, to file this Plaintiff's First Supplemental Response to Defendants Hubner and Canales' Motion to Dismiss Under Rule 12(b)(6) and Brief in Support and would show the Court the following to wit:

Plaintiff herein addresses Defendants Ronald M. Hubner (9) and Louis Canales (8) F.R.C.P 12(b)6 Motion to Dismiss for "failure to state a claim upon which relief can be granted" and Statute of Limitations arguments.

**DEFENDANT'S F.R.C.P 12(b)6 MOTION: "FAILURE TO STATE A CLAIM…"**

As stated in Plaintiff's Notice to Clerk of Clerical Error (Docket #58) of March 2, 2011:

    Plaintiff filed a Complaint in the U.S. District Court for the Central District of California as Cause #8:10-CV-01692-JVS(AGR) on November 4, 2010 (see Docket Item #1). Plaintiff filed a First Amended Complaint on December 7, 2010 (see Docket Item #6).
    In entering Plaintiff's First Amended Complaint as Docket Item #6, the Clerk of the U.S. District Court for the Central District of California failed to scan pages 41, 42, and 43 of the filed document. These pages contain the last part of Count XXXIX, all of

Count XL, all of Count XLI, all of V. Conclusion, and the first part of VI. Damages. Notably, the missing pages plead Plaintiff's damages, including both monetary damages and request for retraction of false and defamatory statements that have damaged Plaintiff's reputation and may continue to damage Plaintiff's reputation in the future. ...

On December 27, 2010, United States District Judge James V. Selena filed an Order Transferring Case to the U.S. District Court for the Northern District of Texas (see Docket Item #7). The case was electronically transferred to the U.S. District Court for the Northern District of Texas on December 29, 2010 as Cause #3:10-CV-02646-N-BK (see Docket Item #8). ...

On February 2, 2011, Clerk of the U.S. District Court for the Central District of California filed Notice of Clerical Error, which includes Plaintiff's entire First Amended Complaint, and is available on the Docket Sheet of the U.S. District Court for the Central District of California.

However, a second error occurred when the Clerk of the U.S. District Court for the Central District of California failed to forward their Notice of Clerical Error filed to the U.S. District Court for the Northern District of Texas, where the case had been transferred. ...

Notably, although there was a clerical error in scanning Plaintiff's First Amended Complaint filed in the U.S. District Court for the Central District of California found by the Plaintiff, and a second error when the Notice of Clerical Error was not transferred by them to the U.S. District Court for the Northern District of Texas, all parties were properly served by Plaintiff with the complete First Amended Complaint as is required.

The complete Plaintiff's First Amended Complaint, including Plaintiff's claims for damages and requested relief, as filed in the U.S. District Court for the Central District of California and served upon Defendants can now be found at the U.S. District Court for the Northern District of Texas in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error."

### DEFENDANT'S F.R.C.P 12(b)6 MOTION: "... UPON WHICH RELIEF MAY BE GRANTED"

The U.S. Supreme Court recently addressed the requirements to survive a FRCP 12(b)6 motion in *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007):

> This case presents the antecedent question of what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the

grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). **While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,** ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), **a plaintiff's obligation to provide the *1965 "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do,** see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). **Factual allegations must be enough to raise a right to relief above the speculative level,** see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), [FN3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

The new *Bell Atlantic Corp. v. Twombly, supra* standard was summarized by one writer as meaning **"The Court held that complaints must now state enough facts to make it plausible that the plaintiff is entitled to relief."**

At the same time, was held in *Haines v. Kerner et al.,* 404 U.S. 509 (1972) that **pro se Plaintiffs should be allowed the opportunity to offer proof of government wrongdoing in defending against a F.R.C.P. 12(b)6 motion by a government entity, even if they initially fail to plead such evidence initially in their Complaint.**

In practice, in responding to a F.R.C.P. 12(b)6 motion by government entity defendants, it has been suggested that a plaintiff may find it useful to try to overcome the presumption that the government is always right by demonstrating clear evidence of wrong doing by the government in the complaint or response in order to justify the costs of discovery to the Court, thus front-loading the production of such evidence to the extent possible.

### PLAINTIFF'S EVIDENCE OF WRONGDOING BY DEFENDANTS CITY OF DALLAS, RONALD M. HUBNER AND LOUIS CANALES:

As generally described in Plaintiff's First Amended Complaint as corrected in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error" on page 5 lines 3-7, 13-16 and page 7 lines 8-17, Louis Canales (8) and Ronald M. Hubner (9) made an arrest/hold of Plaintiff on October 17, 2006 without a warrant and without a probable cause. This resulted in Plaintiff's 42.U.S.C. 1983 deprivation of rights under color of law, namely, Plaintiff's incarceration in the Dallas County Jail for 78 days.

### JAMES SCHULTZ REQUESTED PLAINTIFF'S "WARRANTLESS ARREST" AND LOUIS CANALES AND RONALD M. HUBNER COMPLIED:

Plaintiff proffers the police report of Fruitport Township (4) James Schultz (5) dated September 13, 2006 for incident 2006-004326-I 2006 "page 36" (Appendix to Plaintiff's First Supplemental Response to Defendants Hubner and Canales' Motion to Dismiss Under Rule 12(b)6 and Brief in Support, herein referred to as "Appendix", Item A.1) While Plaintiff cannot authenticate these documents directly, no municipality in the U.S. is likely to credibly deny the validity of their own police reports in the face of potential cross-examination.

James Schultz's (5) report in Appendix A.1 states:

> "At that point, Ofc. Canales wanted to know about the status of Barbara Altemeier. At 1518hrs, I was advised that she was not arrested and based upon the statements that I had just received from Ofc. Canales and Ofc. Bartek, I advised them that I wanted her arrested. **I advised Ofc. Canales that I would like them to make a warrantless arrest on Barbara Altemeier for her part in the embezzlements.** Ofc. Canales then took Barbara into physical custody and **I advised them that I would contact the Muskegon Co. Pros. Office and obtain a warrant.** Ofc Canales further stated that he would call me back shortly after taking care of the arrest."

This is supported by Appendix Item A.2, Dallas (2) Police Department Arrest Report 06-

4

0058323, which states **"CHG" "HOLD" "DESCRIPTION" "01MICHIGAN 1@NO BOND"**. This arrest report gives no warrant number.

This is further supported by Appendix Item A.3, Dallas County (1) Jail booking sheet 06085892, which states **"Hold Fruitport Michigan"** and gives no warrant number.

The "warrantless arrest"/hold of Plaintiff by Defendants Ronald M. Hubner (9) and Louis Canales (8) on October 17, 2006 at the request of Fruitport Township (4) James Schultz (5) resulted in Plaintiff's 42.U.S.C. 1983 deprivation of rights under color of law, namely, Plaintiff's incarceration in the Dallas County Jail for 78 days.

These actions by Defendants Ronald M. Hubner (9) and Louis Canales (8) violated Plaintiff's right to be secure in her person under the 4th amendment of the U.S. Constitution; and the due process clause of the 5th Amendment to the U.S. Constitution; and the equal protection clause of the 14th Amendment of the U.S. Constitution.

## THERE IS NO STATUTE OF LIMITATIONS ON A TITLE 42 U.S.C. §§ 1983, 1985 (3); TORT ACTION; TITLE 28 U.S.C. §§ 1331, 1332, 1343, 1367.

This case is a Federal civil rights lawsuit, which has no statute of limitations. The legal principle governing that is where there is no specific statute stating a statute of limitations, it is to the exclusion of all other statute of limitations. Defendants cannot borrow a statute of limitations from another statute of limitations period. Therefore, their action is not time-barred.

Section 1983 whether in a State Court or Federal Court contains no statute of limitations. The general or residual limitations period in the state in which the claim is filed controls. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). For instance, in the state case (Missouri), the statute of limitations for Section 1983 suits is five years. <u>Sulik v. Taney County, Mo.</u>, 393 F.3d 765 (8th Cir. 2005).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007) (emphasis by the Court).

The Supreme Court has generally referred to state law on the issue of statute of limitations tolling. Wallace v. Kato, supra.

### SUMMARY:

Plaintiff herein proffers clear evidence of wrongdoing against government defendants Defendants Ronald M. Hubner (9) and Louis Canales (8) in response to their F.R.C.P 12(b)6 Motion. Plaintiff asserts that TITLE 42 U.S.C. §§ 1983 Civil Rights claims have no statute of limitations.

THEREFORE, IT IS Prayed that Defendants Hubner and Canales' Motion to Dismiss Under Rule 12(b)(6) and Brief in Support be denied and that discovery be allowed to proceed.

Respectively submitted,

*[signature]*

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California 92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's First Supplemental Response to Defendants Hubner and Canales' Motion to Dismiss Under Rule 12(b)(6) and Brief in Support is true and correct to the best of my knowledge and belief.

Witness my hand and seal this _14_ day of March, 2011.

_____
Barbara Jeanne Altemeier

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Plaintiff's First Supplemental Response to Defendants Hubner and Canales' Motion to Dismiss Under Rule 12(b)(6) and Brief in Support was sent by First Class Mail on the _14_ day of March, 2011 to the Defendants below.

_____
Barbara Jeanne Altemeier

J G Schuette
James Carroll Butt
Dallas City Attorney's Office
1500 Marilla Street
7th Floor
Dallas, TX 75201

7



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § § | |
| PLAINTIFF, | § § | |
| v. | § | No. 3:10-CV-02646-N (BK) |
| DALLAS COUNTY, TEXAS (1); et al., | § § | |
| DEFENDANTS. | § § | |

### APPENDIX TO
### PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO
### DEFENDANTS HUBNER AND CANALES'
### MOTION TO DISMISS UNDER RULE 12(b)6 AND BRIEF IN SUPPORT

A. Evidence that Fruitport Township (4) James Schultz (5) asked City of Dallas (2) Louis Canales (8) and Ronald M. Hubner (9) to perform a "warrantless arrest" of Plaintiff and they complied, as referred to in the First Amended Complaint (pages 5 lines 3-7, 13-25, page 7 lines 8-10).

A.1  Schultz police report "warrantless arrest"  page  2.

   Fruitport Township (4) James Schultz (5) Police Report dated September 13, 2006 for incident 2006-004326-I page 36, reporting on 10-17-06 in paragraph 4:

   **"I advised Ofc. Canales that I would like them to make a warrantless arrest on Barbara Altemeier for her part in the embezzlements. Ofc Canales then took Barbara into physical custody and I advised them that I would contact the Muskegon Co. Pros. Office and obtain a warrant."**

A.2  City of Dallas police report—no warrant number  page  3.

   City of Dallas (2) Police Department Arrest Report 06-0058323, printed 03/30/10; warrant number—**no warrant number**.

A.3  Dallas County Jail booking sheet—no warrant number  page  4.

   Dallas County (1) Jail Booking Sheet 06085892—**no warrant number**.

Verification  page  5.

Certificate of Service  pages  5.

1

| Continued | FRUITPORT POLICE DEPARTMENT | | 2006-004326-I |
|---|---|---|---|
| Incident No 2006-004326-I | Date & Time Rept 09/13/2006 20:01 | Offense: 99003 MISSING PERSONS | |

**S U P P L E M E N T**

of the forms and he stated that he would continue to tell Barbara that he was having trouble with his fax machine. Sisson again stated that he thought it was odd that Barbara was calling making the transfer requests on Alan and Leland's Davis's accounts.

ARRESTS BY DALLAS P.D:

On 10-17-06 at 1448hrs, I received a cell phone call from Ofc. Bartek of the Richardson P.D in Texas. I was advised that Dallas Police Department officers had Alan Davis in custody and were detaining Barbara Altemeier at the pharmacy. I was further advised that Barbara and Alan Davis had driven to the pharmacy in a blue Blazer matching the description of Alan Davis's vehicle. I was further advised by Ofc. Bartek that while Alan Davis was in custody, he made the admissions that he and Barbara had "power of attorney" over Leland Davis. Ofc. Bartek advised that she would help investigate the scene and then call me back with more information as there was a lot going on.

CONTACT WITH OFC. LOUIS CANALES-DALLAS P.D.:

On 10-17-06 at 1505hrs, I received a cellular phone call from Dallas P.D. officer Louis Canales. Ofc. Canales confirmed to me that they had Alan Davis is custody and had found Leland Davis in a nearby hotel room. Ofc. Canales advised that Leland Davis was alive in the hotel room, and he had an opportunity to talk to him briefly. Ofc. Canales advised that Leland Davis told him that he felt as thought he had been taken advantage of by Barbara Altemeier. In further observations, Ofc. Canales stated that Leland Davis had bruising around his ankles and legs. I was then advised that Leland Davis seemed "out of it" and spoke very little. Ofc. Canales did state that Leland Davis advised him that he wasn't allowed to contact anyone, but was made to go and see a doctor he didn't want too.

At that point, Ofc. Canales wanted to know about the status of Barbara Altemeier. At 1518hrs, I was advised that she was not arrested and based upon the statements that I had just received from Ofc. Canales and Ofc. Bartek, I advised them that I wanted her arrested. I advised Ofc. Canales that I would like them to make a warrantless arrest on Barbara Altemeier for her part in the embezzlements. Ofc. Canales then took Barbara into physical custody and I advised them that I would contact the Muskegon Co. Pros. Office and obtain a warrant. Ofc. Canales further stated that he would call me back shortly after taking care of the arrest.

FURTHER INVESTIGATION:

On 10-17-06 at approximately 1537hrs, I received another phone call

```
*********************************************************************************
03/30/10   1457              DALLAS POLICE DEPARTMENT                    PAGE    1
*********************************************************************************
                              ARREST REPORT  06-0058323
*************************** ARRESTED PERSON  ************************************
ARRESTED PERSON(L,F,M):ALTEMEIER,BARBRA,J              HOME ZIP CODE: 92844
ADR-HOME:13861     VOCKEY          APT:      CITY:GARDENGR   STATE:CA  BT:OV
ADR-ARST:08200              ABRAMSRD         A:           CTY:DALLAS  ST:TX  BT:253
RACE:W SEX:F AGE:55 DOB:█████    HT:506 WT:145 HAIR:BLON EYES:BLUE LOC:LS

*****************************    CHARGES    ************************************
ARST OFCR 1:5409 CANALES            ELEM:       ARREST DATE:101706 TIME:1500
ARST OFCR 2:8737 HUBNER,RONALD M        3:
DISPOSITION:*** ARRESTEE RELEASED  10/17/06   AT 1944  BY 3137 ***
DIV  CHG  TYPE   DESCRIPTION              CLS  UCR    PEN CD   SERVICE # RCDE
01   V HOLD  I   01MICHIGAN 1@NO BOND          45                         TRCO


********************** ARRESTED PERSON INFORMATION ******************************
IDENT #:            PLACE OF BIRTH:                     NICKNAME:
DESCRIBE ARREST PREMISES:              OFFENSE PREMISES:
SOC SEC#:          FPC HENRY:                    FBI:
ARREST HOW:          SOBER:      DRINKING:       RESIST ARREST:
DRUG USER:   TYPE:          WEAPON TYPE:                       ARMED:
ALIAS NAME 1   (L,F,M):
ALIAS NAME 2   (L,F,M):
EMPLOYER:                   JOB/SCHOOL STAT:   OCCUPATION:
PH-BUS:           HOME:            DL#:                  ST:    TYPE:
********************** VEHICLE & PROPERTY INFORMATION ***************************
VEHICLE:  LOC:          PROP: LOC:                   TAG#:
TRANSPORT OFCR:         BKNG OFCR:        SEARCHING OFCR:
CONDITION:              MED TREATMENT:              LOCATION:
COMMENTS:                              TRANSFER FROM:         BEAT:
*********************** NOTIFICATION INFORMATION ********************************
DSO#:       FBI#:        DPS#:           RGN#:          NCIC#:
ACCOMPLICE ARST INF:HOLD FOR:     BY:
*************************************************        RIGHT THUMB PRINT
SCARS:                              MISSING BODY PARTS:
OTHER FEATURES:
MOUSTACHE/TATTOOS:
                           ***  END OF REPORT  ***
```

3

# BOOKING INFORMATION
## DALLAS COUNTY JAIL

| NAME: (LA... ...IDDLE) | | TRN# |
|---|---|---|
| ALTMEIER, BARBARA, JEANNE | | |

| *ALIAS NAMES | *RACE | *SEX | *DOB |
|---|---|---|---|
| 92844 | W | F | |

| *ADDRESS APT# CITY STATE ZIP | *HT | *WT | *HAIR | *EYES | *SKIN TONE |
|---|---|---|---|---|---|
| 13861 YOCKEY ST. GARDEN GROVE CA | 5'6 | 145 | BLND | BLUE | FAIR |

| P.O.B. | CITIZENSHIP | SCARS / MARKS / TATTOOS / AMPUTATIONS |
|---|---|---|
| | US | NONE |

| SOCIAL SECURITY # | DRIVER'S LICENSE # | I.D. CARD # | STATE | TYPE |
|---|---|---|---|---|
| | | | CA | DL |

| SPECIAL EVENT ARREST? YES (NO) TYPE: | *ARRESTING AGENCY | ORI # |
|---|---|---|
| | Dallas Police Dept | TXDPD0000 |

| *ARRESTING/TRANSPORTING OFFICERS | ARREST: DATE/TIME | FIREARM CODE |
|---|---|---|
| Hubner 8731 | 10/17/06 3:00PM | NONE |

| MARITAL STATUS: M (S) W D | IN DALLAS COUNTY JAIL BEFORE? YES (NO) | MEDICAL PROBLEMS: (YES) NO WHAT? AUTONOMIC NERVOUS SYSTEM DYSFUNCTION HEART MURMUR |
|---|---|---|

| MISC. #'S 1: 2: 788838-R | *PLACE OF ARREST 8220 ABRAMS RD |
|---|---|

| VEH. YEAR/MAKE CHEVY BLAZER 85 Ford Explorer | LIC. PLATE # | REG. STATE TX | REG. YEAR 07 |
|---|---|---|---|

| VEHICLE STORED AT: 1955 VILBIG ST. (DALLAS COWBOYS) | TRANSPORT HAZARD MATERIALS? YES (NO) | OPER. COM. VEHICLE? YES (NO) |
|---|---|---|

| *OCCUPATION | EMPLOYER | ADDRESS CITY STATE ZIP | *PHONE |
|---|---|---|---|
| UNEMP | | | |

| *EMERGENCY CONTACT: | | RELATIONSHIP |
|---|---|---|
| | Female | |

| *ADDRESS CITY STATE ZIP | *PHONE |
|---|---|

*DOES THIS ARREST STEM FROM FAMILY VIOLENCE OR HARASSMENT? YES (NO)
*VICTIM'S NAME: PHONE # OR ADDRESS:

| PRISONER MONEY COUNT: | PRISONER ACKNOWLEDGMENT OF MONEY COUNT: |
|---|---|

| *SEARCH-IN OFFICER & I.D. # | *DATE | TIME |
|---|---|---|

| CHARGE (INCLUDE H/F) | LEVEL AND DEGREE | STATUTE CITATION AND OFFENSE CODE | WARRANT # | DOMESTIC/FAMILY VIOLENCE YES OR NO |
|---|---|---|---|---|
| Hold Fruitport Michigan | | | | |

REV. 8/02

4

Respectively submitted,

*[signature: Barbara Jeanne Altemeier]*

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California 92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Appendix to Plaintiff's First Supplemental Response to Defendants Hubner and Canales' Motion to Dismiss Under Rule 12(b)6 and Brief in Support is true and correct to the best of my knowledge and belief.

Witness my hand and seal this __14__ day of March, 2011.

*[signature]*
Barbara Jeanne Altemeier

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Appendix to Plaintiff's First Supplemental Response to Defendants Hubner and Canales' Motion to Dismiss Under Rule 12(b)6 and Brief in Support was sent by First Class Mail on the __14__ day of March, 2011 to the Defendants below.

*[signature]*
Barbara Jeanne Altemeier

J G Schuette
James Carroll Butt
Dallas City Attorney's Office
1500 Marilla Street
7th Floor
Dallas, TX 75201