IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | No. 3:10-CV-02646-N (BK) |
| PLAINTIFF, | § | |
| v. | § | |
| DALLAS COUNTY, TEXAS (1); | § | |
| CITY OF DALLAS, TEXAS (2); | § | |
| MUSKEGON COUNTY, MICHIGAN (3); | § | FIRST AMENDED PLAINTIFF'S RESPONSE TO DEFENDANTS, FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S, MOTION TO DISMISS PERSUANT TO FED. R. CIV. P. 12(b)6 AND 12(c) |
| FRUITPORT TOWNSHIP, MICHIGAN (4); | § | |
| JAMES SCHULTZ (5); | § | |
| TONY TAGUE (6); | § | |
| DALE J. HILSON (7); | § | |
| LOUIS CANALES (8); | § | |
| RONALD M. HUBNER (9); | § | |
| DANIEL DOWNS (10); | § | |
| RONALD ANDERSON (11); | § | |
| LUPE VALDEZ (12); | § | |
| PARKLAND HEALTH & HOSPITAL SYSTEM AUXILIARY/AKA PARKLAND MEMORIAL HOSPITAL (13); and | § | |
| John or Jane Does (14-23), | § | |
| DEFENDANTS. | § | |

**FIRST AMENDED PLAINTIFF'S RESPONSE TO DEFENDANTS, FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S, MOTION TO DISMISS PERSUANT TO FED. R. CIV. P. 12(b)6 AND 12(c)**

NOW COMES Barbara Jeanne Altemeier, Plaintiff, to file this First Amended Plaintiff's Response to Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)6 and 12(c) and would show the Court the following to wit:

Plaintiff herein addresses Defendant Fruitport Township (4) and James Schultz's (5) F.R.C.P 12(b)6 Motion to Dismiss for "failure to state a claim upon which relief can be granted", F.R.C.P 12(c) Motion for Judgment on the Pleadings and Statute of Limitations arguments.

1

**DEFENDANT'S F.R.C.P 12(b)6 MOTION: "FAILURE TO STATE A CLAIM…"**

As stated in Plaintiff's Notice to Clerk of Clerical Error (Docket Item 58) dated March 2, 2011:

> Plaintiff filed a Complaint in the U.S. District Court for the Central District of California as Cause #8:10-CV-01692-JVS(AGR) on November 4, 2010 (see Docket Item #1). Plaintiff filed a First Amended Complaint on December 7, 2010 (see Docket Item #6).
> In entering Plaintiff's First Amended Complaint as Docket Item #6, the Clerk of the U.S. District Court for the Central District of California failed to scan pages 41, 42, and 43 of the filed document. These pages contain the last part of Count XXXIX, all of Count XL, all of Count XLI, all of V. Conclusion, and the first part of VI. Damages. Notably, the missing pages plead Plaintiff's damages, including both monetary damages and request for retraction of false and defamatory statements that have damaged Plaintiff's reputation and may continue to damage Plaintiff's reputation in the future. …
> On December 27, 2010, United States District Judge James V. Selena filed an Order Transferring Case to the U.S. District Court for the Northern District of Texas (see Docket Item #7). The case was electronically transferred to the U.S. District Court for the Northern District of Texas on December 29, 2010 as Cause #3:10-CV-02646-N-BK (see Docket Item #8). …
> On February 2, 2011, Clerk of the U.S. District Court for the Central District of California filed Notice of Clerical Error, which includes Plaintiff's entire First Amended Complaint, and is available on the Docket Sheet of the U.S. District Court for the Central District of California.
> However, a second error occurred when the Clerk of the U.S. District Court for the Central District of California failed to forward their Notice of Clerical Error filed to the U.S. District Court for the Northern District of Texas, where the case had been transferred. …
> Notably, although there was a clerical error in scanning Plaintiff's First Amended Complaint filed in the U.S. District Court for the Central District of California found by the Plaintiff, and a second error when the Notice of Clerical Error was not transferred by them to the U.S. District Court for the Northern District of Texas, all parties were properly served by Plaintiff with the complete First Amended Complaint as is required.

The complete Plaintiff's First Amended Complaint, including Plaintiff's claims for damages and requested relief, as filed in the U.S. District Court for the Central District of California and served upon Defendants can now be found at the U.S. District Court for the Northern District of Texas in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error."

## DEFENDANT'S F.R.C.P 12(b)6 MOTION: "... UPON WHICH RELIEF MAY BE GRANTED"

The U.S. Supreme Court recently addressed the requirements to survive a FRCP 12(b)6 motion in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007):

> This case presents the antecedent question of what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). **While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,** ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), **a plaintiff's obligation to provide the *1965 "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do,** see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). **Factual allegations must be enough to raise a right to relief above the speculative level,** see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), [FN3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

The new *Bell Atlantic Corp. v. Twombly, supra* standard was summarized by one writer as meaning **"The Court held that complaints must now state enough facts to make it plausible that the plaintiff is entitled to relief."**

At the same time, was held in *Haines v. Kerner et al.*, 404 U.S. 509 (1972) that **pro se Plaintiffs should be allowed the opportunity to offer proof of government wrongdoing in defending against a F.R.C.P. 12(b)6 motion by a government entity, even if they initially**

**fail to plead such evidence initially in their Complaint.**

In practice, in responding to a F.R.C.P. 12(b)6 motion by government entity defendants, it has been suggested that a plaintiff may find it useful to try to overcome the presumption that the government is always right by demonstrating clear evidence of wrong doing by the government in the complaint or response in order to justify the costs of discovery to the Court, thus front-loading the production of such evidence to the extent possible.

### PLAINTIFF'S EVIDENCE OF WRONGDOING BY DEFENDANTS FRUITPORT TOWNSHIP AND JAMES SCHULTZ:

As generally described in Plaintiff's First Amended Complaint as corrected in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error", page 5 lines 3-25, page 6 line 1, Fruitport Township (4) James Schultz (5) made a number of allegations and swore two affidavits alleging crimes by Plaintiff, resulting in Plaintiff's incarceration in the Dallas County Jail for 78 days. Plaintiff now shows evidence of wrongdoing by Fruitport Township (4) and James Schultz (5) in requesting a "warrantless arrest"/hold and perjury.

### JAMES SCHULTZ REQUESTED PLAINTIFF'S "WARRANTLESS ARREST"

Plaintiff proffers the police report of Fruitport Township (4) James Schultz (5) dated September 13, 2006 for incident 2006-004326-I 2006 "page 36". (Appendix to Plaintiff's Responses to Defendants Motions to Dismiss Persuant to F.R.C.P. 12(b)6, herein referred to as "Appendix", Item A.1) While Plaintiff cannot authenticate these documents directly, no municipality in the U.S. is likely to credibly deny the validity of their own police reports in the face of potential cross-examination.

James Schultz (5) requested the arrest/hold of Plaintiff without a warrant and without

probable cause, thus violating her civil rights. Exhibits A.1 – A.3 show that there was an illegal warrantless arrest/hold, as referred to in Plaintiff's Corrected First Amended Complaint (page 5, lines 3-7, 13-25; page 7 lines 8-10). James Schultz's (5) report in Appendix A.1 states:

> "At that point, Ofc. Canales wanted to know about the status of Barbara Altemeier. At 1518hrs, I was advised that she was not arrested and based upon the statements that I had just received from Ofc. Canales and Ofc. Bartek, I advised them that I wanted her arrested. **I advised Ofc. Canales that I would like them to make a warrantless arrest on Barbara Altemeier for her part in the embezzlements.** Ofc. Canales then took Barbara into physical custody and **I advised them that I would contact the Muskegon Co. Pros. Office and obtain a warrant.** Ofc Canales further stated that he would call me back shortly after taking care of the arrest."

This is supported by Appendix Item A.2, Dallas (2) Police Department Arrest Report 06-0058323, which states **"CHG" "HOLD" "DESCRIPTION" "01MICHIGAN 1@NO BOND"**. This arrest report gives no warrant number. This is further supported by Appendix Item A.3, Dallas County (1) Jail booking sheet 06085892, which states **"Hold Fruitport Michigan"** and gives no warrant number.

The "warrantless arrest"/hold of Plaintiff on October 17, 2006 at the request of Fruitport Township (4) James Schultz (5) resulted in Plaintiff's 42.U.S.C. 1983 deprivation of rights under color of law, namely, Plaintiff's incarceration in the Dallas County Jail for 78 days. This violated Plaintiff's right to be secure in her person under the 4th amendment of the U.S. Constitution; and the due process clause of the 5th Amendment to the U.S. Constitution; and the equal protection clause of the 14th Amendment of the U.S. Constitution.

### EVIDENCE OF PERJURY BY FRUITPORT TOWNSHIP JAMES SCHULTZ:

**Evidence Relating to Uncompleted Wire Transfer Through Banker's Bank of the West:**

In Appendix B1 is evidential proof that James Schultz (5) on 10-24-06 in a sworn

affidavit stated"

"... on 9/13/06, Leland was than [SIC] driven by Ms. Altemeier, against his will, from Battle Creek to Neosho, Missouri, where Ms. Altemeier forced Leland into a credit union **in an attempt to transfer money from an account in Leland's name to a separate account set up at a bank not authorized, consented to,** or recognized **by Leland.**"

**Plaintiff affirms that Leland E. Davis was never forced against his will into the First Federal Credit Union in Neosho, MO.**

Evidential proof that James Schultz (5) committed perjury is in Appendix B.8. In fact James Schultz (5) confirmed/knew Leland E. Davis in fact had a bank account in the First State Bank, in Guernsey, WY. He had this information BEFORE Plaintiff was arrested. The accuracy of the uncompleted wire transfer form (Appendix B.3) is proven by the supporting evidential proof in Appendix B.4 showing the correct way to do a wire transfer to Leland's First State Bank account in Guernsey, WY, and proving the wire transfer form was done correctly to transfer money to Leland's own bank account in the First State Bank, Guernsey, WY. **This proves that there was no "attempt to transfer Leland's funds to an account of a bank not authorized, consented to" by Leland. Therefore, James Schultz (5) sworn statement** "... an attempt to transfer money from an account in Leland's name to a separate account set up at a bank not authorized, consented to, ... by Leland..." **is perjury.**

As generally described in Plaintiff's First Amended Complaint as corrected in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error", page 5 lines 11-13, 19-21), Fruitport Township (4) James Schultz (5) "created a chain of false evidence to prove a non-existent crime."

**Explanation of the Documents in Appendix B relating to the uncompleted wire transfer:**

B.3 Wire Transfer Form:

1. Note at the top of the page in the fax line it says "Service 1". This is the Service 1 Federal

Credit Union where Leland E. Davis had an account on 9-15-06.

2) Notice on the top of the form is handwritten "Judy", & to the side of the form is handwritten "Per Judy". "Judy" may have filled out the form. Notice how the "d" in "Per Judy" is curved. The "d" in Wheatland is curved the same way. **Plaintiff affirms the handwriting on the form is not the handwriting of Plaintiff.**

3) The typed heading says "Wire Transfer Request"

4) "Amount of Wire _____" is blank.

5) "Receiving Financial Institution: Bankers Bank of the West": This is the correspondant bank, which services only small community banks. A Bankers Bank is a clearing house of sorts. The Bankers Bank of the West services about 500 small banks. Moneys are first wired to this clearing house and then are sorted, then deposited in the particular small bank's account in the Bankers Bank of the West. The First State Bank, Guernsey WY is one of the small banks that has an account at Bankers Bank of the West. Once money is deposited in the small bank's account, it then continues on to the private individual's account located within the small bank, in this case, the account of Leland E. Davis. Proof is in Appendix B.4 and B.5.

6) "Phone # (if applicable): 307-836-2152": This is the telephone number of the First State Bank, Guernsey, WY. This is where Leland E. Davis had a bank account. Proof is in Appendix B.4 and B.7.

7) "Receiving ABA: 102003743": This is the ABA Routing Number for the Bankers Bank of the West. Proof is in Appendix B.4.

8) "Beneficiary's Financial Institution (if applicable) First State Bank of Wheatland." **The First State Bank owns an account in the name of "First State Bank of Wheatland" at the Banker's Bank of the West.** The First State Bank is where Leland E. Davis had a bank

7

account. Proof is in Appendix B.4 and B.8.

9) "Beneficiary's Financial Institution Account # (if applicable) 1000950": **The First State Bank owns account number 1000950 at the Banker's Bank of the West.** Proof is in Appendix B.4.

10) "Name of person to wire funds to: Leland E. Davis".

11) "Account number: 0301280": This was the bank account number for Leland E. Davis located in the First State Bank in Guernsey, WY.

12) "Account Owner Signature _____": line is blank.

13) "Account Number: 718641" Plaintiff believes this account number was Leland E. Davis's account in Service 1 Federal Credit Union, in Muskegon, MI. This wire transfer form was filled out at the branch in Neosho, MO.

14. "Daytime Phone Number: Cell 702-241-xxxx Barbara will give to him": This was Plaintiff's Cell Phone Number, as Leland Earnest Davis did not have one, and the Service 1 Federal Credit Union wanted a contact telephone number for him, and since Leland E. Davis was traveling with Plaintiff, the credit union used it as a contact number.

B4. Wire Transfer Instructions into First State Bank, dated March 11, 2010. Secure email from Michelle Struble, Assistant Vice President, First State Bank-Guernsey **showing proof of the accuracy of the uncompleted wire transfer request form.**

B.5. Wikipedia entry for "Bankers' Bank" demonstrating that they "may provide services only to community banks".

B.6. Web page for Service 1 Federal Credit Union Neosho, MO branch, www.service1fcu.com/neosho.php .

B.7. Web page for First State Bank, Guernsey, WY, www.fsbwy.com/2723/mirror/a_locations.htm.

B.2. Fruitport Township (4) James Schultz (5) Police Report for incident 2006-004326-I of September 13, 2006, printed 10/24/2006, pages 25, 26.

Notice that James Schultz's (5) report states: "Tibault was very helpful and at 1515hrs, I received a facimilie [SIC] transaction from Tibault of the original document that Altemeier tried to turn into the branch in Neosho Missouri." Proof of this is the copy of the wire transfer form (Appendix B.2). Notice in this same police report on page 25 beginning at: "on 10-16-06 at 1515hrs ..." The only notes James Schultz (5) mentions regarding the "wire transfer request" are

1. "Banker's Bank of the West",

2. "Phone number 307-836-2152"—which is in fact to the First State Bank of Wheatland in Guernsey, WY—proof of this phone number is found in Appendix B.4, and B.7.

3. "receiving account number to be 102003743". Appendix B.4 proves this is the correct routing number for Banker's Bank of the West.

4. "I noted that the funds were to be received in the name of Leland E. Davis, I did further note that there were no signatures or dollar amounts entered on this form." **James Schultz (5) fails to note all the rest of the pertinent and vital information contained on this "wire transfer request," thereby intentionally causing errors of omission, which taint his police report.**

5. He continues: "On 10-16-06 at approximately 1530hrs, I called the Bankers Bank of the West. I spoke to a female on the other end and ID myself." **This statement in James Schultz's (5) police report is definitely an intentional fraud** due to the fact that when the telephone number of 307-836-2152 is answered at the First State Bank in Guernsey, WY, they answer "First State Bank." Thus, there is no way to think that this telephone number is to the Banker's Bank of the West, which is located in Denver. Proof of this is in Appendix B.4.

**The Effect of James Schultz's Perjury over the Uncompleted Wire Transfer:**

In summary, the face of the uncompleted "wire transfer request" demonstrates that Leland Earnest Davis requested a wire transfer from a credit union where he had an account to a bank where he had an account. Based on this request form, Fruitport Township (4) James Schultz (5) then perjured himself by swearing a false affidavit on 10/24/2006 which stated that Plaintiff "forced Leland into a credit union in an attempt to transfer money from an account in Leland's name to a separate account set up at a bank not authorized, consented to, or recognized by Leland", when James Schultz's (5) own reports demonstrate that James Schultz (5) confirmed/knew that Leland had accounts at both those financial institutions. James Schultz (5) then used this perjured affidavit, in addition to his tainted police reports, to substantiate his false accusations of embezzlement against Plaintiff, which resulted in her incarceration in the Dallas County Jail for 78 days.

The above actions by Fruitport Township (4) James Schultz(5) violated Plaintiff's right to be secure in her person under the 4th amendment of the U.S. Constitution; and the due process clause of the 5th Amendment to the U.S. Constitution; and the equal protection clause of the 14th Amendment of the U.S. Constitution.

**THERE IS NO STATUTE OF LIMITATIONS ON A TITLE 42 U.S.C. §§ 1983, 1985 (3); TORT ACTION; TITLE 28 U.S.C. §§ 1331, 1332, 1343, 1367.**

This case is a Federal civil rights lawsuit, which has no statute of limitations. The legal principle governing that is where there is no specific statute stating a statute of limitations, it is to the exclusion of all other statute of limitations. Defendants cannot borrow a statute of limitations from another statute of limitations period. Therefore, their action is not time-barred.

Section 1983 whether in a State Court or Federal Court contains no statute of limitations. The general or residual limitations period in the state in which the claim is filed controls. <u>Wilson</u>

v. Garcia, 471 U.S. 261 (1985). For instance, in the state case (Missouri), the statute of limitations for Section 1983 suits is five years. Sulik v. Taney County, Mo., 393 F.3d 765 (8th Cir. 2005).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007) (emphasis by the Court).

The Supreme Court has generally referred to state law on the issue of statute of limitations tolling. Wallace v. Kato, supra.

### THERE ARE NO STATUTE OF LIMITATIONS ON PLEAS FOR INJUNCTIVE RELIEF TO PREVENT FUTURE HARM:

There are no statute of limitations on pleas for injunctive relief to prevent future harm, such as may result to Plaintiff from the past actions of the various Defendants. The potential for such future harm is concisely stated in Plaintiff's First Amended Complaint as corrected in Docket Item #6 under "Additional attachment(s) added on 2/28/2011 #1 Additional Page(s) Notice of Clerical Error", under "VI. Damages", page 42 line 13 to page 43 line 21.

### SUMMARY:

Plaintiff herein proffers clear evidence of wrongdoing against government defendants Fruitport Township (4), James Schultz (5) in response to their F.R.C.P 12(b)6 and 12(c) Motion.

Plaintiff asserts that TITLE 42 U.S.C. §§ 1983 Civil Rights claims have no statute of limitations. Plaintiff asserts that requests for Injunctive Relief to prevent future harm have no statute of limitations.

THEREFORE, IT IS Prayed that Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Persuant to Fed. R. Civ. P. 12(b)6 and 12(c) be denied and that discovery be allowed to proceed.

Respectively submitted,

*Barbara Jeanne Altemeier*

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California 92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing First Amended Plaintiff's Response to Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Persuant to Fed. R. Civ. P. 12(b)6 and 12(c) is true and correct to the best of my knowledge and belief.

Witness my hand and seal this __14__ day of March, 2011.

*Barbara Jeanne Altemeier*

Barbara Jeanne Altemeier

## CERTIFICATE OF SERVICE

    IT IS HEREBY Certified that a copy of the aforementioned First Amended Plaintiff's Response to Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Persuant to Fed. R. Civ. P. 12(b)6 and 12(c) was sent by First Class Mail on the 14 day of March, 2011 to the Defendants below.

_Barbara Jeanne Altemeier_ (signature)

Barbara Jeanne Altemeier

G. Gus Morris
McGraw Morris P.C.
2075 W. Big Beaver Road
Troy, Michigan 48084


J G Schuette
James Carroll Butt
Dallas City Attorney's Office
1500 Marilla Street
7th Floor
Dallas, TX 75201

