IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARBARA ALTEMEIER,           § | |
|    Plaintiff,           § | |
| § | |
| v.           § | Civil Action No. 3:10-CV-2646-N-BK |
| § | |
| DALLAS COUNTY, TEXAS, et al.           § | |
|    Defendants.           § | |

## ORDER

Pursuant to Special Order 3, this case has been referred to the undersigned for pretrial management. On February 3, 2011, Plaintiff requested clerk's entry of default as to Defendants Muskegon County, Fruitport Township, James Schultz, Dale Hilson, and Tony Tague. (Docs. 45-49). Plaintiff's requests were denied on February 15, 2011, because "defendants filed their responsive pleadings before relief was sought by the plaintiff." (unnumbered docket entry). In addition, on March 3, 2011, the Court notified Plaintiff that her request had been denied. (Doc. 59). Plaintiff now moves the Court to reconsider the denial of default. (Doc. 66).

As the Court stated in its March 3, 2011, order, entry of default is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a); *Charles L.M. v. Northeast Indep. Sch. Dist.*, 995 F.2d 222 (5th Cir. 1993) (stating default judgment is improper if a party is defending against suit). Furthermore, the lateness of a filing of an answer or motion to dismiss is irrelevant as long as defendant files an answer or otherwise defends before plaintiff moves for default. *See Dekoven v. Avengelical Press*, No. 4:98-CV-43, 1999 WL 34794967 at *4 (W.D. Mich. May 12, 1999); *see also Hudson v. State of N.C.*, 158 F.R.D. 78, 79 (E.D.N.C. October 13, 1994); *Little v. Smith*, No. 2:06-CV-65, 2007 WL 892366 at * 2 (S.D. Miss. March 21, 2007). The filing of an answer

or motion to dismiss cures a default, and thereafter entry of default is not appropriate. *See Hudson*, 158 F.R.D. at 79.

Here, all Defendants filed an answer and/or a motion to dismiss prior to Plaintiff's requests for default. (*See* Docs. 10-12, 29, 36, 43). Therefore, because Defendants appeared and were in the process of defending the case before Plaintiff moved for entry of default, an entry of default is not appropriate. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

So ORDERED on March 22, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE