UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BARBARA JEAN ALTEMEIER,

Plaintiff,

vs.

DALLAS COUNTY, TEXAS, ET AL.,

Defendants.

CASE #3:10-cv-02646-N (BK)

HON.  DAVID C. GODBEY

MAG. RENEE HARRIS TOLIVER

BARBARA JEAN ALTEMEIER, *Pro Se*
13861 Yockey Street
Garden Grove, CA  92844-2663
(714) 379-9557


TAMMY JEAN ARDOLF
Dallas County Criminal District Attorney – Federal
Attorney for Dallas County, TX, Daniel Downs and
Lupe Valdez
133 N Industrial Blvd., LB 19
Dallas, TX 75207
(214) 653-3603
tjardolf@dallascounty.org


WINSTON L. BORUM
Borum & Hancock
Attorney for Ronald Anderson and Parkland Health
and Hospital System Auxiliary
2485 Burnett Plaza
801 Cherry St Unit 14
Fort Worth, TX 76102
(817) 336-4100
borum@borumhancock.com

G. GUS MORRIS (P32960)
**McGRAW MORRIS P.C.**
Attorney for Fruitport Township and James
Schultz
2075 W. Big Beaver Road
Troy, MI  48084
(248) 502-4000 (Phone)
(248) 502-4001 (Fax)
gmorris@mcgrawmorris.com


J G SCHUETTE
JAMES CARROLL BUTT
Dallas City Attorney's Office
Attorneys for City of Dallas, TX, Louis Canales
and Ronald M. Hubner
1500 Marilla Street
7th Floor
Dallas, TX 75201
(214) 670-3519
jason.schuette@dallascityhall.com
james.butt@dallascityhall.com


RONALD G. ACHO (P23913)
Cummings, McClorey, Davis & Acho, PLC
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400

**DEFENDANTS, FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S, REPLY BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
12(b)(6) AND 12(c)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ i

1.  Plaintiff Has Not Disputed That The Statute of Limitations Has Run. .................................. 1

2.  The Warrantless Arrest of Plaintiff Did Not Violate the Fourth Amendment. ...................... 4

3.  Plaintiff's Perjury Claim Also Fails. ..................................................................................... 5

4.  The Affidavit Cannot Be Attributed to Fruitport Township .................................................. 7

5.  Conclusion. ............................................................................................................................. 8

## TABLE OF AUTHORITIES

### Cases

*Atwater v. City of Lago Vista*, 532 U.S. 318, 354; 121 S. Ct. 1536; 149 L. Ed. 2d 549 (2001) ..... 4

*Cooey v. Strickland*, 479 F.3d 412, 416, 419 (6th Cir. 2007) ....................................................... 3

*Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*,
    528 F.3d 375, 379 n. 8 (5th Cir. 2008) .................................................................................... 1

*Devenpeck v. Alford*, 543 U.S. 146, 152; 125 S. Ct. 588; 160 L. Ed. 2d 537 (2004) .................... 4

*Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) ......................................................... 4, 5

*Franks v. Delaware*, 438 U.S. 154; 98 Sct. 2674; 57 L.Ed. 2d 667 (1978) ................................ 6

*Freeman v. County of Bexar*, 210 F.3d 550, 556 (5th Cir. 2000) .................................................. 4

*Hale v. Fish*, 899 F.2d 390, 400, n. 3 (5th Cir. 1990) ................................................................ 6

*Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998) .............................................................. 1

*Meadownbriar Home for Children, Inc., v. Gunn*, 81 F.3d 521 (5th Cir. 1996) ........................... 8

*Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) ..................................................... 8

*Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005) ......................................... 1

*Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992) ............................................................ 6

*Springfield v. Kibbe*, 480 U.S. 257, 267; 94 L. Ct. 2d 293; 107 S. Ct. 1114 (1987) ............. 8

*Thompson v. Connick*, 553 F.3d 836, 848 (5th Cir. 2008)................................................................ 1

*United States v. Walker*, 960 F.3d 409, 416 (5th Cir. 1992)......................................................... 4

*Walker v. Epps*, 550 F.3d 407 (5th Cir. 2008) .......................................................................... 2, 3

*Wallace v. Kato*, 549 U.S. 384, 387; 127 S. Ct 1091; 166 L. Ed.2d 973 (2007) .......................... 2

*Wilson v. Garcia*, 471 U.S. 261; 105 S. Ct. 1938; 85 L. Ed. 2d 254 (1985) .............................. 2, 3

**Statutes**

42 U.S.C. 1983 ........................................................................................................... 1, 2, 3, 8

M.C.L. 600.5805 ................................................................................................................... 2

Tex. Civ. Prac. & Rem. Code § 16.003(a) ............................................................................. 1

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................................ 1, 8

Fed. R. Civ. P. 12(c) ........................................................................................................... 1,8

NOW COME Defendants, FRUITPORT TOWNSHIP ("Township") and JAMES SCHULTZ ("Det. Schultz"), by and through their attorneys, MCGRAW MORRIS P.C. by G. GUS MORRIS, and in support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) (Dkt. 54, filed 2/18/11), and in reply to *Plaintiff's Response to Defendants, Fruitport Township and James Schultz's, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c)* (Dkt. 60, filed 3/11/11), provide this Court with the instant reply brief.

1.   **Plaintiff Has Not Disputed That The Statute of Limitations Has Run.**

Plaintiff has attempted to argue that the statute of limitations does not apply to the instant action by claiming, without any citation to authority, that "[a]ctions under 42 U.S.C. 1983 have no statute of limitations" and that "pleas for injunctive relief to prevent future harm have no statute of limitations" (Plaintiff's Brief, p. 9). Both claims lack merit.

First, with regard to § 1983 claims in general, case law is clear that because Congress did not include a statute of limitations when enacting § 1983, federal courts "determine the statute of limitations . . . by look[ing] to the forum state's personal injury limitations period." *Thompson v. Connick*, 553 F.3d 836, 848 (5th Cir. 2008), *vacated on other grounds*, 578 F.3d 293 (5th Cir. 2009) (citing *Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir.1998)); *Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*, 528 F.3d 375, 379 n. 8 (5th Cir. 2008), citing *Price v. City of San Antonio, Tex.,* 431 F.3d 890, 892 (5th Cir. 2005) ("The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state"); *see also Wallace v. Kato*, 549 U.S. 384, 387; 127 S. Ct 1091; 166 L. Ed.2d 973 (2007). As noted in Defendants' initial brief, the applicable statute of limitations in Texas is two years. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a).[1] Because Plaintiff was

---

[1] Section 16.003(a) states:

arrested on October 16, 2006, and did not bring the instant action until November 4, 2010, it is clear that her § 1983 claims against Defendants were filed more than two years past the applicable statute of limitations.[2]

Second, with regard to injunctive relief claims under § 1983, the Fifth Circuit in *Walker v. Epps*, 550 F.3d 407 (5th Cir. 2008), relying on *Wilson v. Garcia*, 471 U.S. 261; 105 S. Ct. 1938; 85 L. Ed. 2d 254 (1985) held that a statute of limitations bar applies to claims of prospective injunctive relief, stating:

> The plaintiffs contend that their § 1983 action is not a typical tort action, but instead a suit in equity; consequently it is not subject to the statute of limitations that would otherwise apply in the usual § 1983 case. They distinguish their action by pointing out that unlike typical § 1983 cases, they seek no monetary damage.[3] Because they seek only prospective injunctive relief, they argue this court should revert to the traditional manner of judging the timeless of equitable claims – that is, the doctrine of equitable laches.
>
> * * *
>
> In short, the plaintiffs' characterize their case as equitable in nature, and contend that the statutes of limitations do not generally apply in equity.  But although the plaintiffs ably argue their case is one in equity and should be treated differently, we hold that *Wilson* commands otherwise.
>
> The Supreme Court was fully aware when it decided *Wilson* that actions seeking equitable relief only could be brought under § 1983. . . . If the Supreme Court had

---

Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, **personal injury**, forcible entry and detainer, and forcible detainer **not later than two years after the day the cause of action accrues**.

[2] Even assuming Michigan's statute of limitations somehow applied, which, as discussed in Defendants' initial brief it does not, Plaintiff's claims are still more than one year past the applicable statute of limitations.  *See* M.C.L. 600.5805(1)&(10) ("The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property").

[3] Defendants note that in the instant case, Plaintiff's First Amended Complaint seeks $4,000,000 in damages from each defendant per count (Dkt. 6, filed 12/7/10, ¶ 83).  Thus, while Plaintiff seems to be suggesting in her Response that she is seeking injunctive relief, the First Amended Complaint suggests otherwise.  In addition, given the fact specific nature of the allegations against Det. Schultz, it would be difficult, if not impossible, to remedy any injunctive relief that would apply to Plaintiff.

intended to exclude such actions from its rule, it would have explicitly stated so in *Wilson*. **It is plain, however, that the Court, in directing courts in each state to select "the one most appropriate statute of limitations for *all* § 1983 claims," made no exception in *Wilson* for § 1983 action that seek only equitable relief.** 471 U.S. at 275, 105 S. Ct. 1938 (emphasis added). Indeed, the Court was seeking to avoid the precise dispute we face here: The Court observed that if the statute depended on the particular facts or legal theory, "counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim." *Id.* at 274-75; 105 S. Ct. 1938. In the same vein, *Wilson* stressed that resolving the question of whether an action had been timely filed should be "an uncomplicated task for judges, lawyers, and litigants, rather than a source of uncertainly, and unproductive and ever-increasing litigation." *Id.* at 275; 105 S.Ct. 1938. *Wilson's* strongly expressed interests in judicial economy suggest to us a finding of no exception for actions seeking equitable relief.

In the light of such ambiguous language and the policy reasons asserted, **we read *Wilson* to compel the conclusion that an applicable statute of limitations applies with equal force to [prospective injunctive relief] actions, notwithstanding the kind of relief they request.**

\* \* \*

[A]ctions seeking only prospective injunctive relief under § 1983 were not unheard of when the Supreme Court in *Wilson* expressed itself in all-encompassing language. **Because they remain § 1983 actions, they are subject to the rules applicable to all § 1983 actions.**

*Walker, supra* at 411-414 (some citations omitted; bold added).[4]

Accordingly, while Plaintiff has claimed without any citation to authority that there is no applicable statute of limitations, case law is clear that Texas' two year statute of limitations applies to all of Plaintiff's claims, even any allegedly seeking injunctive relief. It is equally clear that Plaintiff did not comply with that statute when she filed her instant claim more than four years after her arrest.

---

[4] In addition, while the Fifth Circuit and Texas statute of limitation rules apply to this case, even assuming that the Sixth Circuit interpretation of Michigan statute of limitation rules applied, it is still clear that the statute of limitations that applies generally to § 1983 claims applies to injunctive relief claims under § 1983 as well. *See Walker v. Epps*, 550 F.3d 407, 413 (5th Cir. 2008), *citing Cooey v. Strickland*, 479 F.3d 412, 416, 419 (6th Cir. 2007) where *Walker* noted that *Cooey* "cited *Wilson* for the general rule that § 1983 actions should be in each state subject to the statute of limitations for general personal injury actions" and where the dissent never "disputed that a statute of limitations applied."

**2.**     **The Warrantless Arrest of Plaintiff Did Not Violate the Fourth Amendment.**

Even assuming that the statute of limitations does not bar Plaintiff's claims, Plaintiff's claim that that she is entitled to relief based on the fact that her arrest was made without a warrant, fails to state a claim upon which relief can be granted. A warrantless arrest does not violate the Fourth Amendment. Rather, "[a] warrantless arrest must be based on 'probable cause.'" *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009); *see also Devenpeck v. Alford*, 543 U.S. 146, 152; 125 S. Ct. 588; 160 L. Ed. 2d 537 (2004) ("a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed"). Indeed, the Fourth Amendment permits a police officer to "conduct a warrantless arrest based on probable cause that an individual has committed even a minor offense, including misdemeanors." *Deville*, *supra* at 165, *citing Atwater v. City of Lago Vista*, 532 U.S. 318, 354; 121 S. Ct. 1536; 149 L. Ed. 2d 549 (2001).

> Probable cause exists when the totality of the circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000). "**If there was probable cause for any of the charges made ... then the *arrest* was supported by probable cause, and the claim for false arrest fails.**" *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

*Deville*, *supra* at 164 (bold added).

Further, when determining whether probable cause exists to make a warrantless arrest, the probable cause determination "may rest upon the collectively knowledge of the police force if there is communication between the officers." *Freeman v. County of Bexar*, 210 F.3d 550, 556 (5th Cir. 2000), *citing United States v. Walker*, 960 F.3d 409, 416 (5th Cir. 1992).

In this regard, a review of the Det. Schultz' affidavit, contained within Plaintiff's Appendix at pp. 9-11 (Dkt. 61, filed 3/11/11) provides sufficient facts to believe that Plaintiff had committed several crimes (including other financial ones) in addition to the alleged

embezzlement Plaintiff argues did not occur in her response.  Plaintiff has not argued that

probable cause did not exist to believe those crimes had occurred.  Specifically, the affidavit

states that Plaintiff required the victim "to sign . . . a new last will and testament regarding his

assets, estate, and trust" even though he "did not wish have all his assets transferred" (Dkt. 61, p.

9, ¶ 2).  In addition, the excerpts of the ninety-two page police report Plaintiff has included in her

appendix establishes probable cause to believe that Plaintiff had physically abused and held the

victim against his will:

> Ofr. Canales advised that Leland Davis told him that he felt as though[] he had
> been taken advantage of by [Plaintiff].  In further observations, Ofc. Canales
> stated that Leland Davis **had bruising around his ankles and legs**.  I was then
> advised that Leland Davis seemed "out of it" and spoke very little.  Ofc. Canales
> did state that Leland Davis advised him that **he wasn't allowed to contact
> anyone**, but was made to go and see a doctor he didn't want to[ go see].

(Dkt. 61, p. 4).  Further, Det. Schultz' affidavit notes that family members had filed a missing

person report on September 13, 2006 (*Id.* at 10, ¶ 2).  Thus, even assuming Plaintiff is correct

that the evidence did not suggest that she had committed the crime of embezzlement with regard

to the wire transfer that was attempted to be obtained from the Bankers' Bank of the West,

nothing in Plaintiff's response creates a factual issue as to whether probable cause existed to

arrest her on other charges arising out of her control over the victim, including the probable

cause to believe that she was holding the victim against his will for the purpose of obtaining

money from him.

Accordingly, there clearly was probable cause for charges to be brought against Plaintiff

at the time Defendant Schultz ordered the warrantless arrest to be made. *Deville, supra.*

**3.     Plaintiff's Perjury Claim Also Fails.**

Plaintiff's perjury claim against Det. Shultz as it relates to the alleged perjured

information regarding the embezzlement from Bankers' Bank of the West contained in his

affidavit seeking a warrant, also fails on the merits (just as it does under the statute of limitations defense). Specifically, as noted above, Plaintiff simply "cannot claim that [Defendant Schultz] recklessly or intentionally [made a false statement or] omitted mention of material facts that were 'clearly critical' to the probable cause determination" at the time he drafted the warrant. *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992), *citing also Hale v. Fish,* 899 F.2d 390, 400, n. 3 (5th Cir. 1990) (*citing Franks v. Delaware*, 438 U.S. 154; 98 Sct. 2674; 57 L.Ed. 2d 667 (1978)). This is because even assuming the language regarding Plaintiff's interaction with Bankers' Bank of the West was false as alleged (although not established) by Plaintiff, if that portion of the affidavit is removed, it is clear that the affidavit still provided probable cause to believe Plaintiff committed several other financial and physical crimes against Leland Davis.

In this regard, Defendants note that Plaintiff has not challenged any of the following critical components of the affidavit:

1. I am a detective . . . **currently investigating the kidnap[p]ing and abuse** of Leland Davis.

2. . . . . On or about 9/12/06 Leland was taken from his home by [Plainitff] and driven to Battle Creek, Michigan; on 9/13/06, while in Battle Creek, Leland was forced to sign, by [Plaintiff], a new last will and testament regarding his assets, estate, and trust, assigning all his assets to Alan Davis...; Leland did not wish to have all his assets transferred to Alan, cutting other family and friends from his will; Leland is in the process of having a legitimate will and trust drafted within the next couple of days, voiding the one signed in Battle Creek; . . . **Leland was then transported to Texas against his will,** Leland was never allowed to use the telephone to make calls that Leland wished to make; Leland was only allowed to eat what [Plaintiff] gave to him and Leland was given unknown medications by [Plaintiff] in an attempt to control him. . .; **Leland had several credit cards opened with his financial information and in his name by [Plaintiff] without his consent; Leland was told that he was signing payment for bills when in reality he was signing wire transfer forms, and money withdrawals for [Plaintiff].** . . . To get Leland to cooperate with [Plaintiff's] wishes and requests, Leland was falsely told by [Plaintiff] **throughout his four weeks of captivity.** . . .

3.    . . . I learned that [Plaintiff] . . . and Leland were moving from hotel to hotel checking in under false names, and when authorities finally caught up to Leland he indicated that he was unaware of a lot of the events that had transpired over the last four weeks. . . .

4.    From my initial review of the accounting documents of Leland's accounts, Leland had approximately $100,000 taken from his person assets **during the four weeks he was held against his will by [Plaintiff.]** The credit cards in Leland's name were used **without his consent** to accrue approximately $7000 in debt for the benefit of [Plaintiff]. . .

5.    I have also discovered through a review of the documentation discovered in this case that [Plaintiff] was in the process of shopping for an RV that was going to be purchased with Leland's funds **without his consent**.

[Dkt. 61, pp. 9-11 (emphasis added)].

In addition, while Plaintiff has attempted to establish perjury with regard to the alleged wire transfer from Bankers' Bank of the West, Plaintiff never challenged the veracity of Det. Schultz' averred statement that "Leland was [then] driven by [Plaintiff] against his will" (Plaintiff's Response, p. 5, *citing* Dkt. 61, p. 9, ¶ 2). Rather, Plaintiff has merely focused on the alleged "non-crime" associated with the attempt to transfer funds from Bankers' Bank of the West, and has, without any affidavit from Leland, claimed that she "never forced [Leland] against his will into the First Federal Credit Union in Neosho, MO." This in no way calls into question the veracity of Det. Schultz' statement that Plaintiff had taken Leland against his will in the first place, or that she held him against his will for four weeks.

As such, Plaintiff has failed to establish that any alleged "perjury" on the part of Det. Schultz was needed for probable cause. Accordingly, this claim, in addition to be required to be dismissed based on the applicable statute of limitations, must also be dismissed for failure to state a claim.

**4.    The Affidavit Cannot Be Attributed to Fruitport Township.**

Finally, Plaintiff's reliance on Det. Schultz' affidavit in an attempt to create a cause of action against Fruitport Township is without merit. Simply put, even assuming that Det. Schultz

had committed perjury in the affidavit (which has not been established by Plaintiff), the Township is not liable for Det. Schulz' actions. If this were the case, then Plaintiff would be seeking recover under respondeat superior or vicarious liability recovery, neither of which is cognizable against a municipality under § 1983. *Springfield v. Kibbe*, 480 U.S. 257, 267; 94 L. Ed. 2d 293; 107 S. Ct. 1114 (1987).

Rather, Plaintiff was required to establish that the execution of a specific governmental policy, procedure or widespread custom was the moving force behind the specific constitutional injury alleged. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Meadownbriar Home for Children, Inc., v. Gunn*, 81 F.3d 521 (5th Cir. 1996). An alleged perjured affidavit completed by an employee of the Township in no way establishes a policy, procedure or custom of the Township that was the moving force for Det. Schultz' alleged actions.

## 5.   Conclusion.

Plaintiff has failed to create a genuine issue of material fact regarding whether her claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) & (12)(c). Accordingly, for the reasons set forth above as well as in Defendants' Motion to Dismiss (Dkt. 54, 2/18/11), Defendants respectfully request that this Court dismiss Plaintiff's case against them in its entirety.

Respectfully submitted:

By:/s/ G. GUS MORRIS
G. GUS MORRIS (P32960)
**McGRAW MORRIS P.C.**
Attorney for Fruitport Township and James Schultz
2075 W. Big Beaver Road
Troy, MI  48084
(248) 502-4000 (Phone)
(248) 502-4001 (Fax)
gmorris@mcgrawmorris.com

Dated:  March 25, 2011

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BARBARA JEAN ALTEMEIER,

       Plaintiff,                           CASE #3:10-cv-02646-N (BK)

vs.                                       HON.

DALLAS COUNTY, TEXAS, ET AL,

       Defendants.

---

BARBARA JEAN ALTEMEIER, *Pro Se*
13861 Yockey Street
Garden Grove, CA  92844-2663
(714) 379-9557

G. GUS MORRIS (P32960)
**McGRAW MORRIS** P.C.
Attorney for Fruitport Township and James
Schultz
2075 W. Big Beaver Road
Troy, MI  48084
(248) 502-4000
gmorris@mcgrawmorris.com

TAMMY JEAN ARDOLF
Dallas County Criminal District Attorney – Federal
Attorney for Dallas County, TX, Daniel Downs and
Lupe Valdez
133 N Industrial Blvd., LB 19
Dallas, TX 75207
(214) 653-3603
tjardolf@dallascounty.org

J G SCHUETTE
JAMES CARROLL BUTT
Dallas City Attorney's Office
Attorneys for City of Dallas, TX, Louis
Canales and Ronald M. Hubner
1500 Marilla Street
7th Floor
Dallas, TX 75201
(214) 670-3519
jason.schuette@dallascityhall.com
james.butt@dallascityhall.com

WINSTON L BORUM
Borum & Hancock
Attorney for Ronald Anderson and Parkland
Health and Hospital System Auxiliary
2485 Burnett Plaza
801 Cherry St Unit 14
Fort Worth, TX 76102
(817) 336-4100
borum@borumhancock.com

RICHARD ACHO  (P23913)
Cummings, McClorey, Davis & Acho, PLC
33900 Schoolcraft Road
Livonia, MI  48150
(734) 261-2400

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2011, I electronically filed the foregoing DEFENDANTS, FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S, REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(c), with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the ECF system of the court. The ECF system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Tammy J. Ardolf, J. G. Schuette, James C. Butt, Winston L. Borum and Richard G. Acho.

I further certify that a true and correct copy of this document was served on the following person as required by the Federal Rules of Civil Procedure on February 18, 2011, via First Class Mail:

> BARBARA JEANNE ALTEMEIER
> 13861 Yockey Street
> Garden Grove, CA 92844-2663

> Respectfully submitted,

> **McGRAW MORRIS** P.C.

> BY: s/ G. GUS MORRIS
> G. GUS MORRIS (P32960)
> Attorneys for Fruitport Township and
> James Schultz
> 2075 W. Big Beaver Road, Ste. 750
> Troy, MI 48084
> (248) 502-4000
> gmorris@mcgrawmorris.com

2