IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BARBARA ALTEMEIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:10-CV-2646-N-BK** |
| | § | |
| **DALLAS COUNTY, TEXAS, et al.** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial

management.  The cause is now before the Court on Defendants' Motions to Dismiss (Docs. 10-

12, 26, 43, 54).  After reviewing the relevant pleadings and applicable law, the Court finds

Defendants' motions to be well taken, and recommends that Plaintiff's case be **DISMISSED**

**WITH PREJUDICE** as to all Defendants.

## I. BACKGROUND[1]

On November 4, 2010, the *pro se* Plaintiff filed suit against Dallas County, City of

Dallas, Ronald Anderson, Parkland Health and Hospital System, Louis Canales, and Ronald M.

Hubner (collectively the "Texas Defendants"), and Dale J. Hilson, Muskegon County Michigan,

Tony Tague, Fruitport Township Michigan, and James Schultz (collectively the "Michigan

Defendants").  (Doc. 1).  Plaintiff seeks monetary damages under 42 U.S.C. §§ 1983 and 1985,

and claims Defendants, individually and in a combined conspiracy, violated her equal protection

and due process rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United

---

[1] For the purposes of these motions to dismiss, the Court takes all allegations pled in
Plaintiff's Amended Complaint as true and correct.

States Constitution.  (Doc. 6-1 at 3, 35-42).

**Relevant Facts**

On October 17, 2006, Plaintiff was arrested by Defendants Louis Canales and Ronald Hubner, Dallas police officers, and remained in the Dallas County Jail until her release on January 2, 2007.  (Doc. 6-1 at 6-8).  Plaintiff contends she was never given her *Miranda* warnings, nor was she given an explanation for her arrest.  (Doc. 6-1 at 30).  Plaintiff alleges she was arrested because James Shultz, a detective of the Fruitport Township Police Department, "created a chain of evidence to prove a non-existent crime" and then requested that officers Canales and Hubner arrest Plaintiff without a warrant.  (Doc. 6-1 at 6).  According to Plaintiff, Detective Shultz then committed perjury by lying when he swore a complaint against Plaintiff on October 17, 2006, and when he signed a sworn affidavit on October 24, 2006.  (Doc. 6-1 at 6).  As a result of these actions, the Muskegan County Prosecutor's Office requested a felony warrant for embezzlement from a vulnerable adult, which Plaintiff alleges was issued without probable cause.  (Doc. 6-1 at 6-7, 29-30).

When Plaintiff was arrested in Dallas, she was booked into the Dallas County Jail pending her extradition, and was not released until 78 days later when Michigan failed to extradite her.  (Doc 6-1 at 6, 221-22).  Plaintiff has had medical problems since birth, specifically, automatic nervous system dysfunction and sensitivities to various petrochemicals. (Doc. 6-1 at 5).  Because of her conditions, Plaintiff is required to only drink prescription bottled water and only eat prescription organic food.  (Doc. 6-1 at 5).  Plaintiff alleges that while being held in the Dallas County Jail, she was denied proper medical treatment, and initially denied her prescription food and water.  (Doc. 6-1 at 8-22).  In addition, Plaintiff was subjected to many

other actions, including: being exposed to "noxious substance[s]," which caused her to fall to the floor and lose the use of her legs the entire time she was in jail (Doc. 6-1 at 8-9); being exposed to the substances a second time, which caused her to "black out" (Doc. 6-1 at 11-12); being placed in a jail cell not equipped for someone with a disability (Doc. 6-1 at 9-10); being ignored when she called for help (Doc. 6-1 at 13); being verbally abused by jailers (Doc. 6-1 at 15); and being forced to witness a number of instances of prisoner abuse (Doc. 6-1 at 15-21).

On December 20, 2006, a hearing was held regarding Plaintiff's extradition to Michigan. (Doc. 6-1 at 22). At the hearing, Plaintiff executed a waiver of detention form, and the judge informed her she would either be extradited to Michigan or released within the next 10 days. (Doc. 6-1 at 22-23). On January 2, 2007, Plaintiff was released from Dallas County Jail. (Doc. 61 at 39). Thereafter, Dale Hilson, Assistant Muskegon County Prosecutor, offered Plaintiff, through her attorney, a plea bargain. (Doc. 6-1 at 23-25). Plaintiff did not accept the plea bargain. *Id.*

Although Plaintiff learned through her attorney that there was still an active warrant for her arrest in Michigan, she did not return to that state. (Doc 6-1 at 23-24). Plaintiff claims that, "[a]fter the treatment received at the Dallas County Jail, [she] was afraid that she could receive the same treatment or worse. . . [and] chose not to be murdered in this way and went into hiding for about twenty-three (23) months." (Doc. 6-1 at 24). In the end, the charges against Plaintiff were dismissed with prejudice on November 10, 2008, after the alleged victim notified Defendant Hilson no crime had been committed. (Doc. 6-1 at 25-26).

-3-

**Issue Presented**

All Defendants have moved to dismiss under Rule 12(b)(6), arguing, *inter alia*, that Plaintiff's complaint is barred by the statute of limitations.  (*See* Docs. 10 at 3-5; 11 at 4-6; 12 at 6-7; 26 at 6-7; 43 at 11-12; 54 at 8-10).  Plaintiff responds that there is no applicable statute of limitations period for section 1983 cases.[2]  (*See* Docs. 32 at 4-5; 33 at 4-5; 34 at 4-5; 35 at 4-5; 51 at 6-7; 60 at 9-10).  Although contradictory to that argument, she also concedes the statute of limitations for section 1983 cases is governed by state law.  (*See* Docs. 32 at 5; 33 at 5; 34 at 5; 35 at 5; 51 at 7).  As set forth below, the Court concludes that Plaintiff's claims are barred by the applicable statute of limitations as to all Defendants and, therefore, does not address Defendant's remaining arguments.

## II. APPLICABLE LAW

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that relief is barred by the applicable statute of limitations.  *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Section 1983 of Title 42, United States Code, "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)

---

[2]  Plaintiff also argues there is no statute of limitations for injunctive relief.  (Doc. 60 at 11; 65 at 11; 71 at 16-17).  However, Plaintiff's amended complaint does not seek injunctive relief, only monetary damages, medical expenses, attorney's fees, and a press release on her innocence.  (Doc. 6-1 at 42-44).

(citations omitted).  Section 1985 prohibits persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).

While federal law provides causes of action under sections 1983 and 1985, those statutes do not contain limitation provisions, thus, the limitations period for a claim brought pursuant to those sections is determined by the general statute of limitations governing similar claims in the state in which the cause of action arose.  *Knowles v. Carson*, 419 F.2d 369, 370 (5th Cir. 1969).

Although state law controls which limitations period is applicable, federal law determines when a cause of action accrues.  *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Helton v. Clements*, 832 F.2d at 334.  Under federal law, the limitations period accrues when the plaintiff has a complete and present cause of action; that is, when the plaintiff can file suit and obtain relief.  *Wallace*, 549 at 388.  Stated differently, under federal law, the limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001), citing *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992), quoting *Helton*, 832 F.2d at 335.

"A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.'"  *Id.* (citation omitted).  "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."  *Id.*  Moreover, actual knowledge of the facts supporting the claim is not required if the circumstances would lead a reasonable person to investigate further.  *Id.*

## III. DISCUSSION

### The Texas Defendants

"Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is the two years fixed by . . . Tex.Civ.Prac. & Remedies Code Ann. § 16.003." *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987), citing *Kline v. North Texas State University*, 782 F.2d 1229, 1232 (5th Cir. 1986); *Moore v. El Paso County*, 660 F.2d 586, 589 (5th Cir. 1981). Plaintiff brought her claim on November 4, 2010. (Doc 1). Therefore, any cause of action against the Texas Defendants that accrued before November 4, 2008, is barred by the statute of limitations.

Based on the allegations in her amended complaint, Plaintiff's claims against the Texas Defendants unequivocally accrued on or before January 2, 2007, the date Plaintiff was released from custody in Texas. (Doc. 6-1 at 5, 22). And, in her responses to the motions to dismiss, Plaintiff readily admits that her section 1983 claim is based on her depravation of rights while incarcerated in Dallas County Jail. (Doc. 60 at 3; 62 at 6-7; 63 at 6-7; 64 at 6-7; 65 at 4-5). Moreover, after January 2, 2007, Plaintiff had no further contact with any of the Texas Defendants; and, by that date, she was already aware that she had suffered the injuries about which she now complains. (*See* Doc. 6-1).

Thus, by January 7, 2007, Plaintiff had knowledge of all facts that would lead a reasonable person to conclude that there was a causal connection between her alleged injury and the Texas Defendants' actions, or to at least investigate further. *Piotrowski*, 237 F.3d at 576 (plaintiff's claims accrue even without actual knowledge of the facts supporting the claim, if the circumstances would lead a reasonable person to investigate further). Accordingly, Plaintiff's

section 1983 and 1985 claims against the Texas Defendants should be dismissed as barred because her complaint was filed approximately 22 months outside of the applicable limitations period.

### The Michigan Defendants

Plaintiff alleges the actions of the Michigan Defendants, which were the direct and proximate cause of the injuries she suffered in Texas, occurred in Michigan.  Specifically she seeks redress against Defendants Dale J. Hilson and Tony Tague, and their employer, Muskegon County Michigan, for causing her arrest, since as prosecutors, Hilson and Tague sought the warrant against Plaintiff and then failed to timely have the warrant dropped.  (Doc. 6-1 at 6-7, 25-26, 29-30).  She is also suing James Schultz and Fruitport Township for allegedly causing her initial, warrantless arrest, because Mr. Shultz, as an employee of Fruitport Township, "made a number of allegations and swore two affidavits alleging crimes by Plaintiff," and "created a chain of false evidence to prove a non-existent crime" that resulted in Plaintiff's incarceration in Dallas County Jail for 78 days.  (Doc. 6-1 at 6).

The Court need not address the merits of Plaintiff's claims or the question of where the cause of action arose, because Plaintiff's claims are barred under the more liberal Michigan statute of limitations as well.   In Michigan, the applicable statute of limitations period for section 1983 claims is three years.  MICH. COMP. LAWS 600.5805; *Scott v. Ambani*, 577 F3d 642, 646 (6th Cir. 2009).  Plaintiff filed the instant action on November 4, 2010.  (Doc 1). Therefore, any cause of action against the Michigan Defendants that accrued before November 4, 2007, is also barred by the Michigan statute of limitations.

As with the Dallas Defendants, Plaintiff's claims against the Michigan Defendants

accrued no later than January 2, 2007, the date her alleged illegal seizure in Dallas ended.[3]
Plaintiff contends the Michigan Defendants' actions led to her unlawful arrest and
"incarceration in the Dallas County Jail for 78 days." (Doc. 60 at 5). She also readily admits in
her responses to the motions to dismiss that her claims are based on her depravation of rights
while incarcerated in Dallas County Jail. (Doc. 60 at 3; 62 at 6-7; 63 at 6-7; 64 at 6-7; 65 at 4-
5).

Regardless of whether Plaintiff knew the Michigan Defendants' identities and their roles
in her incarceration, on or before January 2, 2007, the circumstances would have led a
reasonable person to investigate further. As discussed previously herein, by January 2, 2007,
Plaintiff knew she had been injured, that an arrest warrant had been issued in Michigan, and that
her incarceration in Dallas had ended. Even liberally construed, Plaintiff's complaint alleges no
further constitutional violations after that date. Thus, on January 2, 2007, Plaintiff had
knowledge of all facts that would lead a reasonable person to conclude that there was a causal
connection between her alleged injury and the Michigan Defendants' actions or to at least
investigate further. *Piotrowski*, 237 F.3d at 576 (plaintiff's claims accrue even without actual
knowledge of the facts supporting the claim, if the circumstances would lead a reasonable
person to investigate further).

Plaintiff's complaint against the Michigan Defendants was filed approximately ten

_____

[3] *See Albright v. Oliver*, 975 F.2d 343, 345-46 (7th Cir. 1992) (holding that the plaintiff's
section 1983 claim, alleging that criminal charges were filed against him without probable cause,
was barred by the statute of limitations because over two years had passed since plaintiff was
released from custody. Plaintiff's constitutional rights were not violated after plaintiff was
released on bail where the charges were later dropped without further proceedings) (affirmed
*Albright v. Oliver*, 510 U.S. 266 (1994)).

months outside the Michigan statute of limitations and 22 months outside of the Texas

limitations period.  Therefore, Plaintiff's section 1983 and 1985 claims against the Michigan

Defendants are barred and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Defendants' motions to dismiss (Docs.

10-12, 26, 43, 54) be **GRANTED**, and Plaintiff's case be dismissed with prejudice.

**SO RECOMMENDED** on March 31, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections
will bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

-9-