

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | No. 3:10-CV-02646-N (BK) |
| | § | |
| DALLAS COUNTY, TEXAS (1); et al., | § | |
| | § | |
| DEFENDANTS. | § | |

### PLAINTIFF'S SUR-REPLY TO DEFENDANTS' FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(c)

NOW COMES Barbara Jeanne Altemeier, Plaintiff, in the above-entitled case to file this Plaintiff's Sur-Reply to Defendants' Fruitport Township and James Schultz's Reply Brief in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) and would show this Court the following, to wit:

#### I. STATUTE OF LIMITATIONS:

Federal courts can look to the forum state's personal injury limitations period for personal injury cases. No personal injury has been alleged in this case. The supremacy clause of the U.S. Constitution makes Congress and Federal Statute the law concerning statute of limitations of which there is none.

Injunctive relief claims that are <u>purely</u> injunctive have the state injunctive statutes applied. However, where the complaint is not purely injunctive, the courts have not made a definite determination.

## II. PROBABLE CAUSE:

Warrantless arrest must be based on "probable cause" of the actual criminal charge in the criminal information complaint. "If there is probable cause for any of the charges made..." Deville v. Marcantel, 567 F.3d 156; Wells v. Bonner, 45 F.3d 90 at 903. The <u>only</u> criminal charge on the one (1) Felony Complaint against Barbara Jeanne Altemeier in Count 1 was "Embezzlement – From a Vulnerable Adult - $20,000 or more...from Leland Ernest..." that occurred on 08/23/2006 in the County of Muskegon, State of Michigan.

The Defendants do <u>not</u> allege any facts or offer any evidence that relates to the specific charged criminal offense listed in Count 1 that could be used as a basis for probable cause.

The Defendants do allege in their Response that the Plaintiff may have committed "several crimes (including financial ones) in addition to the alleged embezzlement, required signing of a new will and testament, physically abused and held the victim against his will, victim had bruising around his ankles and legs, victim was not allowed to contact anyone and was made to go and see a doctor he didn't want to go see. Additionally, family members had filed a missing person report and Defendants believed that Plaintiff was holding the victim against his will. Plaintiff objects to these stated probable cause allegations that are untrue.

It appears that Defendants have misread and misunderstand the <u>Deville</u>, supra, case which is cited and even quotes on page 4 of their Response that, "<u>...probable cause for any charges made...</u> There is <u>no</u> probable cause used by the Defendants that justifies a warrantless arrest for the charge made in the Felony Complaint.

## III. MORE JAMES SCHULTZ PERJURY IN AFFIDAVIT OF OCTOBER 24, 2006:

1. Plaintiff objects to the following false statement by Fruitport Township (4) James Schultz (5) in his Affidavit of October 24, 2006:

2

> "... On or about 9/12/06 Leland was taken from his home by Barbara Altemeier and driven to Battle Creek, Michigan; ..."

This is the opposite of what James Schultz (5) states in his police reports on October 23, 2006:

> "... I asked him where he went, and Leland said that he was in Battle Creek Michigan. I asked Leland if he came back to Muskegon for a period and he said, "No."
> In further talking with Leland, he stated that since he left with Alan and Barbara to go to the festival in Nebraska he has not been home. ..."

Note: Leland E. Davis was never in Muskegon County during the entire month of September, 2006. He went directly from the Nebraska to his sister Kay Metz's house in Battle Creek. He then continued on the trip going from Battle Creek, Michigan to Texas. Therefore James Schultz's October 24, 2006 affidavit statement "... On or about 9/12/06 Leland was taken from his home by Barbara Altemeier and driven to Battle Creek, Michigan; ..." is perjury shown of the face of his own police reports.

2. Plaintiff objects to the following false statement by Fruitport Township (4) James Schultz (5):

> "... Leland was never allowed to use the telephone to make calls that Leland wished to make; ..."

The Fruitport Township (4) Police Report of September 24, 2006 notes two separate telephone calls by Leland. "... Pamela told me she is the niece to Leland Davis. Pamela said Leland called her of Friday and this morning around 0700 hours. ..."

In Fruitport Township (4) Police Report on 10-16-06 a third telephone call by Leland was reported by niece Pamela Zygutis. "... Zygutis finally stated to me that she had heard from Leland Davis on 10-10-06. ..."

Other telephone calls from Leland are noted: "... In further talking with Zygutis, she advised me that on 10-15-06 at approximately 2200hrs, she had received a voice mail from Alan and Leland Davis. ..."

The Fruitport Township (4) Police Report states: "On 10-17-06 at 1505hrs, I received a cellular phone call from Dallas P.D. officer Louis Canales. Ofc. Canales confirmed to me that they ... had found Leland Davis in a nearby hotel room." Leland E. Davis was alone in the hotel room. **The hotel room had a telephone. There was no one to stop him from using the telephone!** There was no one to stop Leland from going anywhere he wanted to go.

3. Plaintiff objects to the following false statement by Fruitport Township (4) James Schultz (5): "... Leland was only allowed to eat what Ms. Altemeier gave to him..."

This is not true. The Fruitport Township (4) Police Report states: "On 10-17-06 at 1505hrs, I received a cellular phone call from Dallas P.D. officer Louis Canales. Ofc. Canales confirmed to me that they ... had found Leland Davis in a nearby hotel room." Leland E. Davis was alone in the hotel room. Notably, the hotel room had a telephone which he could use at his convenience to call, for example, a pizza delivery. There were at least four restaurants across the parking lot that he could have gone to, including the Outback Steak House, Red Lobster, Olive Garden, and Cheddar's Casual Café. There was no one to prevent him from eating wherever he wanted to go and eat.

4. Plaintiff objects to the other untrue statements in the Affidavit of Fruitport Township (4) James Schultz (5) of October 24, 2006. If required, Plaintiff is willing to point out those other untrue statements which are redundant for the purposes of this response.

## IV. PURPORTED OF PROBABLE CAUSE BASED ON ALLEGED CRIMES NOT CHARGED:

Plaintiff objects to the accusations made by Attorney G. Gus Morris found in Defendants', Fruitport Township and James Schultz's, Reply Brief in Support of their Motion to Dismiss Persuant to Fed. R. Civ. P. 12(b)6 and 12(c) including:

> "... excerpts of the ninety-two page police report Plaintiff has included in her appendix establishes probable cause to believe that Plaintiff had physically abused and held the victim against his will ..."

There is nothing to substantiate that Plaintiff had physically abused Leland E. Davis or held him against his will, since he was found alone, and no one was around to hold him against his will. He was free to leave or use the telephone at any time.

Plaintiff objects to the following statement in the Fruitport Township (4) Police Report of October 17, 2006 at 1505 hrs:

> In further observations, Ofc. Canales stated that Leland Davis had bruising around his ankles and legs. ... but was made to go and see a doctor he didn't want too.

This is a total mis-diagnosis of Leland's ankles and legs. In fact, Leland would refer to the condition on his legs as "poison ivy". Third party discovery will demonstrate that the condition of Leland E. Davis's ankles and legs went on for several months and was medically well documented and treated by the Veteran's Affairs Center in Grand Rapids, Michigan. Leland felt that this treatment was unsuccessful, as demonstrated by his later going to the St. Francis Hospital emergency room in Grand Island, Nebraska. Leland felt this treatment was also unsuccessful. The condition progressively became worse and Leland then ask Dr. Alfred R. Johnson at Johnson Medical Associates in Richardson, Texas to treat him for the same condition.

Plaintiff also objects to the other untrue statements in the Fruitport Township (4) Police Reports.

## V. THE RESPONSIBILITY OF FRUITPORT TOWNSHIP
## FOR JAMES SCHULTZ'S ACTIONS:

Defendant Fruitport Township, Michigan (4) owns the Fruitport Police Department. In the Fruitport Township (4) Police Report there at least 8 different police officers involved in the case involving Leland E. Davis. That constitutes about half of the entire police force. Fruitport Township (4) has established a pattern of lack of due process within the Police Department itself by not even mentioning any sworn affidavits or signed statements by any of the witnesses that made allegations throughout the entire Police Report. The only sworn affidavits ever presented were the ones by James Schultz (5). This policy of Fruitport Township (4) violates Plaintiff's rights under the due process clause of the 5th and 14th Amendments of the U.S. Constitution

## VI. PLEA:

THEREFORE, Plaintiff requests that this Sur-Reply be considered by this Honorable Court and deny Defendants' Fruitport Township and James Schultz's Motion to Dismiss.

Respectively submitted,

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California  92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's Sur-Reply to Defendants' Fruitport Township and James Schultz's Reply Brief in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) is true and correct to the best of my knowledge and belief.

Witness my hand and seal this __31__ day of March, 2011.

*Barbara Jeanne Altemeier*
Barbara Jeanne Altemeier

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Plaintiff's Sur-Reply to Defendants' Fruitport Township and James Schultz's Reply Brief in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) was sent by First Class Mail on the __31__ day of March, 2011 to the Defendants below.

*Barbara Jeanne Altemeier*
Barbara Jeanne Altemeier

G. Gus Morris
McGraw Morris P.C.
2075 W. Big Beaver Road
Troy, Michigan  48084

