UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BARBARA JEAN ALTEMEIER,

           Plaintiff,

vs.

DALLAS COUNTY, TEXAS, ET AL,

           Defendants.

CASE #3:10-cv-02646-N (BK)

HON. DAVID C. GODBEY

MAG. RENEE HARRIS TOLIVER

BARBARA JEAN ALTEMEIER, *Pro Se*
13861 Yockey Street
Garden Grove, CA 92844-2663
(714) 379-9557

G. GUS MORRIS (P32960)
**McGRAW MORRIS P.C.**
Attorney for Fruitport Township and James
Schultz
2075 W. Big Beaver Road
Troy, MI 48084
(248) 502-4000 (Phone)
(248) 502-4001 (Fax)
gmorris@mcgrawmorris.com

TAMMY JEAN ARDOLF
Dallas County Criminal District Attorney – Federal
Attorney for Dallas County, TX, Daniel Downs and
Lupe Valdez
133 N Industrial Blvd., LB 19
Dallas, TX 75207
(214) 653-3603
tjardolf@dallascounty.org

J G SCHUETTE
JAMES CARROLL BUTT
Dallas City Attorney's Office
Attorneys for City of Dallas, TX, Louis Canales
and Ronald M. Hubner
1500 Marilla Street
7th Floor
Dallas, TX 75201
(214) 670-3519
jason.schuette@dallascityhall.com
james.butt@dallascityhall.com

WINSTON L. BORUM
Borum & Hancock
Attorney for Ronald Anderson and Parkland Health
and Hospital System Auxiliary
2485 Burnett Plaza
801 Cherry St Unit 14
Fort Worth, TX 76102
(817) 336-4100
borum@borumhancock.com

RONALD G. ACHO (P23913)
Cummings, McClorey, Davis & Acho, PLC
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400

**DEFENDANTS, FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S, RESPONSE IN
OPPOSITION TO PLAINTIFF'S OBJECTIONS TO FINDINGS, CONCLUSIONS AND
RECOMMENDATION OF MAGISTRATE JUDGE**

## TABLE OF CONTENTS

1. General Response to Plaintiff's Objections.................................................................. 1
2. Response to Objection No. 1................................................................................... 2
3. Response to Objection No. 2................................................................................... 5
4. Response to Objection No. 3................................................................................... 6
5. Response to Objection No. 4................................................................................... 7
6. Response to Objection No. 5................................................................................... 7
7. Response to Objection No. 6................................................................................... 7
8. Response to Objection No. 7................................................................................... 8
9. Response to Objection No. 8................................................................................... 8
10. Response to Objection No. 9.................................................................................. 8
11. Response to Objection No. 10................................................................................ 9
12. Conclusion............................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**

*Franks v. Delaware*, 438 U.S. 154; 98 Sct. 2674; 57 L.Ed. 2d 667 (1978).................................. 3
*Hale v. Fish*, 899 F.2d 390, 400, n. 3 (5th Cir. 1990)...................................................... 3
*Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988)..................................................... 6
*Lookingbill v. Cockrell*, 293 F.3d 256, 264 n. 14 (5th Cir.2002) ............................................ 6
*Meadownbriar Home for Children, Inc., v. Gunn*, 81 F.3d 521 (5th Cir. 1996) ............................ 4
*Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) ............................................. 4
*Piotrowski v. City of Houston*, 237 F.3d 567, 576 n. 13 (5th Cir. 2001) .................................... 6
*Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992)................................................... 3
*Springfield v. Kibbe*, 480 U.S. 257, 267; 94 L. Ed. 2d 293; 107 S. Ct. 1114 (1987)............ 4
*Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999). ..................................................... 6
*United States v. Petty*, 530 F.3d 361, 365 -366 (5th Cir. 2008)........................................... 6
*Vigman v. Community Nat'l Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir.1981)................... 6

Now comes Defendants, Fruitport Township ("Township") and Detective James Schultz ("Det. Schultz") (collectively, "Defendants"), by and through their attorneys, McGRAW MORRIS P.C., by G. Gus Morris, and in response to *Plaintiff's Objections To Findings, Conclusions and Recommendation of Magistrate Judge* (Dkt. 89, filed 4/18/11), state as follows:

## 1.   <u>General Response to Plaintiff's Objections.</u>

As a preliminary response to Plaintiff's Objections, these Defendants note that Plaintiff had an obligation to provide this Court with specific objections regarding the Magistrate's Report and Recommendation. To be specific, "an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objections, and specify the place in the magistrate's report and recommendation where the disputed determination is found" **(Dkt. 87 – Findings, Conclusions, and Recommendation, filed 3/31/11, p. 9, *citing Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)).**

In the instant case, Plaintiff's Objections fail to refer to Fruitport Township or, with the exception of noting a misspelling in his name, Det. Schultz (Dkt. 89, filed 4/18/11). Based on Plaintiff's requirement to provide specific objections to the Report and Recommendation, it is difficult to determine whether Plaintiff is continuing to pursue her misguided allegations against the Township or Det. Schultz in light of the Magistrate's findings. To be sure, Plaintiff refers to conversations her attorney allegedly had with the Muskegon Prosecutor's Office, but does not refer in any way to the alleged wrongdoing committed by either the Township or Det. Schultz. At best, Plaintiff incorporates the allegations she made against Det. Schultz by referencing one page of her Complaint, allegations that she had a duty to fully brief and articulate in response to Defendants' Motion to Dismiss. Simply referring to these allegations by reference is not sufficient to establish a specific objection to the Report and Recommendation (**Dkt. 87, p. 9**

("An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific")).

Accordingly, the Township and Det. Schultz respectfully request that this Court affirm their dismissal as Plaintiff has failed to provide this Court with specific objections as to the dismissal of the undersigned Defendants.

### 2.    Response to Objection No. 1.

With regard to Plaintiff's Objection No. 1, Defendants herein note that Plaintiff has failed to provide this Court with specific objections to this Magistrate's conclusion that "Plaintiff readily admits that her section 1983 claim is based on her depravation [sic] of rights while incarcerated in Dallas County Jail" (**Dkt. 89, p. 1,** *citing* **Dkt. 87, p. 6**). Further, a review of Plaintiff's Response to these Defendants' Motion to Dismiss clearly establishes that the Magistrate's statement is correct. In that response, Plaintiff stated that as a result of the Township's and Det. Schultz's allegations "alleging crimes by Plaintiff," Plaintiff was "incarcerat[ed] in the Dallas County Jail for 78 days" (**Dkt. 60 – Plaintiff's Response To Defendants, Fruitport Township and James Schultz's Motion to Dismiss, p. 3, filed 3/11/11**). As such, Plaintiff's Response focused on the fact that Det. Schultz's alleged wrongdoing led to her Dallas arrest and incarceration. Nothing in Plaintiff's Objections calls this conclusion into question.

Further, while not addressed by Plaintiff in her Objections, not specifically addressed in her Response to Defendants' Motion to Dismiss, and not addressed by the Magistrate as the statute of limitations dismissal did not require the Magistrate to review the merits of Plaintiff's allegations, Plaintiff's perjury claim against Det. Schultz and the Township (which she is trying

to hold vicariously liable for Det. Schultz's actions) fails on the merits.  In this regard, as noted

in Defendant's Reply Brief:

> Plaintiff simply "cannot claim that [Defendant Schultz] recklessly or intentionally [made a false statement or] omitted mention of material facts that were 'clearly critical' to the probable cause determination" at the time he drafted the warrant. *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992), *citing also Hale v. Fish*, 899 F.2d 390, 400, n. 3 (5th Cir. 1990) (*citing Franks v. Delaware*, 438 U.S. 154; 98 Sct. 2674; 57 L.Ed. 2d 667 (1978)).  This is because even assuming the language regarding Plaintiff's interaction with Bankers' Bank of the West was false as alleged (although not established) by Plaintiff, if that portion of the affidavit is removed, it is clear that the affidavit still provided probable cause to believe Plaintiff committed several other financial and physical crimes against Leland Davis.

In this regard, Defendants note that Plaintiff has not challenged any of the following critical components of the affidavit:

1.     I am a detective . . . **currently investigating the kidnap[p]ing and abuse** of Leland Davis.

2.     . . . . On or about 9/12/06 Leland was taken from his home by [Plainitff] and driven to Battle Creek, Michigan; on 9/13/06, while in Battle Creek, Leland was forced to sign, by [Plainitff], a new last will and testament regarding his assets, estate, and trust, assigning all his assets to Alan Davis...; Leland did not wish to have all his assets transferred to Alan, cutting other family and friends from his will; Leland is in the process of having a legitimate will and trust drafted within the next couple of days, voiding the one signed in Battle Creek; . . . **Leland was then transported to Texas against his will,** Leland was never allowed to use the telephone to make calls that Leland wished to make; Leland was only allowed to eat what [Plaintiff] gave to him and Leland was given unknown medications by [Plaintiff] in an attempt to control him. . .; **Leland had several credit cards opened with his financial information and in his name by [Plaintiff] without his consent; Leland was told that he was signing payment for bills when in reality he was signing wire transfer forms, and money withdrawals for [Plaintiff].** . . . To get Leland to cooperate with [Plaintiff's] wishes and requests, Leland was falsely told by [Plaintiff] **throughout his four weeks of captivity.** . . .

3.     . . . I learned that [Plaintiff] . . . and Leland were moving from hotel to hotel checking in under false names, and when authorities finally caught up to Leland he indicated that he was unaware of a lot of the events that had transpired over the last four weeks. . . .

4.     From my initial review of the accounting documents of Leland's accounts,

Leland had approximately $100,000 taken from his person assets **during the four weeks he was held against his will by [Plaintiff.]** The credit cards in Leland's name were used **without his consent** to accrue approximately $7000 in debt for the benefit of [Plaintiff]. . .

5.    I have also discovered through a review of the documentation discovered in this case that [Plaintiff] was in the process of shopping for an RV that was going to be purchased with Leland's funds **without his consent**.

[Dkt. 61, pp. 9-11 (emphasis added)].

In addition, . . . Plaintiff never challenged the veracity of Det. Schultz' averred statement that "Leland was [then] driven by [Plaintiff] against his will" (Plaintiff's Response, p. 5, *citing* Dkt. 61, p. 9, ¶ 2).

* * *

As such, Plaintiff has failed to establish that any alleged "perjury" on the part of Det. Schultz was needed for probable cause. Accordingly, this claim, in addition to be required to be dismissed based on the applicable statute of limitations, must also be dismissed for failure to state a claim.

* * *

Finally, Plaintiff's reliance on Det. Schultz' affidavit in an attempt to create a cause of action against Fruitport Township is without merit. Simply put, even assuming that Det. Schultz had committed perjury in the affidavit (which has not been established by Plaintiff), the Township is not liable for Det. Schulz' actions. If this were the case, then Plaintiff would be seeking recover under respondeat superior or vicarious liability recovery, neither of which is cognizable against a municipality under § 1983. *Springfield v. Kibbe*, 480 U.S. 257, 267; 94 L. Ed. 2d 293; 107 S. Ct. 1114 (1987).

Rather, Plaintiff was required to establish that the execution of a specific governmental policy, procedure or widespread custom was the moving force behind the specific constitutional injury alleged. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Meadownbriar Home for Children, Inc., v. Gunn*, 81 F.3d 521 (5th Cir. 1996). An alleged perjured affidavit completed by an employee of the Township in no way establishes a policy, procedure or custom of the Township that was the moving force for Det. Schultz' alleged actions.

(Dkt. 96 – Defendants' Reply Brief, filed 3/25/11, pp. 6-8).

Accordingly, while Plaintiff's Objection fails in that her argument was based on the alleged violation of her constitutional rights after being arrested and incarcerated in Dallas, even if she did allege additional constitutional violations arising out of the actions of the Township and Det. Schultz, as Defendants noted in their Motion to Dismiss (Dkt. 54, filed 2/18/11) and in

4

their Reply Brief (Dkt. 96), any additional claims against the Township and Det. Schultz that Plaintiff attempted to allege fail, not only on statute of limitation grounds, but also on the merits.

Accordingly, Defendants respectfully request that this Court overrule Plaintiff's Objection No. 1, and dismiss Defendants' from the instant lawsuit in their entirety.

### 3.    Response to Objection No. 2.

Plaintiff next argues that the applicable Texas statute of limitations must be tolled based on her refusal to "surrender to Michigan authorities because through communication by her attorney, the Michigan authorities had refused to provide or allow Plaintiff's family to provide prescription water and prescription food required for the life survival of the Plaintiff if jailed" (Dkt. 89, p. 3). In other words, Plaintiff, without any citation to authority, seeks to have a statute of limitations tolled as a result of her affirmative action of choosing to be a fugitive from the law! Such an argument is incredulous.

Plaintiff next argues that the statute of limitations should be tolled because as a result of her fugitive status, she was unaware "that the alleged victim had written letter to the Michigan prosecutors informing them legally that no crime had been committed by the Plaintiff," that she did not realize there was no victim of crime,[1] and that she was unaware that there "existed a Title 42 § 1983 statute" that permitted her to seek monetary damages (Dkt. 89, p. 3). In this regard, Plaintiff has again failed to provide this Court with any legal authority for her position that the statute of limitations should be tolled.   In addition, it is textbook law, that ignorance or the appropriate statute of limitations does not provide relief to the ignorant party.

> Petty contends his status as a *pro se* litigant relieves him of possessing detailed knowledge of the procedural nuances. . . . Proceeding *pro se* is alone insufficient

---

[1] The fact that Plaintiff is unaware as to whether there was a victim of a crime, certainly seems to imply that she was concerned that she had committed a crime. Otherwise, she would have known that there was no victim.

to equitably toll the [applicable] statute of limitations. *Lookingbill v. Cockrell,* 293 F.3d 256, 264 n. 14 (5th Cir.2002). Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the [applicable] statute of limitations. *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999).

*United States v. Petty*, 530 F.3d 361, 365 -366 (5th Cir. 2008) (some internal citations omitted).

Finally, while Plaintiff cites *Piotrowski v. City of Houston,* 237 F.3d 567, 576 n. 13 (5th Cir. 2001) (citations omitted) for the proposition that "in cases where fraudulent concealment is involved, the statute of limitations does not begin to run until the relevant facts, which are in the control of the defendant, become known to the plaintiff," there is no such showing of fraudulent concealment in this case. Rather, the facts as known to Plaintiff in this case establish that by the time she was released from Dallas County custody, she had "'either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge' thereof." *Jensen v. Snellings,* 841 F.2d 600, 606 (5th Cir. 1988), *quoting Vigman v. Community Nat'l Bank and Trust Co.,* 635 F.2d 455, 459 (5th Cir.1981). Therefore, the limitations period, as noted by the Magistrate, began to run no later than January 7, 2007 (Dkt. 87, p. 6).

Accordingly, Defendants respectfully request that this Court overrule Plaintiff's Objection No. 2, and dismiss Defendants' from the instant lawsuit in their entirety.

4.      **Response to Objection No. 3.**

Plaintiff's Objection No. 3 simply incorporates her argument from Objection No. 2. Accordingly, Defendants' also incorporate their response to Objection No. 2 as if fully provided in response to Objection No. 3, and request that this Court overrule this objection and dismiss Plaintiff's case against them in its entirety.

6

5.     **Response to Objection No. 4.**

Plaintiff's Objection No. 4 addresses the scope of the statute of limitations under Michigan law as opposed to Texas law.  She therefore relies fully on the arguments she made in her Objection No.1.  These arguments have been fully addressed by Defendants in response to Plaintiff's Objection No. 1 (pp. 2-5) and therefore incorporate that response herein.

In further response, Defendants note that Plaintiff's case is barred under either the Michigan statute of limitations or the Texas statute of limitations as noted by the Magistrate (Dkt. 87, pp. 8-9).

Accordingly, Defendants respectfully request that this Court overrule Plaintiff's Objection No. 4, and dismiss Defendants' from the instant lawsuit in their entirety.

6.     **Response to Objection No. 5.**

Plaintiff's Objection No. 5 incorporates the tolling argument made with regard to the Texas statute of limitations to the Michigan statute of limitations.  As stated in response to Objection No. 2, *supra* at 5-6, it simply defies logic, law, and common sense, for Plaintiff to argue that her status as a fugitive from justice in any way tolls a statute of limitations in  a civil lawsuit she seeks to bring based on the criminal charges she was attempting to evade by remaining a fugitive of justice.

Accordingly, Defendants respectfully request that this Court overrule Plaintiff's Objection No. 4, and dismiss Defendants' from the instant lawsuit in their entirety.

7.     **Response to Objection No. 6.**

With regard to Objection No. 6, these Defendants note that they played no role in the dismissal of Plaintiff's charges, and Plaintiff has not provided this Court with documentation regarding the dismissal of those charges.  Nonetheless, Defendants note that this Objection

7

carries no relevance as to any defendant, let alone these Defendants. As such, Defendants take no position with regard to the accuracy of Plaintiff's irrelevant argument that the charges were dismissed without as opposed to with prejudice, leave Plaintiff to her proofs, and leave any further discussion of this objection to the Muskegon County Defendants, as it was the Prosecutor's Office that would have played an active role in dismissing the charges against Plaintiff.

**8.     Response to Objection No. 7.**

As with Objection No. 7, Defendants leave Plaintiff to her proofs with regard to whether she did or did not return to the state of Michigan, as her whereabouts while a fugitive from justice has no bearing on the issues facing this Court.

**9.     Response to Objection No. 8.**

With regard to Plaintiff Objection No. 8, Defendants agree with Plaintiff that the Magistrate failed to specifically denote Plaintiff's First Amendment allegations, but note that this failure was harmless, in that any First Amendment violation would also be barred by the applicable statute of limitations.

**10.    Response to Objection No. 9.**

With regard to Objection No. 9, Defendants again agree that it appears as if the Report and Recommendation contains a non-relevant typographical error with regard to the name of Plaintiff's illness. This typographical error is wholly harmless to this Court's analysis as it has no bearing on Plaintiff's allegations against Defendants, either on the merits or with regard to whether the statute of limitations barred her claims.

8

11.    **Response to Objection No. 10.**

With regard Plaintiff's Objection No. 10, Defendants again agree that the Report and Recommendation misspelled Det. Schultz's last name, but again, note that these misspellings are wholly harmless to this Court's analysis as it has no bearing on Plaintiff's allegations against Defendants, either on the merits or with regard to whether the statute of limitations barred her claims.

12.    **Conclusion.**

WHEREFORE, for the reasons set forth above, Defendants' Motion to Dismiss (Dkt. 54), Defendants' Reply Brief (Dkt. 86), and the Magistrate's Findings, Conclusions, and Recommendations (Dkt. 87), Defendants respectfully request that this Court adopt the Magistrate's Report and Recommendation, and dismiss these Defendants from Plaintiff's case in their entirety.

<div style="margin-left:40%">

Respectfully submitted:

By:/s/ G. GUS MORRIS
G. GUS MORRIS (P32960)
**McGRAW MORRIS P.C.**
Attorney for Fruitport Township and James Schultz
2075 W. Big Beaver Road
Troy, MI 48084
(248) 502-4000 (Phone)
(248) 502-4001 (Fax)
gmorris@mcgrawmorris.com

</div>

Dated: April 27, 2011

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BARBARA JEAN ALTEMEIER,

     Plaintiff,                    CASE #3:10-cv-02646-N (BK)

vs.                              HON.

DALLAS COUNTY, TEXAS, ET AL,

     Defendants.

---

BARBARA JEAN ALTEMEIER, *Pro Se*
13861 Yockey Street
Garden Grove, CA   92844-2663
(714) 379-9557


TAMMY JEAN ARDOLF
Dallas County Criminal District Attorney – Federal
Attorney for Dallas County, TX, Daniel Downs and
Lupe Valdez
133 N Industrial Blvd., LB 19
Dallas, TX 75207
(214) 653-3603
tjardolf@dallascounty.org


WINSTON L BORUM
Borum & Hancock
Attorney for Ronald Anderson and Parkland
Health and Hospital System Auxiliary
2485 Burnett Plaza
801 Cherry St Unit 14
Fort Worth, TX 76102
(817) 336-4100
borum@borumhancock.com


G. GUS MORRIS (P32960)
**McGRAW MORRIS** P.C.
Attorney for Fruitport Township and James
Schultz
2075 W. Big Beaver Road
Troy, MI   48084
(248) 502-4000
gmorris@mcgrawmorris.com


J G SCHUETTE
JAMES CARROLL BUTT
Dallas City Attorney's Office
Attorneys for City of Dallas, TX, Louis
Canales and Ronald M. Hubner
1500 Marilla Street
7th Floor
Dallas, TX 75201
(214) 670-3519
jason.schuette@dallascityhall.com
james.butt@dallascityhall.com


RICHARD ACHO  (P23913)
Cummings, McClorey, Davis & Acho, PLC
33900 Schoolcraft Road
Livonia, MI   48150
(734) 261-2400

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2011, I electronically filed the foregoing DEFENDANTS, FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF MAGISTRATE JUDGE, with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the ECF system of the court. The ECF system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Tammy J. Ardolf, J. G. Schuette, James C. Butt, Winston L. Borum and Richard G. Acho.

I further certify that a true and correct copy of this document was served on the following person as required by the Federal Rules of Civil Procedure on April 27, 2011, 2011, via First Class Mail:

> BARBARA JEANNE ALTEMEIER
> 13861 Yockey Street
> Garden Grove, CA   92844-2663

Respectfully submitted,

**McGRAW MORRIS** P.C.

BY: s/ G. GUS MORRIS
G. GUS MORRIS (P32960)
Attorneys for Fruitport Township and
James Schultz
2075 W. Big Beaver Road, Ste. 750
Troy, MI   48084
(248) 502-4000
gmorris@mcgrawmorris.com

2