

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 11 2011
CLERK, U.S. DISTRICT COURT
By Deputy 12:30pm

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | No. 3:10-CV-02646-N (BK) |
| | § | |
| DALLAS COUNTY, TEXAS (1); et al., | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS, FRUITPORT TOWNSHIP AND JAMES SCHULTZ'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF MAGISTRATE JUDGE:**

NOW COMES Barbara Jeanne Altemeier, Plaintiff, to file this Plaintiff's Reply to Defendants, Fruitport Township and James Schultz's, Response in Opposition to Plaintiff's Objections to Findings, Conclusions and Recommendation of Magistrate Judge and would show the Court the following to wit:

## I. PLAINTIFF'S REPLY TO DEFENDANTS GENERAL RESPONSE TO PLAINTIFF'S OBJECTIONS:

Plaintiff Objects to the clerical error mis-spelling of her name by Michigan Defendants Muskegon County, Michigan (3), Tony Tague (6) and Dale J. Hilson (7) as "Barbara Jean Altemeier", which is NOT Plaintiff's name. Plaintiff has ONE and ONLY ONE name and no other, and that name is Barbara Jeanne Altemeier, the name under which the above styled suit was filed. Barbara Jeanne is Plaintiff's first name, and Altemeier is Plaintiff's last name.

Also, Plaintiff Objects and Disputes the statements: "Her misguided allegations against the Township Det. Schultz in light of the Magistrate findings… but does not refer in any way to the alleged wrongdoing committed by either the Township or Det. Schultz."

Note: The Fruitport Township Police Department's unwritten policy of lack of investigatory diligence and disregard of due process e.g. in failing to take signed or sworn complaintant and witness statements and failing to correctly identify family relationships as relates to probate and family law issues and James Schultz's perjury in his affidavit used to obtain the Complaint Felony warrant dated October 17, 2006 together demonstrate bad faith and concealment, all of which applies to both the scope of the case and the equitable tolling and equitable estoppel of the Statute of Limitations.

## II. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 1:

Defendant's council is clearly confused as to exactly which affidavit was used to obtain the warrant dated October 17, 2006 (see attachment #2). The affidavit used to obtain the warrant is dated October 17, 2006 (see attachment #1).

Plaintiff will now show the perjury committed by James Schultz (5) and Fruitport Township (4) in the complaint felony affidavit dated October 17, 2006 used to obtain the warrant dated October 17, 2006.

The perjured and fictitious sworn complaint felony affidavit by James Schultz (5) dated October 17, 2006, states: "State of Michigan, County of Muskegon. The complaining witness says that on the date (on or about 8/23/2006) and at the location described above (2176 E Virginia Fruitport Twp. Muskegon County) the defendant, contrary to law, Count 1; EMBEZZLEMENT - FROM A VULNERABLE ADULT - $20,000 OR MORE…"

How could Schultz be a witness on August 23, 2006 when he only became involved in the case after September 13, 2006? Fruitport Police Department, Police Report Incident Number 2006-004326-I, dated 9/13/2006, missing persons, Investigating Officer 2213 Schultz, James Harold. The owner of the house at 2176 E Virginia, Muskegon, MI, is Leland Ernest Davis. The

Plaintiff, Leland Ernest Davis, and Alan Kane Davis were traveling together and were not in the State of Michigan on or about 8/23/06. See Fruitport Township Police Report, Page 31, on 10/16/06 at 1600…:

> "On 10/16/06 at approximately 1600 hrs I received a call back from the Bank President Derrick Sisson. Sisson stated that he is the branch President of the First State Bank… Sisson advised that he remembers when both Leland and Alan Davis came into their branch and opened the accounts. Sisson did state that there was another woman with them, alledgally [SIC] Barbara Altemeier. Sisson said that the accounts were opened in mid-August…"
>
> Note: The First State Bank is located in Guernsey, WY.
>
> "On 9-15-06 at approximately 0930 hours I contacted... Becky Mattison at Seventh Day Baptist Church in North Loup NE... I asked Becky if she knows Leland Davis... Becky last saw him during "Popcorn Days"... it is on August 24,25,26."
>
> Pages 57 & 58:
>
> "On 10-23-06... I then met Leland Davis for the first time... Leland advised me that he was gone for several weeks. Leland stated that he left a while ago to go to Nebraska where he was born to a festival down there... Leland told me that he went to Nebraska with his son Alan and his son's girlfriend, Barbara Altemeier... In further talking with Leland, he stated that since he left with Alan and Barbara to go to the festival in Nebraska, he has not been home. Leland said that he left some time in August and had not been home."

As stated above in three different places of the Fruitport Township Police Report, by three different witnesses, Barbara Jeanne Altemeier (the Plaintiff), Leland Ernest Davis (owner of the house), and Alan Kane Davis (blood son) were not in the State of Michigan on 8/23/06. So, how did Schultz get into a locked up house to witness an embezzlement taking place at 2176 E Virginia, Fruitport Township, County of Muskegon, Michigan on 8/23/06 as sworn to on the complaint felony? There was no probable cause to show any embezzlement of $20,000 or more was committed at an empty house (2176 E Virginia, Fruitport Township, County of Muskegon, Michigan) on 8/23/06. See complaint felony, attachment #1. This perjured and fictitious

complaint felony affidavit was used to issue the bogus warrant dated October 17, 2006 (see attachment #2). Note: Leland Ernest Davis never had any embezzlement of $20,000 or more.

The warrant felony dated October 17, 2006, states: "STATE OF MICHIGAN, COUNTY OF MUSKEGON ...any peace officer or court officer authorized to make arrest: The complaining witness has filed a sworn complaint in this court stating that on the date [8/23/2006] and the location described: 2176 E VIRGINIA, the defendant, contrary to law, COUNT 1: EMBEZZLEMENT - FROM A VULNERABLE ADULT - $20,000 OR MORE did, through fraud, deceit, misrepresentation, or unjust enrichment, obtain, use, or attempt to obtain or use money or property of LELAND ERNEST DAVIS, directly or indirectly benefitting himself or herself, knowing or having reason to know that the person was a vulnerable adult, the money or property having a value of $20,000.00 or more; contrary to MCL 750.174a(5)(a). [750.174A5A] FELONY: 10 Years and/or $15,000.00 or 3 times the value of the money or property involved, whichever is more."

Due to the fictitious and perjured complaint felony affidavit used to obtain this bogus warrant, this warrant is not fair on its face; and therefore is an invalid warrant.

Plaintiff Objects and Disputes the following statement in document 93, page 3, "In this regard, as noted in defendants reply brief: Plaintiff simply 'cannot claim that [Defendant Schultz] recklessly or intentionally [made a false statement or] omitted mention of material facts that were 'clearly critical' to the probable cause determination" at the time he drafted the warrant... this is because even assuming the language regarding Plaintiff's interaction with Bankers Bank of the West was false as alleged (although not established) by Plaintiff, if that portion of the affidavit is removed, it is clear that the affidavit still provided probable cause..."

**This reference is to an affidavit dated October 24, 2006 which is not the affidavit used to obtain the warrant dated October 17, 2006 and contains nothing whatsoever that would refer to an embezzlement taking place on 8/23/06 at the location 2176 E. Virginia, Fruitport Township, MI, as stated on the face of the warrant dated October 17, 2006. Probable cause must be linked to the actual charge on the warrant on the date and exact location as stated on the warrant.**

Plaintiff will now show that nothing in the perjured affidavit dated 8/24/06 by James Schultz / Fruitport Township Michigan demonstrates any probable cause that can be linked to the specific embezzlement that Schultz swore took place on or about 8/23/06 at the location of 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.  Plaintiff was never charged with any crime referred to on this Affidavit!

a. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "1. ...the kidnap[p]ing and abuse of Leland Davis."  This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.  Note:  This is a conclusory statement which is not evidence.  Plaintiff was never charged with kidnapping or abuse of Leland Ernest Davis.

b. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. ...On or about 9/12/06 Leland was taken from his home by [Plaintiff] and driven to Battle Creek, Michigan..."  This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

c. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. …on 9/13/06, while in Battle Creek, Leland was forced to sign, by [Plaintiff], a new last will and testament regarding his assets, estate, and trust, assigning all his assets to Alan Davis…" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

d. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. …Leland did not wish to have all his assets transferred to Alan, cutting other family and friends from his will…" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

e. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. …Leland is in the process of having a legitimate will and trust drafted within the next couple of days, voiding the one signed in Battle Creek…" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

f. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. …Leland was then transported to Texas against his will…" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

g. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. …Leland was never allowed to use the telephone that Leland wished to make…" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

h. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. …Leland was only allowed to eat what [Plaintiff] gave to him…" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

i. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. …Leland was given unknown medications by [Plaintiff] in an attempt to control him…" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

j. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. …Leland had several credit cards opened with his financial information and in his name by [Plaintiff] without his consent…" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan. Note: Third party discovery will show **Leland Ernest Davis never had any credit cards in his name at any time in 2006.**

k. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. ...Leland was told he was signing payment for bills when in reality he was signing wire transfer forms and money withdrawals for [Plaintiff]..." This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan. Note: Leland was never legally declared an incompetent person. Bankers would never have allowed Leland to transfer large sums of money without establishing he was competent to be responsible for his affairs as referred to in the Fruitport Police Department Police Report, page 31 on 10/16/06 as stated by Bank President Derrick Sisson, "Sisson further advised that during the time that they setup the accounts, Leland and Alan seemed very in "control" and Leland appeared to be of sound mind and body."

l. 1. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "2. ...To get Leland to cooperate with [Plaintiff's] wishes and requests, Leland was falsely told by [Plaintiff]... throughout his four weeks of captivity..." This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan. Note: This is a conclusionary statement which is not evidence.

m. Plaintiff Objects and Disputes the following statement found in document 93, page 3: "3. ...I learned that [Plaintiff]... and Leland were moving from hotel to hotel checking in under false names..." This statement does not constitute probable cause

for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

n. Plaintiff Objects and Disputes the following statement found in document 93, pages 3 & 4: "4. From my initial review of the accounting documents of Leland's accounts, Leland had approximately $100,000 taken from his person assets during the four weeks he was held against his will by [Plaintiff.]" This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan. Note: Leland never had $100,000 taken.

o. Plaintiff Objects and Disputes the following statement found in document 93, page 4: "4. ...The credit cards in Leland's name were used without his consent to accrue approximately $7,000 of debt for the benefit of [Plaintiff]..." This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan. Note: This statement is impossible since third party discovery will prove that Leland never had a credit card in his name in 2006.

p. Plaintiff Objects and Disputes the following statement found in document 93, page 4: "5. I have also discovered through a review of the documentation discovered in this case that [Plaintiff] was in the process of shopping for an RV that was going to be purchased with Leland's funds without his consent." This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan. Note: This statement is forward looking speculation.

q. Plaintiff Objects and Disputes the following statement found in document 93, page 4: "In addition,... Plaintiff never challenged the veracity of Detective Schultz' averred statement that 'Leland was [then] driven by [Plaintiff] against his will'..." This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

r. Plaintiff Objects and Disputes the following statement found in document 93, page 4: "As such, Plaintiff has failed to establish that any alleged 'perjury' on the part of Det. Schultz was needed for probable cause. Accordingly, this claim in addition to be required to be dismissed based on the applicable statute of limitations, must also be dismissed for failure to state a claim." This statement does not constitute probable cause for the COUNT 1: EMBEZZLEMENT charge... that allegedly took place on 8/23/06 at 2176 E Virginia, Fruitport Township, Muskegon County, Michigan.

Plaintiff Objects and Disputes the following statement found in document 93, page 5: "Accordingly, defendants respectfully request that this Court overrule Plaintiff's Objection No. 1 and dismiss defendant's from the instant lawsuit in their entirety." **Plaintiff reaffirms that her claims are much broader and extend beyond the Dallas County Jail.**

## III. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 2:

**Equitable tolling and equitable estoppel of statute of limitations - Fruitport Township (4) and James Schultz (5):** Consider what the State of Michigan, Court of Appeals stated in Ward v. Siano Jr., 730N.W.2d 1 (2006),

> "Equitable or judicial tolling ordinarily applies to a specific extraordinary situation in which it would be unfair to allow a statute of limitations defense to prevail because of the defendant's bad faith or other particular and unusual inequities. See 51 Am Jur 2d,

Limitation of Actions, § 174, pp 563-564. Absent statutory language allowing it, judicial tolling is generally unavailable to remedy a plaintiff's failure to comply with express statutory time requirements.1 See 51 Am Jur 2d, Limitation of Actions, § 177, p 565; see also Secura Ins Co v Auto-Owners Ins Co, 461 Mich 382, 387-388; 605 NW2d 308 (2000); Garg v Macomb Co Community Mental Health Services, 472 Mich 263, 285 n 12; 696 NW2d 646 (2005). Inequities that justify judicial tolling must arise independently of the plaintiff's failure to diligently pursue the claim in accordance with the statute. See 51 Am Jur 2d, Limitation of Actions, § 174, § 177, pp 563-564, 565; see also Devillers v Auto Club Ins Ass'n, 473 Mich 562, 586, 590-592; 702 NW2d 539 (2005)."

**Fruitport Township (4) and James Schultz (5) bad faith** included the perjured affidavit dated October 17, 2006 and the perjured affidavit dated October 24, 2006 and then concealed from Muskegon County prosecutors what they had done to maintain the unlawful bogus warrant that was not fair on its face. Schultz had an affirmative obligation to tell the Muskegon County Prosecutors the truth, as they relied on Schultz's perjured October 17, 2006 affidavit to obtain the bogus warrant that was not fair on its face, which prevented Plaintiff's access to the courts until November 10, 2008.

These actions by Fruitport Township (4) and James Schultz (5) led to the unusual inequities of Muskegon County, Michigan (3), Tony Tague (6), Dale J. Hilson (7), in doc. 89, page 3, "the Michigan authorities had refused to provide or allow Plaintiff's family to provide the prescription water and the prescription food required for the life survival of the Plaintiff if jailed.", which the defendants have not denied.

Jonathan M. Jacobson "Antitrust law developments (Sixth), p. 872 (2007) states (Chapter 10, Private Antitrust Suits, discussing the Clayton Act):

"Equitable considerations may also toll the statute of limitations. Equitable estoppel bars a limitations defense when the defendant has induced the plaintiff not to file suit until after the limitations period has expired. Duress can provide yet another basis to toll the statute, although a "duress" defense is limited by the requirement that the defendant must have made actual threats to commit an unlawful act."

It was unlawful for Muskegon County, Michigan (3), Tony Tague (6), Dale J. Hilson (7) to threaten Plaintiff's life by refusing "to provide or allow Plaintiff's family to provide the prescription water and the prescription food required for the life survival of the Plaintiff if jailed.".

**Therefore, the statute of limitations defense by Fruitport Township (4) and James Schultz (5) is equitably tolled by the fraudulent concealment of the truth from Muskegon County, Michigan (3) authorities and by their consequent unlawful threat to Plaintiff's life.**

Plaintiff notes that limited discovery may be allowed to obtain evidence needed to prove equitable tolling and equitable estoppel of a statute of limitation; see for instance Zimmerman v. Poly Prep Country Day School, 09 CV 4586 (EDNY, May 25, 2010) Order 5/25/2010 (Docket Item 51).

Also, see Stoll v. Runyon, 165 F.3d 1238 (9th Cir. January 15, 1999):

> Equitable tolling is permitted even when a plaintiff has a lawyer if the interests of justice so require and there is no prejudice to the defendant. Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Plaintiff Objects and Disputes the following statement found in document 93, page 5: "In other words, Plaintiff, without any citation to authority seeks to have a statute of limitations tolled as a result of her affirmative action of choosing to be a fugitive from the law! Such an argument is incredulous."

Plaintiff Objects and Disputes the following statement found in document 93, page 5: "In this regard, Plaintiff has again failed to provide this Court with any legal authority for her position that the statute of limitation should be tolled."

Plaintiff Objects and Disputes the following statement found in document 93, page 6: "there is no such showing of fraudulent concealment in this case. **Plaintiff re-affirms there is**

**fraudulent concealment in this case by Fruitport Township (4) and James Schultz (5) of the truth from Muskegon County, Michigan (3) authorities, which led to their consequent unlawful threat to Plaintiff's life.**

Plaintiff Objects and Disputes the following statement found in document 93, page 6: "Accordingly, defendant's respectfully request that this Court overrule Plaintiff's Objection No. 2 and dismiss defendants' from the instant lawsuit in their entirety."

Note: The Fruitport Township Police Department's unwritten policy of lack of investigatory diligence and disregard of due process e.g. in failing to take signed or sworn complaintant and witness statements and failing to correctly identify family relationships as relates to probate and family law issues and James Schultz's perjury in his affidavit used to obtain the Complaint Felony warrant dated October 17, 2006 together demonstrate bad faith and concealment, all of which applies to both the scope of the case and the equitable tolling and equitable estoppel of the Statute of Limitations.

## IV. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 3:

Plaintiff Objects and Disputes all responses in Objection No. 3. Plaintiff re-affirms the Constitutional violations of Plaintiff's rights continued until her case was dismissed on November 10, 2008.

## V. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 4:

Plaintiff Objects and Disputes the following statements:

"These arguments have been fully addressed by defendants in response to Plaintiff's Objection No. 1 (pp. 2-5) and therefore incorporate that response herein. In further response, defendants note that Plaintiff's case is barred under either the Michigan Statute of Limitations or the Texas Statute of Limitations as noted by the Magistrate (Dkt. 87, pp. 8-9). Accordingly, defendants respectfully request that this Court overrule Plaintiff's Objection No. 4, and dismiss defendants' from the instant lawsuit in their entirety."

Note: The Fruitport Township Police Department's unwritten policy of lack of investigatory diligence and disregard of due process e.g. in failing to take signed or sworn complaintant and witness statements and failing to correctly identify family relationships as relates to probate and family law issues and James Schultz's perjury in his affidavit used to obtain the Complaint Felony warrant dated October 17, 2006 together demonstrate bad faith and concealment, all of which applies to both the scope of the case and the equitable tolling and equitable estoppel of the Statute of Limitations

Plaintiff re-affirms as stated above in Texas:Scope, Plaintiff's claims are much broader and extend beyond the Dallas County Jail.

## VI. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 5:

Plaintiff Objects and Disputes each and every point in Objection No. 5.

## VII. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 6:

Plaintiff Objects and Disputes each and every point in Objection No. 6.

Plaintiff re-affirms that in fact, the charge of embezzlement against Plaintiff in Muskegon County, MI was dismissed without prejudice.

Plaintiff now will provide the Court with the MOTION/ORDER OF NOLLE PROSEQUI (see attachment #3).

## VIII. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 7:

Plaintiff reaffirms it is a misstatement that "she did not return to that state". "Plaintiff went into hiding and was forced to be a fugitive.", as Plaintiff states (Doc. 6.1 page 23-4).

## IX. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 8:

Plaintiff Objects and Disputes the statement, "but note that this failure was harmless, in that any First Amendment violation would also be barred by the applicable Statute of Limitations."

## X. CONCLUSION:

Plaintiff Objects and Disputes to defendants entire conclusion.

Note: The Fruitport Township Police Department's unwritten policy of lack of investigatory diligence and disregard of due process e.g. in failing to take signed or sworn complaintant and witness statements and failing to correctly identify family relationships as relates to probate and family law issues and James Schultz's perjury in his affidavit used to obtain the Complaint Felony warrant dated October 17, 2006 together demonstrate bad faith and concealment, all of which applies to both the scope of the case and the equitable tolling and equitable estoppel of the Statute of Limitations.

## XI. CONCLUSION:

Note that the Supreme Court has directed that pro-se parties not be held to the same standard in pleading as a lawyer and/or attorney, see Platsky v. CIA, 953 F. 2d 26 (1991):

> "Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel. See e.g., Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (per curiam); see also Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir.1989) (per curiam). In order to justify the dismissal of a pro se complaint, it must be " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Haines v. Kerner, 404 U.S. at 521, 92 S.Ct. at 594 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## XII. PLEA

THEREFORE, IT IS Prayed that the Honorable Magistrate's recommendation be rejected, the statute of limitations be tolled on grounds of equitable tolling and equitable estoppel, and that the case be allowed to proceed to discovery on the full scope of the issues. If the Court does not grant equitable tolling and equitable estoppel of the statute of limitations, then in the alternative it is prayed that the Court grant discovery relating to equitable tolling and equitable estoppel of the statute of limitations.

Respectively submitted,

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California 92844
(714) 379-9557

**ATTACHMENTS:**

1. Affidavit of James Schultz dated October 17, 2006 used to obtain the warrant.

2. Warrant dated October 17, 2006.

3. Motion/Order of Nolle Prosequi 11-10-08.

6005167 LKS

| AT__ OF MICHIGAN<br>th ... DICIAL DISTRICT<br>th JUDICIAL CIRCUIT | COMPLAINT<br>FELONY | DISTRICT: 0608184 FY<br>CIRCUIT: |
|---|---|---|

trict Court ORI: MI610025J Circuit Court ORI: MI610015J
Terrace Street, Muskegon, MI 49442 231-724-6283 990 Terrace Street Muskegon, MI 49442

| | Defendant's name and address | Victim or complainant |
|---|---|---|
| IE PEOPLE OF THE<br>ATE OF MICHIGAN | V BARBARA JEANNE ALTEMEIER<br>ADDRESS UNKNOWN | Complaining Witness |
| -defendant(s) | | Date: On or about<br>08/23/2006 |

| y/Twp./Village | County in Michigan | Defendant TCN | Defendant CTN | Defendant SID | Defendant DOB |
|---|---|---|---|---|---|
| ultport Twp. 2176 E IRGINIA | MUSKEGON | | 61-06005167-01 | | F/W 02/01/1951 |

| lice agency report no. | Charge | DLN Type: | Vehicle Type | Defendant DLN |
|---|---|---|---|---|
| PPD 06-4326 | See below | | | |

TATE OF MICHIGAN, COUNTY OF MUSKEGON
ie complaining witness says that on the date and at the location described above, the defendant, contrary to law,

OUNT 1: EMBEZZLEMENT - FROM A VULNERABLE ADULT - $20,000.00 OR MORE
id, through fraud, deceit, misrepresentation, or unjust enrichment, obtain, use, or attempt to obtain or use money or roperty of LELAND ERNEST DAVIS, directly or indirectly benefitting himself or herself, knowing or having reason know that the person was a vulnerable adult, the money or property having a value of $20,000.00 or more; ontrary to MCL 750.174a(5)(a). [750.174A5A]
ELONY: 10 Years and/or $15,000.00 or 3 times the value of the money or property involved, whichever is reater

Jpon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling samples.

___ If there is a check to the left, please place warrant information on NCIC.
The complaining witness asks that defendant be apprehended and dealt with according to law

Warrant authorized on 10/17/06
Date
by: [signature]
Joseph J. Bader P45717

[signature]
Complaining Witness Signature
Subscribed and sworn to before me on 10/17/06
Date
[signature] P58491
Judge/Magistrate/Clerk Bar no.

... this is a true ... copy of the original on file in the office of the 60th District Court Clerk
60th District Court Clerk
[signature]
Deputy Clerk

STATE'S EXHIBIT #1 10/25/6
PENGAD-Bayonne, N.J.

MUSK. COUNTY PROSECUTOR

005

005167 LKS

| AT F MICHIGAN<br>h JUDICIAL DISTRICT<br>h JUDICIAL CIRCUIT | WARRANT<br>FELONY | DISTRICT:<br>CIRCUIT 06081844FY |
|---|---|---|
| ict Court ORI: MI610025J<br>Terrace Street, Muskegon, MI 49442 231-724-6283 | | Circuit Court ORI: MI610015J<br>990 Terrace Street, Muskegon, MI 49442 |

| | Defendant's name and address | |
|---|---|---|
| E PEOPLE OF THE<br>ATE OF MICHIGAN | V BARBARA JEANNE ALTEMEIER<br>ADDRESS UNKNOWN | Victim or complainant<br><br>Complaining Witness |
| defendant(s) | | Date: On or about:<br>08/23/2006 |

| /Twp./Village | County in Michigan | Defendant TCN | Defendant CTN | Defendant SID | Defendant DOB |
|---|---|---|---|---|---|
| uitport Twp. 2176 E RGINIA | MUSKEGON | | 61-06005167-01 | | F/W 02/01/1951 |

| ice agency report no. | Charge | DLN Type: | Vehicle Type | Defendant DLN |
|---|---|---|---|---|
| PD 06-4326 | See below | | | |

ATE OF MICHIGAN, COUNTY OF MUSKEGON

any peace officer or court officer authorized to make arrest: The complaining witness has filed a sworn complaint in this urt stating that on the date and the location described: 2176 E VIRGINIA, the defendant, contrary to law,

OUNT 1: EMBEZZLEMENT - FROM A VULNERABLE ADULT - $20,000.00 OR MORE
d, through fraud, deceit, misrepresentation, or unjust enrichment, obtain, use, or attempt to obtain or use money or operty of LELAND ERNEST DAVIS, directly or indirectly benefitting himself or herself, knowing or having reason know that the person was a vulnerable adult, the money or property having a value of $20,000.00 or more; ontrary to MCL 750.174a(5)(a). [750.174A5A]
ELONY: 10 Years and/or $15,000.00 or 3 times the value of the money or property involved, whichever is re.

lpon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification rofiling samples

lpon examination of the complaining witness, I find that the offense charged was committed and that there is probable cause to believe hat defendant committed the offense. THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN, I order you to rrest and bring defendant before the 60TH District Court immediately.

☑ The defendant may be released before arraignment if $100,000 C/S is posted as interim bail by 10/18/06.
Date

10/17/06 (SEAL) [signature] P38191
Date Judge/Magistrate Bar no.

See attached return.

[stamp, partially legible:] ... copy is a ... copy of the original ... of the 60th District Court ...
60th ... Deputy Clerk [signature]

2006005167 SN

| STATE OF MICHIGAN<br>60th JUDICIAL DISTRICT<br>14th JUDICIAL CIRCUIT | MOTION/ORDER<br>OF NOLLE PROSEQUI | CASE NO.: 2006005167<br>DISTRICT: 06-081844-FY<br>CIRCUIT: |
|---|---|---|

District Court ORI: MI610025J
990 Terrace Street, Muskegon, MI 49442 231-724-6283

Circuit Court ORI: MI610015J
990 Terrace Street Muskegon, MI 49442

THE PEOPLE OF
THE STATE OF MICHIGAN

v

Defendant name, address, and telephone no.
BARBARA JEANNE ALTEMEIER
ADDRESS UNKNOWN

| CTN | SID | DOB |
|---|---|---|
| 61-06005167-01 / | | 02/01/1951 |

| COUNT | CRIME | CHARGE CODE(S) |
|---|---|---|
| 001 | EMBEZZLE-FROM VUL. ADULT$20000 OR > | 750/174A5A |

**Motion**

Dale J. Hilson prosecuting official, moves for a nolle prosequi in this case for the following reason(s):

Victim, Leland Davis, called and stated it was his opinion that defendant did not intend to steal any of his money and wishes the case be dismissed.

10/16/2008
Date

DALE J. HILSON P57726, Prosecuting Official

**ORDER**

**IT IS ORDERED:**

[X]1. Motion for nolle prosequi is granted and the case is dismissed without prejudice.

[ ] 2. Motion for nolle prosequi is granted as to the following charge(s) which are dismissed without prejudice.

[ ] 3. Motion for nolle prosequi is denied.

[ ] 4. Defendant shall be immediately discharged from confinement in this case.

[ ] 5. Bond, if posted, is cancelled and shall be returned after costs are deducted.

[ ] 6. Bond/Bail is continued.

Date 11-10-08

, Judge

If item 1 is checked the clerk of the court shall send a photocopy of this order to the Michigan State Police Central Records Division to delete this criminal history record as required under MCL 769.16a.

TO THE DEFENDANT: By law, your fingerprints, arrest card, and description will either be destroyed or returned to you by the Michigan State Police within 60 days of the date of this order. If you do not receive your fingerprints, arrest card, and description within 60 days of the date of this order, you may choose to contact the Michigan State Police to verify that the prints, card, and description were destroyed.

I HEREBY CERTIFY that this copy is a true and correct copy of the original on file with the ... of the 60th District Court

Christina Scott

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's Reply to Defendants, Fruitport Township and James Schultz's, Response in Opposition to Plaintiff's Objections to Findings, Conclusions and Recommendation of Magistrate Judge is true and correct to the best of my knowledge and belief.

Witness my hand and seal this 10 day of May, 2011.

Barbara Jeanne Altemeier

**CERTIFICATE OF SERVICE**

IT IS HEREBY Certified that a copy of the aforementioned Plaintiff's Reply to Defendants, Fruitport Township and James Schultz's, Response in Opposition to Plaintiff's Objections to Findings, Conclusions and Recommendation of Magistrate Judge was sent by First Class Mail on the 10 day of May, 2011 to the Defendants below.

Barbara Jeanne Altemeier

Ronald G. Acho
Cummins, McClorey, Davis & Acho PLC
33900 Schoolcraft
Livonia, MI 48150

G. Gus Morris
McGraw Morris P.C.
2075 W. Big Beaver Road Suite 750
Troy, Michigan 48084

Craig Watkins, District Attorney
Tammy Jean Ardolf, Assistant District Attorney
Dallas County Criminal District Attorney's Office
Federal Section
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399

Thomas P. Perkins, Jr., Dallas City Attorney
Jason G. Schuette, Executive Assistant City Attorney
James C. Butt, Assistant City Attorney
City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201

Winston L. Borum
Borum & Hancock, L.L.P.
2485 Burnett Plaza
801 Cherry Street, Unit # 14
Fort Worth, Texas 76102

Schedule package pickup right fr
$18.30
00060777-13
EXPRESS MAIL
UNITED STATES POSTAL SERVICE
Flat Rate
Mailing Envelope
For Domestic and International Use
Visit us at usps.com
EMS
When used internationally affix customs declarations (PS Form 2976, or 2976A).
EH944898462US
Addressee Copy
Label 11-B, March 2004
Post Office To Addressee
ORIGIN (POSTAL SERVICE USE ONLY)
DELIVERY (POSTAL USE ONLY)
CUSTOMER USE ONLY
WAIVER OF SIGNATURE (Domestic Mail Only) Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.
NO DELIVERY
FROM: (PLEASE PRINT)
TO: (PLEASE PRINT)
FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811
PRESS HARD. YOU ARE MAKING 3 COPIES.
12:30 pm
RECEIVED
MAY 11 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
USPS packaging products have been awarded Cradle to Cradle Certification for their ecologically-intelligent design. For more information go to mbdc.com/usps
Please recycle.
EP13F
082708_EM_EP13F OCT 2008