

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | No. 3:10-CV-02646-N (BK) |
| | § | |
| DALLAS COUNTY, TEXAS (1); et al., | § | |
| | § | |
| DEFENDANTS. | § | |

FILED MAY 12 2011 CLERK, U.S. DISTRICT COURT By _____ Deputy — U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## PLAINTIFF'S REPLY TO DEFENDANTS, COUNTY OF MUSKEGON, TONY TAGUE AND DALE HILSON'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS, CONCLUSIONS AND RECOMMENDATION OF MAGISTRATE JUDGE:

NOW COMES Barbara Jeanne Altemeier, Plaintiff, to file this Plaintiff's Reply to Defendants, County of Muskegon, Tony Tague and Dale Hilson's Response to Plaintiff's Objections to Findings, Conclusions and Recommendation of Magistrate Judge and would show the Court the following to wit:

### I. PLAINTIFF'S REPLY TO DEFENDANTS GENERAL RESPONSE TO PLAINTIFF'S OBJECTIONS:

Plaintiff Objects to the clerical error mis-spelling of her name by Michigan Defendants Muskegon County, Michigan (3), Tony Tague (6) and Dale J. Hilson (7) as "Barbara Jean Altemeier", which is NOT Plaintiff's name. Plaintiff has ONE and ONLY ONE name and no other, and that name is <u>Barbara Jeanne Altemeier</u>, the name under which the above styled suit was filed. <u>Barbara Jeanne</u> is Plaintiff's first name, and <u>Altemeier</u> is Plaintiff's last name.

Also, Plaintiff Objects and Disputes Defendants' statement:

"… the In Pro Per Plaintiffs objections are largely at issues completely unrelated to those conclusions and recommendations reached by the Magistrate Judge. That is to say that while couched in the terms of the statute of limitations issue, the real focus of Plaintiff's arguments is on fact issues, related to the underlying police investigation, her arrest and

1

incarceration, her flight from justice and to her conclusory and unsupported assertions of her innocence."

On the contrary, Plaintiff's assertions of innocence are more than conclusory. See the letter of from Leland E. Davis to Tony Tague, dated October 21, 2008 (Attachment #1), in which he stated:

> "My name is Leland E. Davis. I spoke with your assistant Mr. DJ Hilson October 15 about the case involving myself and Barbara Jeanne Altemeier. I asked Mr. DJ Hilson to please dismiss all charges aganist [SIC] Barbara. I was not a victim. She never did, or even attempted to do anything wrong. Mr. DJ Hilson told me he would put it in his dismissed file. I would appreciate this matter being taken care of promply [SIC] ..."

Plaintiff Objects and Disputes Defendants' statement:

> "plaintiff's claims, regardless of their legal sufficiency are time barred by the applicable statue of limitations, as the Magistrate Judge concluded. The Plaintiff has no real insight into the law in this area and the accrual of any cause of action. ..."

On the contrary, see discussions of Equitable Tolling and Equitable Estoppel below.

## II. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 1:

Plaintiff Objects and Disputes each and every point in Defendants' response to Plaintiff's Objection No. 1 (§ 1983 Claims: Texas: Scope).

Note: The Fruitport Township Police Department's unwritten policy of lack of investigatory diligence and disregard of due process e.g. in failing to take signed or sworn complaintant and witness statements and failing to correctly identify family relationships as relates to probate and family law issues and James Schultz's perjury in his affidavit used to obtain the Complaint Felony warrant dated October 17, 2006 together demonstrate bad faith and concealment of the truth, while the Muskegon County Prosecutor's Office's lack of verification of facts required by due diligence demonstrates careless disregard, and their refusal to address Plaintiff's health needs during incarceration reflects unlawful duress, all of which applies to both

the scope of the case and the equitable tolling and equitable estoppel of the Statute of Limitations.

### III. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 2:

Plaintiff Objects and Disputes each and every point in Defendants' response to Plaintiff's Objection No. 2 (§ 1983 Claims: Texas: Tolling).

**Equitable tolling and equitable estoppel of statute of limitations - Muskegon County, Michigan (3), Tony Tague (6) and Dale J. Hilson (7):** Consider what the State of Michigan, Court of Appeals stated in Ward v. Siano Jr., 730N.W.2d 1 (2006),

> "Equitable or judicial tolling ordinarily applies to a specific extraordinary situation in which it would be unfair to allow a statute of limitations defense to prevail because of the defendant's bad faith or other particular and unusual inequities. See 51 Am Jur 2d, Limitation of Actions, § 174, pp 563-564. Absent statutory language allowing it, judicial tolling is generally unavailable to remedy a plaintiff's failure to comply with express statutory time requirements.1 See 51 Am Jur 2d, Limitation of Actions, § 177, p 565; see also Secura Ins Co v Auto-Owners Ins Co, 461 Mich 382, 387-388; 605 NW2d 308 (2000); Garg v Macomb Co Community Mental Health Services, 472 Mich 263, 285 n 12; 696 NW2d 646 (2005). Inequities that justify judicial tolling must arise independently of the plaintiff's failure to diligently pursue the claim in accordance with the statute. See 51 Am Jur 2d, Limitation of Actions, § 174, § 177, pp 563-564, 565; see also Devillers v Auto Club Ins Ass'n, 473 Mich 562, 586, 590-592; 702 NW2d 539 (2005)."

**Fruitport Township (4) and James Schultz (5) bad faith** included the perjured affidavit dated October 17, 2006 and the perjured affidavit dated October 24, 2006 and then concealed from Muskegon County prosecutors what they had done to maintain the unlawful bogus warrant that was not fair on its face. Schultz had an affirmative obligation to tell the Muskegon County Prosecutors the truth, as they relied on Schultz's perjured October 17, 2006 affidavit to obtain the bogus warrant that was not fair on its face, which led to the unusual inequities of Muskegon County, Michigan (3), Tony Tague (6), Dale J. Hilson (7), in doc. 89, page 3, "the Michigan authorities had refused to provide or allow Plaintiff's family to provide

the prescription water and the prescription food required for the life survival of the Plaintiff if jailed.", which the defendants have not denied.

Jonathan M. Jacobson "Antitrust law developments (Sixth), p. 872 (2007) states (Chapter 10, Private Antitrust Suits, discussing the Clayton Act):

> "Equitable considerations may also toll the statute of limitations. Equitable estoppel bars a limitations defense when the defendant has induced the plaintiff not to file suit until after the limitations period has expired. Duress can provide yet another basis to toll the statute, although a "duress" defense is limited by the requirement that the defendant must have made actual threats to commit an unlawful act."

It was unlawful for Muskegon County, Michigan (3), Tony Tague (6), Dale J. Hilson (7) to place Plaintiff in duress by threating Plaintiff's life by refusing "to provide or allow Plaintiff's family to provide the prescription water and the prescription food required for the life survival of the Plaintiff if jailed.".

**Therefore, the statute of limitations defense by Fruitport Township (4) and James Schultz (5) is equitably tolled by the fraudulent concealment of the truth from Muskegon County, Michigan (3) authorities and by Muskegon County, Michigan (3) authorities consequent unlawful threat to Plaintiff's life.**

Plaintiff notes that limited discovery may be allowed to obtain evidence needed to prove equitable tolling and equitable estoppel of a statute of limitation; see for instance Zimmerman v. Poly Prep Country Day School, 09 CV 4586 (EDNY, May 25, 2010) Order 5/25/2010 (Docket Item 51).

Also, see Stoll v. Runyon, 165 F.3d 1238 (9th Cir. January 15, 1999):

> Equitable tolling is permitted even when a plaintiff has a lawyer if the interests of justice so require and there is no prejudice to the defendant. Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

## IV. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 3:

Plaintiff Objects and Disputes each and every point in Defendants' response to Plaintiff's Objection No. 3 (§ 1983 Claims: Texas: Tolling / continuing violations of rights).

## V. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 4:

Plaintiff has no comment to Defendants' response to Plaintiff's Objection No. 5 (§ 1983 Claims: Michigan: Scope).

Note: The Fruitport Township Police Department's unwritten policy of lack of investigatory diligence and disregard of due process e.g. in failing to take signed or sworn complaintant and witness statements and failing to correctly identify family relationships as relates to probate and family law issues and James Schultz's perjury in his affidavit used to obtain the Complaint Felony warrant dated October 17, 2006 together demonstrate bad faith and concealment of the truth, while the Muskegon County Prosecutor's Office's lack of verification of facts required by due diligence demonstrates careless disregard, and their refusal to address Plaintiff's health needs during incarceration reflects unlawful duress, all of which applies to both the scope of the case and the equitable tolling and equitable estoppel of the Statute of Limitations.

## VI. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 5:

Plaintiff Objects and Disputes each and every point in Defendants' response to Plaintiff's Objection No. 5 (§ 1983 Claims: Michigan: Tolling).

Note: The Fruitport Township Police Department's unwritten policy of lack of investigatory diligence and disregard of due process e.g. in failing to take signed or sworn complaintant and witness statements and failing to correctly identify family relationships as

relates to probate and family law issues and James Schultz's perjury in his affidavit used to obtain the Complaint Felony warrant dated October 17, 2006 together demonstrate bad faith and concealment of the truth, while the Muskegon County Prosecutor's Office's lack of verification of facts required by due diligence demonstrates careless disregard, and their refusal to address Plaintiff's health needs during incarceration reflects unlawful duress, all of which applies to both the scope of the case and the equitable tolling and equitable estoppel of the Statute of Limitations.

In response to Defendant's discussion of the application of a statute of limitations to Plaintiff's request for injunctive relief, Plaintiff reiterates from her Objection 14:

> "The Court has neglected to address Plaintiff's request for injunctive relief, the second half of Plaintiff's case, and thus fails to mitigate the threat of future harm caused by the false accusations of the Michigan Defendants, the perjerous affidavits of James Schultz (5) and police reports of Fruitport Township, Michigan (4) which are false in key respects, which may continue to harm Plaintiff in the future.
>
> Upon discovery, which may reveal specific means by which Plaintiff is threatened by future deprivation of rights under color of law, Plaintiff will provide specific language for an Order of injunctive relief."

### VII. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 6:

Plaintiff Objects and Disputes in Defendants' response to Plaintiff's Objection No. 6 (Fact: Disposition of charge) the statement:

> "There is no statement, document, transcript or evidence that asserts the charges were withdrawn because the 'alleged victim' notified defendant Hilson no crime had been committed."

See Attachment 1: On October 21, 2008, Leland Davis wrote a letter to Tony Tague in which he stated:

> "My name is Leland E. Davis. I spoke with your assistant Mr. DJ Hilson October 15 about the case involving myself and Barbara Jeanne Altemeier. I asked Mr. DJ Hilson to please dismiss all charges aganist [SIC] Barbara. I was not a victim. She never did, or

6

even attempted to do anything wrong. Mr. DJ Hilson told me he would put it in his dismissed file. I would appreciate this matter being taken care of promply [SIC] ..."

Plaintiff Objects and Disputes the statement:

"In fact, Altemeier's boyfriend Allen Davis, partner in the scheme and son of their elderly victim, was convicted of charges arising out of the incidents. Sadly, one of the aspects of this case is the Plaintiff and Allen Davis manipulated a confused, elderly and unsophisticated octogenarian year old while trying to get his money. The elderly Leland David [sic] did not exonerate the Plaintiff and the charges."

Note: Guilt by association is illegal, and has been struck down by the Supreme Court.

Note: Leland has never been legally declared to be an incompetent person. Bankers would never have allowed Leland to transfer large sums of money without establishing he was competent to be responsible for his affairs as referred to in the Fruitport Police Department Police Report, page 31 on 10/16/06 as stated by Bank President Derrick Sisson:

"Sisson further advised that during the time that they setup the accounts, Leland and Alan seemed very in "control" and Leland appeared to be of sound mind and body."

## VIII. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 7:

Plaintiff Objects and Disputes each and every point in Defendants' response to Plaintiff's Objection No. 7 (Fact: Did not return...).

## IX. PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO OBJECTION 8-10:

Plaintiff Objects and Disputes each and every point in Defendants' response to Plaintiff's Objection Nos. 8-10 (Omissions and spelling errors).

## X. PLAINTIFF'S REPLY TO DEFENDANTS CONCLUSION:

Plaintiff Objects and Disputes each and every point in Defendants' Conclusion. The Statute of Limitations should be tolled on grounds of equitable tolling and equitable estoppel.

## XI. ADDITIONAL NOTE:

Note that the Supreme Court has directed that pro-se parties not be held to the same standard in pleading as a lawyer and/or attorney, see Platsky v. CIA, 953 F. 2d 26 (1991):

"Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel. See e.g., Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (per curiam); see also Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir.1989) (per curiam). In order to justify the dismissal of a pro se complaint, it must be " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Haines v. Kerner, 404 U.S. at 521, 92 S.Ct. at 594 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## XII. PLEA

THEREFORE, IT IS Prayed that the Honorable Magistrate's recommendation be rejected, the statute of limitations be tolled on grounds of equitable tolling and equitable estoppel, and that the case be allowed to proceed to discovery on the full scope of the issues. If the Court does not grant equitable tolling and equitable estoppel of the statute of limitations, then in the alternative it is prayed that the Court grant discovery relating to equitable tolling and equitable estoppel of the statute of limitations.

Respectively submitted,

*Barbara Jeanne Altemeier*

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California 92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's Reply to Defendants, County of Muskegon, Tony Tague and Dale Hilson's Response to Plaintiff's Objections to Findings, Conclusions and Recommendation of Magistrate Judge is true and correct to the best of my knowledge and belief.

Witness my hand and seal this _11_ day of May, 2011.

_____
Barbara Jeanne Altemeier

## ATTACHMENTS:

1. Letter from Leland E. Davis to Tony Tague dated October 21, 2008   pg 11.

2176 E Virginia Dr.
Muskegon MI, 49444
October 21, 2008

Dear Mr. Tony Tague,

My Name is Leland E Davis I spoke with your assistant Mr. D. J. Hilson October 15th about the case involving myself and Barbara Jeanne Altemeier, I asked Mr. D. J. Hilson to please dismiss all charges against Barbara. I was not a victim. She never did, or even attempted to do anything wrong. Mr. D J. Hilson told me he would put it in his dismissed file.

I would appreciate this matter being taken care of promptly. I am enclosing a copy of my letter ~~to~~ to Mr. D.J. Hilson. I am willing to converse with you regarding this matter you may contact me at 231-74; 320

11. Respectfully,
Leland E. Davis

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Plaintiff's Reply to Defendants, County of Muskegon, Tony Tague and Dale Hilson's Response to Plaintiff's Objections to Findings, Conclusions and Recommendation of Magistrate Judge was sent by First Class Mail on the _11_ day of May, 2011 to the Defendants below.

_____
Barbara Jeanne Altemeier

Ronald G. Acho
Cummins, McClorey, Davis & Acho PLC
33900 Schoolcraft
Livonia, MI  48150

G. Gus Morris
McGraw Morris P.C.
2075 W. Big Beaver Road Suite 750
Troy, Michigan  48084

Craig Watkins, District Attorney
Tammy Jean Ardolf, Assistant District Attorney
Dallas County Criminal District Attorney's Office
Federal Section
133 N. Riverfront Blvd., LB 19
Dallas, Texas  75207-4399

Thomas P. Perkins, Jr., Dallas City Attorney
Jason G. Schuette, Executive Assistant City Attorney
James C. Butt, Assistant City Attorney
City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas  75201

Winston L. Borum
Borum & Hancock, L.L.P.
2485 Burnett Plaza
801 Cherry Street, Unit # 14
Fort Worth, Texas  76102



