

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | No. 3:10-CV-02646-N (BK) |
| | § | |
| DALLAS COUNTY, TEXAS (1); et al. | § | |
| | § | |
| DEFENDANTS. | § | |

### PLAINTIFF'S MOTION FOR RECONSIDERATION

NOW COMES Barbara Jeanne Altemeier, Plaintiff, in the above-entitled case to file this Plaintiff's Motion for Reconsideration Pursuant to FRCP 35(a) and would show this Court the following, to wit:

Plaintiff received delivery by mail of the Court's decision to dismiss at approximately 3:25pm on Saturday, May 28, 2011 and post marked Wednesday, May 25, 2011.

Plaintiff objects to the clerical error mis-spelling of her name by the Court as "Barbara Altemeier", which is NOT Plaintiff's name. Plaintiff has ONE, and ONLY ONE name, and no other, and that name is <u>Barbara Jeanne Altemeier</u>, the name under which the above styled suit was filed. <u>Barbara Jeanne</u> is Plaintiff's first name, and <u>Altemeier</u> is Plaintiff's last name.

Plaintiff's understanding of the dismissal of this case for Statute of Limitations is the Court saying to her—The Court required Plaintiff to know she was injured on the day of arrest, October 17, 2006, and file her case sometime during the two years until October 17, 2008, which would mean she was incarcerated from 10/17/06 to 1/2/07 and then after Michigan failed to extradite her, the same warrant, which was obtained while Plaintiff was in jail, continued for her arrest again through October 17, 2008. So, the Court is saying, it required her to have filed the

1

case, which would mean in order for the case to have been heard she would have had to surrender to instant cruel and unusual punishment at best, likely followed by death due to the known threat by the Muskegon Authorities unwillingness to accommodate Plaintiff's unique medical needs, by not agreeing to give her or allow her family to provide her prescription water and prescription organic food, which they have never denied. Plaintiff's unique well established medical needs are internationally known and have been recognized and acknowledged by formal letter by the American Academy of Environmental Medicine. Simply put, file within the two years to sue for, in part, having experienced cruel and unusual punishment by the Texas defendants, but in order to do so, Plaintiff would be forced to submit herself to the cruel and unusual punishment of the Michigan Authorities. This choice does not sound like legal remedy to the Plaintiff.

> Pursuant to the Texas State Constitution Article 1 section 13 Titled, EXCESSIVE BAIL OR FINES; CRUEL AND UNUSUAL PUNISHMENT; REMEDY BY DUE COURSE OF LAW; it specifically states that: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Plaintiff will now show the Court Judicial allowances for special cases like this.

## I. BACKGROUND

Plaintiff appreciates the Court having stated, "For the purposes of these motions to dismiss, the Court takes all allegations plead in Plaintiff's Amended Complaint as true and correct."

## II. APPLICABLE LAW

A motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a

strongly convincing nature to induce the court to reverse its prior decision. Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw 1996).

"A Plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.'" Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001).

"Where a state statute of limitations is borrowed, the state's rules for tolling the statute are borrowed as well." Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 984 n. 8 (5th Cir. 1992).

> "Under Texas law, fraudulent concealment is an affirmative defense to an assertion that the statute of limitations has run. In Nichols v. Smith, 507 S.W.2d 518, 519 (Tex. 1974), the Texas Supreme Court stated the doctrine as follows:
> When the defendant is under a duty to make a disclosure but fraudulently conceals the existence of a cause of action from the one to whom it belongs, the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered." Timberlake v. A.H. Robins Co., 727 F.2d 1363, 1366 (5th Cir.1984).

"the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, supra.

> "Equitable or judicial tolling ordinarily applies to a specific extraordinary situation in which it would be unfair to allow a statute of limitations defense to prevail because of the defendant's bad faith or other particular and unusual inequities. See 51 Am Jur 2d, Limitation of Actions, § 174, pp 563-564. Absent statutory language allowing it, judicial tolling is generally unavailable to remedy a plaintiff's failure to comply with express statutory time requirements.1 See 51 Am Jur 2d, Limitation of Actions, § 177, p 565; see also Secura Ins Co v Auto-Owners Ins Co, 461 Mich 382, 387-388; 605 NW2d 308 (2000); Garg v Macomb Co Community Mental Health Services, 472 Mich 263, 285 n 12; 696 NW2d 646 (2005). Inequities that justify judicial tolling must arise independently of the plaintiff's failure to diligently pursue the claim in accordance with the statute. See 51 Am Jur 2d, Limitation of Actions, § 174, § 177, pp 563-564, 565; see also Devillers v Auto Club Ins Ass'n, 473 Mich 562, 586, 590-592; 702 NW2d 539 (2005)." Ward v. Siano Jr., 730N.W.2d 1 (2006).

"Equitable considerations may also toll the statute of limitations. Equitable estoppel bars a limitations defense when the defendant has induced the plaintiff not to file suit until after the

3

limitations period has expired. Duress can provide yet another basis to toll the statute, although a "duress" defense is limited by the requirement that the defendant must have made actual threats to commit an unlawful act." Jonathan M. Jacobson "Antitrust law developments (Sixth), p. 872 (2007) states (Chapter 10, Private Antitrust Suits, discussing the Clayton Act).

Limited discovery may be allowed to obtain evidence needed to prove equitable tolling and equitable estoppel of a statute of limitation; see for instance <u>Zimmerman v. Poly Prep Country Day School</u>, 09 CV 4586 (EDNY, May 25, 2010) Order 5/25/2010 (Docket Item 51).

Also, see Stoll v. Runyon, 165 F.3d 1238 (9th Cir. January 15, 1999):

Equitable tolling is permitted even when a plaintiff has a lawyer if the interests of justice so require and there is no prejudice to the defendant. Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

The Texas Supreme Court explained: When the defendant is under a duty to make a disclosure but fraudulently conceals the existence of a cause of action from the one to whom it belongs, the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered. "Under Texas Law, fraudulent concealment is an affirmative defense to an assertion that the statute of limitations has run." <u>Timberlake v. A.H. Robins Co.</u>, 727 F.2d 1363, 1366 (5th Cir.1984).

Pursuant to the Texas State Constitution Article 1 section 13 Titled, EXCESSIVE BAIL OR FINES; CRUEL AND UNUSUAL PUNISHMENT; REMEDY BY DUE COURSE OF LAW; it specifically states that: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Under federal law, cause of action under § 1983 accrues the moment that the Plaintiff knows or has reason to know of injury that is basis of his (her) complaint. Helton v. Clements, 832 F.2d 332.

The Supreme Court has directed that pro-se parties not be held to the same standard in pleading as a lawyer and/or attorney, see Platsky v. CIA, 953 F. 2d 26 (1991): "Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel. See e.g., Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam); Haines v. Kerner, supra; see also Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir.1989) (per curiam). In order to justify the dismissal of a pro se complaint, it must be "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner; supra; at 594 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

### III. DISCUSSION

**The Michigan Defendants**

Federal Law does not have a statute of limitations in a Title 42 lawsuit (See Title 42, U.S.C § 1983). However, Federal Courts in the 5th, Circuit have determined that at Title 42 lawsuit is similar to a state court action in a tort action, which is bound by the State Statute of Limitations law. Michigan also recognizes the tolling of the Statute of Limitations.

The Plaintiff has issues that fit the tolling statutes:

As a separate cause of action, Plaintiff claims through pleadings, motions and affidavits show substantial fraudulent concealment on the part of the Defendants. The Plaintiff seeks to invoke this affirmative defense in an effort to toll the three-year statute of limitations.

**Equitable Tolling and Equitable Estoppel of Statute of Limitations**

Consider what the State of Michigan, Court of Appeals stated:

"Equitable or judicial tolling ordinarily applies to a specific extraordinary situation in which it would be unfair to allow a statute of limitations defense to prevail because of the **defendant's bad faith or other particular and unusual inequities**. See 51 Am Jur 2d, Limitation of Actions, § 174, pp 563-564. Absent statutory language allowing it, judicial tolling is generally unavailable to remedy a plaintiff's failure to comply with express statutory time requirements.1 See 51 Am Jur 2d, Limitation of Actions, § 177, p 565; see also Secura Ins Co v Auto-Owners Ins Co, 461 Mich 382, 387-388; 605 NW2d 308 (2000); Garg v Macomb Co Community Mental Health Services, 472 Mich 263, 285 n 12; 696 NW2d 646 (2005). Inequities that justify judicial tolling must arise independently of the plaintiff's failure to diligently pursue the claim in accordance with the statute. See 51 Am Jur 2d, Limitation of Actions, § 174, § 177, pp 563-564, 565; see also Devillers v Auto Club Ins Ass'n, 473 Mich 562, 586, 590-592; 702 NW2d 539 (2005)." Ward v. Siano Jr., 730N.W.2d 1 (2006).

**Fruitport Township (4) and James Schultz (5) bad faith** included the perjured affidavit dated October 17, 2006 and the perjured affidavit dated October 24, 2006 and then concealed from Muskegon County prosecutors what they had done to maintain the unlawful bogus warrant that was not fair on its face. Schultz had an affirmative obligation to tell the Muskegon County Prosecutors the truth, as they relied on Schultz's perjured October 17, 2006 affidavit to obtain the bogus warrant that was not fair on its face, which led to the **unusual inequities of Muskegon County, Michigan (3), Tony Tague (6), Dale J. Hilson (7)**, in doc. 89, page 3, "the Michigan authorities had refused to provide or allow Plaintiff's family to provide the prescription water and the prescription food required for the life survival of the Plaintiff if jailed.", which the defendants have not denied.

6

Jonathan M. Jacobson "Antitrust law developments (Sixth), p. 872 (2007) states (Chapter 10, Private Antitrust Suits, discussing the Clayton Act):

> "Equitable considerations may also toll the statute of limitations. Equitable estoppel bars a limitations defense when the defendant has induced the plaintiff not to file suit until after the limitations period has expired. Duress can provide yet another basis to toll the statute, although a "duress" defense is limited by the requirement that the defendant must have made actual threats to commit an unlawful act."

It was **unlawful for Muskegon County, Michigan (3), Tony Tague (6), Dale J. Hilson (7) to place Plaintiff in duress by threatening Plaintiff's life** by refusing "to provide or allow Plaintiff's family to provide the prescription water and the prescription food required for the life survival of the Plaintiff if jailed."

**Therefore, the statute of limitations defense by Fruitport Township (4) and James Schultz (5) is equitably tolled by the fraudulent concealment of the truth from Muskegon County, Michigan (3), Tony Tague (6), and Dale J. Hilson (7); and by Muskegon County, Michigan (3), Tony Tague (6), and Dale J. Hilson (7) consequent unusual inequity of unlawful threat to Plaintiff's life, thus placing the Plaintiff in duress, which induced the Plaintiff not to file suit until after the limitations period had expired.**

**Plaintiff notes that limited discovery may be allowed to obtain evidence needed to prove equitable tolling and equitable estoppel of a statute of limitation**; see for instance Zimmerman v. Poly Prep Country Day School, 09 CV 4586 (EDNY, May 25, 2010) Order 5/25/2010 (Docket Item 51).

Also, see Stoll v. Runyon, 165 F.3d 1238 (9th Cir. January 15, 1999):

> Equitable tolling is permitted even when a plaintiff has a lawyer if the interests of justice so require and there is no prejudice to the defendant. Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

7

The Michigan prosecutors fraudulently concealed the fact that the "victim" contacted and informed the prosecutors by letters that:

> "My name is Leland E. Davis. I spoke with your assistant Mr. DJ Hilson October 15 about the case involving myself and Barbara Jeanne Altemeier. I asked Mr. DJ Hilson to please dismiss all charges againist [SIC] Barbara. I was not a victim. She never did, or even attempted to do anything wrong. Mr. DJ Hilson told me he would put it in his dismissed file. I would appreciate this matter being taken care of promply [SIC] ..." October 21, 2008.

**The Texas Defendants**

Federal Law does not have a statute of limitations in a Title 42 lawsuit (See Title 42, U.S.C § 1983). However, Federal Courts in the 5th, Circuit have determined that at Title 42 lawsuit is similar to a state court action in a tort action, which is bound by the State Statute of Limitations law. Texas also recognizes the tolling of the Statute of Limitations.

"A Plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.'" Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). Under federal law, the limitations period accrues when the Plaintiff has a complete and present cause of action; that is, when the Plaintiff can file suit and obtain relief. Wallace, 549 at 388. Stated differently, under federal law, the limitations period begins to run "the moment the Plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, supra. Federal law determines when the cause of action accrues. Helton v. Clements, 832 F.2d 332. Under federal law, cause of action under § 1983 accrues the moment that the Plaintiff knows or has reason to know of injury that is basis of his (her) complaint. Helton v. Clements, supra. The Plaintiff did not know or realize that her rights were violated until her criminal case was dismissed. Plaintiff was a layman, untrained in legal matters, and could not at

the time before dismissal have known or realized that the evidence and procedures were illegal, erroneous and bogus.

**Plaintiff is entitled to rely on the principles of equitable tolling and equitable estoppel of the statute of limitations** and therefore, the Statute of Limitations is equitably tolled November 11, 2008, when the threat to Plaintiff's life ceased due to the warrant being lifted because the case against Plaintiff was dismissed. "Where a state statute of limitations is borrowed, the state's rules for tolling the statute are borrowed as well." Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 984 n. 8 (5th Cir. 1992).

The Plaintiff has issues that fit the tolling statutes:

Plaintiff claims through pleadings, motions and affidavits show substantial fraudulent concealment on the part of the Defendants. The Plaintiff seeks to invoke this affirmative defense in an effort to toll the two-year statute of limitations.

The Plaintiff wasn't able to obtain the facts necessary to file a complaint to meet the requirements of answering the 12b6 Rule before November 11, 2008. An example of this shows the defendant's concealment (which applies to tolling) consists of denial for request of records under the Texas Open Records Act. Plaintiff requested any and all records of the Dallas Sheriff's Office, Dallas County, Texas. The Sheriff's office only sent the Plaintiff a total of 31 pages of records consisting of a few daily log sheets, a few sheets describing meals, and a booking sheet, and a few various other sheets. Obviously, there were many more records considering the Plaintiff was incarcerated for 78 days. There should have been at least 78 separate pages of daily logs alone, in addition to all else. This is just one example of records being illegally withheld, concealed, removed, or destroyed. Each of which constitutes a criminal

act against the Plaintiff, thus showing at the very least, bad faith by the defendants, affecting the equitable tolling and causing great prejudice against the Plaintiff.

The Texas Supreme Court explained: When the defendant is under a duty to make a disclosure but fraudulently conceals the existence of a cause of action from the one to whom it belongs, the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered. "Under Texas Law, fraudulent concealment is an affirmative defense to an assertion that the statute of limitations has run." Timberlake v. A.H. Robins Co., 727 F.2d 1363, 1366 (5th Cir.1984).

For doctrine of fraudulent concealment to toll Statute of Limitations, it must be shown that defendant has actual knowledge of fact that wrong has occurred and fixed purpose to conceal the wrong and mere failure to disclose cause of action, or mere concealment is not fraudulent concealment for such purpose. The Plaintiff is under a duty to exercise reasonable diligence to discover his or her cause of action. Stiles v. Union Carbide Corp., 520 F.Supp. 865, 868-69 (S.D.Tex.1981).

The activities of the Michigan Defendant's affected the activities of the Texas Defendant's for purposes of tolling the Statute of Limitations.

**Equitable Tolling and Equitable Estoppel of Statute of Limitations**

Consider what the State of Michigan, Court of Appeals stated:

"Equitable or judicial tolling ordinarily applies to a specific extraordinary situation in which it would be unfair to allow a statute of limitations defense to prevail because of the **defendant's bad faith or other particular and unusual inequities**. See 51 Am Jur 2d, Limitation of Actions, § 174, pp 563-564. Absent statutory language allowing it, judicial tolling is generally unavailable to remedy a plaintiff's failure to comply with express statutory time requirements.1 See 51 Am Jur 2d, Limitation of Actions, § 177, p 565; see also Secura Ins Co v Auto-Owners Ins Co, 461 Mich 382, 387-388; 605 NW2d 308 (2000); Garg v Macomb Co Community Mental Health Services, 472 Mich 263, 285 n 12; 696 NW2d 646 (2005). Inequities that justify judicial tolling must arise independently of the plaintiff's failure to diligently pursue the claim in accordance with the statute. See

51 Am Jur 2d, Limitation of Actions, § 174, § 177, pp 563-564, 565; see also Devillers v Auto Club Ins Ass'n, 473 Mich 562, 586, 590-592; 702 NW2d 539 (2005)." Ward v. Siano Jr., 730N.W.2d 1 (2006).

**Fruitport Township (4) and James Schultz (5) bad faith** included the perjured affidavit dated October 17, 2006 and the perjured affidavit dated October 24, 2006 and then concealed from Muskegon County prosecutors what they had done to maintain the unlawful bogus warrant that was not fair on its face. Schultz had an affirmative obligation to tell the Muskegon County Prosecutors the truth, as they relied on Schultz's perjured October 17, 2006 affidavit to obtain the bogus warrant that was not fair on its face, which led to the **unusual inequities of Muskegon County, Michigan (3), Tony Tague (6), Dale J. Hilson (7)**, in doc. 89, page 3, "the Michigan authorities had refused to provide or allow Plaintiff's family to provide the prescription water and the prescription food required for the life survival of the Plaintiff if jailed.", which the defendants have not denied.

Jonathan M. Jacobson "Antitrust law developments (Sixth), p. 872 (2007) states (Chapter 10, Private Antitrust Suits, discussing the Clayton Act):

> **"Equitable considerations may also toll the statute of limitations. Equitable estoppel bars a limitations defense when the defendant has induced the plaintiff not to file suit until after the limitations period has expired. Duress can provide yet another basis to toll the statute, although a "duress" defense is limited by the requirement that the defendant must have made actual threats to commit an unlawful act."**

It was **unlawful for Muskegon County, Michigan (3), Tony Tague (6), Dale J. Hilson (7) to place Plaintiff in duress by threatening Plaintiff's life** by refusing "to provide or allow Plaintiff's family to provide the prescription water and the prescription food required for the life survival of the Plaintiff if jailed."

11

**Therefore, the statute of limitations defense by Fruitport Township (4) and James Schultz (5) is equitably tolled by the fraudulent concealment of the truth from Muskegon County, Michigan (3), Tony Tague (6), and Dale J. Hilson (7); and by Muskegon County, Michigan (3), Tony Tague (6), and Dale J. Hilson (7) consequent unusual inequity of unlawful threat to Plaintiff's life, thus placing the Plaintiff in duress, which induced the Plaintiff not to file suit until after the limitations period had expired.**

**Plaintiff notes that limited discovery may be allowed to obtain evidence needed to prove equitable tolling and equitable estoppel of a statute of limitation**; see for instance Zimmerman v. Poly Prep Country Day School, 09 CV 4586 (EDNY, May 25, 2010) Order 5/25/2010 (Docket Item 51).

Also, see Stoll v. Runyon, 165 F.3d 1238 (9th Cir. January 15, 1999):

Equitable tolling is permitted even when a plaintiff has a lawyer if the interests of justice so require and there is no prejudice to the defendant. Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Note: The Fruitport Township Police Department's unwritten policy of lack of investigatory diligence and disregard of due process e.g. in failing to take signed or sworn complaintant and witness statements and failing to correctly identify family relationships as relates to probate and family law issues and James Schultz's perjury in his affidavit used to obtain the Complaint Felony warrant dated October 17, 2006 together demonstrate bad faith and concealment of the truth, while the Muskegon County Prosecutor's Office's lack of verification of facts required by due diligence demonstrates careless disregard, and their refusal to address Plaintiff's health needs during incarceration reflects unusual inequities and unlawful duress, all of which applies to the equitable tolling and equitable estoppel of the Statute of Limitations and

since Plaintiff has shown the connection between all parties, this affects the Texas defendants as well.

## IV CONCLUSION

How much more prejudice does this Court need to rule in favor of the Plaintiff?

The Supreme Court has directed that pro-se parties not be held to the same standard in pleading as a lawyer and/or attorney, see Platsky v. CIA, 953 F. 2d 26 (1991):

> "Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel. See e.g., Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam); Haines v. Kerner, supra; see also Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir.1989) (per curiam). In order to justify the dismissal of a pro se complaint, it must be "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner; supra; at 594 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

THEREFORE, IT IS Prayed that the Judgment be reversed and this case re-instated and that the Court grant the equitable tolling and/or equitable estoppel of the statute of limitations or in the alternative, that the Court grant discovery relating to equitable tolling and equitable estoppel of the statute of limitations.

Respectively submitted,

Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California 92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's Objections to Findings, Conclusions and Recommendation of Magistrate Judge is true and correct to the best of my knowledge and belief.

Witness my hand and seal this _3/_ day of May, 2011.

_____
Barbara Jeanne Altemeier

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Plaintiff's Objections to Findings, Conclusions and Recommendation of Magistrate Judge was sent by First Class Mail on the _3/_ day of May, 2011 to the Defendants below.

_____
Barbara Jeanne Altemeier

Ronald G. Acho
Cummins, McClorey, Davis & Acho PLC
33900 Schoolcraft
Livonia, MI 48150

G. Gus Morris
McGraw Morris P.C.
2075 W. Big Beaver Road Suite 750
Troy, Michigan 48084

Craig Watkins, District Attorney
Tammy Jean Ardolf, Assistant District Attorney
Dallas County Criminal District Attorney's Office
Federal Section
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399

Thomas P. Perkins, Jr., Dallas City Attorney
Jason G. Schuette, Executive Assistant City Attorney
James C. Butt, Assistant City Attorney
City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas  75201

Winston L. Borum
Borum & Hancock, L.L.P.
2485 Burnett Plaza
801 Cherry Street, Unit # 14
Fort Worth, Texas  76102

