**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BARBARA ALTEMEIER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:10-CV-2646-N(BK)** |
| | § | |
| **DALLAS COUNTY, TEXAS, et al.,** | § | |
| **Defendants.** | § | |

**ORDER**

On May 20, 2011, the Court accepted the findings, conclusions, and recommendation of the Magistrate Judge and dismissed Plaintiff's *pro se* case with prejudice.  On June 1, 2011, Plaintiff filed a motion for reconsideration, which the Court liberally construes as being filed under Fed. R. Civ. P. 59(e).

There are four general grounds on which a court may alter or amend a final judgment under Rule 59(e):  (1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law.  *See, e.g., In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Peterson v. Cigna Group Ins.,* 2002 WL 1268404, at *2 (E.D. La. 2002).  A party may not use a Rule 59(e) motion to relitigate issues that "should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."  *Peterson,* 2002 WL 1268404, at *2.  It is within the court's discretion to reopen a case under Rule 59(e).  *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000).

Plaintiff fails to make the requisite showing under Rule 59(e).  Her motion presents claims previously addressed and rejected.  Accordingly, Plaintiff's motion for reconsideration under Rule 59(e) is **DENIED**.

SIGNED June 15, 2011.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE