UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:10-CV-2646-N |
| CITY OF DALLAS, et al., | § | ECF |
| Defendants. | § | |

**DEFENDANTS CITY OF DALLAS, LUIS CANALES, AND RONALD HUBNER'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION**

TO THE HONORABLE COURT:

Defendants City of Dallas ("City"), Luis Canales ("Canales"), and Ronald Hubner ("Hubner") (collectively referred to as "Respondents") respond to Plaintiff's Second Motion for Reconsideration and Newly Discovered Evidence and Fraud Under FRCivP 60 b (2) (3) (the "Motion"), filed on 1 July 2011 (ECF #105).

### I.   SUMMARY OF RESPONSE

Plaintiff's Motion represents nothing more than her interminable desire to perpetuate her baseless and untimely lawsuit against a host of public and private entities. Her latest approach is to seek "reconsideration" of the proper dismissal of all of her claims based upon Dallas police officers Canales' and Hubner's alleged lack of authority as peace officers. Even if Plaintiff were factually correct, that circumstance would not alter the outcome as to the City or any of the other defendants. As to Canales and Hubner, Plaintiff is not entitled to relief because: (1) Plaintiff's claims are not based upon the officers' status; (2) Plaintiff fails to show that she was diligent in uncovering the "newly discovered" evidence; (3) Plaintiff was not harmed by the alleged failure to disclose; and (4) Plaintiff's arrest was still lawful because Canales and Hubner were de facto peace officers despite any alleged technical failures to execute properly the documents in issue.

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N                                                                 Page 1

## II.   ARGUMENT AND AUTHORITIES IN RESPONSE

**A.   Controlling Legal Standards**

    **1.   Rule 60(b), not Rule 59(e), applies to Plaintiff's Motion because Plaintiff filed the Motion more than 28 days after entry of judgment.**

Plaintiff files *this* motion[1] more than 28 days after the Court entered judgment on 20 May 2011 (ECF #102). (*See* Court's Docket.) Therefore, Rule 60(b), "Relief from a Judgment or Order," controls rather than Rule 59(e), which pertains to motions to alter or amend a judgment. *See* Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment"); *Frazier v. Map Oil Tools, Inc.*, 725 F. Supp. 2d 597, 608 (S.D. Tex. 2010) (applying the Fifth Circuit's analysis in *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) and holding that a Rule 59(e) motion must be made "within 28 days after entry of judgment"); *accord, Smith-Idol v. Halliburton*, No. 06-1168, 2010 WL 2196268, at *1 (S.D. Tex. 2010); *Rodriguez v. Christus Spohn Health System Corp.*, No. 09-95, 2010 WL 547038, at *1 n.1 (S.D. Tex. 2010) ("Under which Rule the motion [for reconsideration] falls turns on the time at which the motion is [filed].").

    **2.   Rule 60(b)(2) – motions for relief based upon newly discovered evidence require both due diligence and the likelihood of a different result.**

Rule 60(b)(2) of the Federal Rules of Civil Procedure provides that a court may relieve a party from final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To obtain Rule 60(b)(2) relief, a movant must demonstrate: "(1) that it exercised due diligence in obtaining

---

[1] Plaintiff filed her first "Motion for Reconsideration" on 1 June 2011 (ECF #103). (*See* Court's Docket.) Plaintiff contended that the applicable two year statute of limitations should not apply because defendants' various alleged acts of fraudulent failures to disclose supposed infirmities in the Michigan warrant for Plaintiff's arrest require equitable tolling of the limitations period and equitable estoppel of any limitations defense. (*See* ECF #103 at PageID 839-47.) The Court denied Plaintiff's Rule 59(e) motion by an order entered on 20 June 2011 (ECF #104). (*See* Court's Docket.)

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N                                         Page 2

the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Id.* at 640.

    **3.**    **Rule 60(b)(3) – motions for relief based upon fraud, misrepresentation, or misconduct by opponent require a showing that the movant was prevented from presenting its case.**

"A rule 60(b)(3) assertion must be proved by *clear and convincing evidence*, and the conduct complained of must be such as to prevent the losing party from fully and fairly presenting its case. *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992), citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978); *Hesling*, 396 F.3d at 641. When a party is capable of fully and fairly presenting its case notwithstanding "fraud, misrepresentation, or other misconduct," the trial court does not err when it denies a Rule 60(b)(3) motion. *Diaz*, 46 F.3d at 497, citing *Rozier*, 573 F.2d at 1339.

**B.**    **Application to Plaintiff's Motion**

    **1.**    **Plaintiff is not entitled to Rule 60(b)(2) relief because Plaintiff did not show that she acted with reasonable diligence in obtaining the newly discovered evidence.**

Plaintiff's "new evidence" is her assertion that Dallas police officers Canales and Hubner "did not properly execute a 'Statement of Officer' and an "Oath of Office' in the proper order prescribed by the Texas State Constitution article 16 section 1 (a) and (b)." (Motion at PageID 853-54.) Plaintiff asserts that, as a consequence, neither officer had "jurisdiction or authority to make an arrest of Plaintiff." (*Id.* at PageID 854.) Plaintiff contends that the officers were under a duty to disclose the fact of their lack of lawful authority at act as peace officers to Plaintiff but failed to do so and instead fraudulently concealed those facts. (*Id.*) Plaintiff thus contends –

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N    Page 3

citing *Texas* common law pertaining to the concealment of causes of action[2] – that the statute of limitations was equitably tolled until her discovery of the officers' alleged lack of capacity. (*Id.*)

However, Plaintiff provides no facts to demonstrate that she acted with reasonable diligence in obtaining the supposed evidence of the officers' lack of authority as peace officers. In fact, all that Plaintiff says on that point is that "Plaintiff has just discovered these facts within the last few days." (Motion at PageID 854.) Plaintiff offers no evidence that she could not have obtained the information before now. (*See* Motion.) More to the point, Plaintiff does not explain why her new evidence "could not have been discovered in time to move for a new trial under [Fed. R. Civ. P.] 59(b)." For that matter, Plaintiff offers no evidence that the officers knowingly concealed the information, such as by knowingly providing false or misleading information in response to an inquiry by her. (*Id.*) In summary, there is simply no evidence before the Court that Plaintiff acted diligently to obtain the new evidence to support her new and unpleaded legal claim.

2. **Plaintiff is not entitled to Rule 60(b)(2) relief because Plaintiff did not show that the newly discovered evidence is material, controlling, and clearly would have produced a different result.**

The discussion thus far assumes that Plaintiff's new evidence is correct. Respondents do not concede that it is. However, even assuming that Canales and Hubner had failed to properly execute or file a Statement of Officer and Oath of Office, neither error is material or controlling, and would not have produced a different result because both officers would have been de facto officers at the time of their interactions with Plaintiff. *In fact, Plaintiff concedes and asserts that*

---

[2] The disjoint and desperate nature of Plaintiff's Motion reveals itself here. Plaintiff's complaint alleges that she the warrant under which she was arrested was invalid or the result of fraud by the Michigan defendants, such that there was no legal basis for her arrest by anyone. (*See* Plaintiff's First Amended Complaint (ECF #6).) Plaintiff does not allege that Canales or Hubner lacked authority to arrest her based upon a defect in their status, which appears to be Plaintiff's angle of attack for this week. (*Id.*)

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N                                                                                      Page 4

*Canales and Hubner were de facto officers*. (Motion at Page 856: "[police officers Canales and Hubner] should have disclosed in the Answer that they were only de facto officers in their violation of the Texas State Constitution.").

Plaintiff's recognition that Canales and Hubner would have been de facto officers even if they had failed to properly execute and file a Statement of Officer and Oath of Office disposes of Plaintiff's Rule 60(b)(2) arguments. The judicial creation of the de facto officer doctrine serves the purpose of legitimizing the acts of public officials who, for one reason or another, have not technically qualified in all respects. This includes an officer's failure to execute an official oath. *Delamora v. State of Texas*, 128 S.W.3d 344, 357 (Tex.App.—Austin 2004, pet. ref'd), citing 35 David B. Brooks, *Texas Practice: County and Special District Law*, § 7:7 (2d ed. 2002). Black's Law Dictionary defines a de facto officer as:

> An officer who exercises the duties of an officer under the color of an appointment or election, but who has failed to qualify for any one of various reasons, as by being under the required age, having failed to take the oath, having not furnished bond, or having taken office under a statute later declared unconstitutional.

*Black's Law Dictionary* 7th ed. (West 1999).

Texas courts routinely validate the actions of de facto peace officers, even in the face of challenges to criminal convictions arising from arrests performed by such officers. This includes de facto officers who allegedly failed to take the oath of office required by article XVI, § 1(c) of the Texas Constitution and/or fail to file with the Texas Secretary of State the "anti-bribery statement," which the Motion refers to as the "Oath of Office." *See, e.g., Lukasik v. State of Texas*, No. 03-01-00125-CR, 2001 WL 1422146, at *1 (Tex.App.—Austin 2001, pet. ref'd, untimely filed) (not designated for publication) (affirming conviction where police officer who signed the criminal complaint had not complied with article XVI, section 1 of the Texas Constitution);

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N  Page 5

*Singletary v. State of Texas*, No. 05-95-01362-CR, 1997 WL 424431, at *1-2 (Tex.App.—Dallas 1997, no pet.) (not designated for publication) (affirming denial of motion to suppress premised upon police officer's failure to file an "anti-bribery" statement with the secretary of state before officer stopped the arrestee); *Soderman v. State of Texas*, 915 S.W.2d 605, 611-12 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd) (rejecting contention that arrest warrant and arrest were invalid where justice of the peace who issued warrant and arresting officer either filed anti-bribery statements late or not at all).

There can be no doubt that Plaintiff regarded and understood Canales and Hubner to be police officers who each were discharging their official duties and exercising their discretionary authority peace officers. The complaint alleges that each of these defendants as a "City of Dallas police officer. (ECF #6 at PageID 77 ¶¶ 34, 35.) Nowhere does Plaintiff allege that she regarded either defendant as anything other than a police officer, or that either defendant acted as anything other than a police officer. (*See* Complaint.) Both Canales and Hubner were de facto officers as a matter of law, as Plaintiff asserts they were in her Motion. (*See* Motion at PageID 856.)

As a consequence of the pleaded facts and the controlling legal authorities, Plaintiff's so-called new evidence fails to provide a basis for relief under Rule 60(b)(2). Therefore, the Court should deny the Motion insofar as it relies on newly discovered evidence.

> 3. **Plaintiff is not entitled to Rule 60(b)(3) relief because Plaintiff did not show that she was prevented from fully presenting her case as a result of the alleged fraud or misrepresentation.**

As stated above, Plaintiff must show by clear and convincing evidence that alleged fraud, misrepresentation, or other misconduct – here, the officers' supposed failure to disclose that they had not filed a technically proper Statement of Officer and Oath of Office – prevented Plaintiff from presenting her case. Plaintiff clearly has failed to produce any such evidence.

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N  Page 6

Plaintiff's claims against the Canales and Hubner were that they deprived Plaintiff of her liberty by unlawfully seizing her on the basis of an improperly issued (but facially valid) warrant of arrest issued by a magistrate in the State if Michigan. (*See* Complaint.) None of Plaintiff's pleaded claims are factually or legally dependent upon Canales' or Hubner's alleged status as de facto peace officers rather than de jure peace officers. (*Id.*)

Indeed, even if Canales and Hubner were both merely de facto Dallas police officers, that circumstance has nothing to do with the Court's bases for granting judgment to all Defendants: Plaintiff's claims are all barred by the statute of limitations. (*See* Findings, Conclusions, and Recommendation (ECF #87) at PageID 679-84; Order Accepting Findings and Recommendation of the United States Magistrate Judge (ECF #101).) For the reasons explained above, Canales' and Hubner's status as de facto police officers would not render her seizure unlawful as a matter of either Texas law or the Constitution. In light of Plaintiff's failure to establish by clear and convincing evidence that she was prevented from fully presenting her case, Plaintiff has failed to provide a basis for relief under Rule 60(b)(3), and the Court should deny the Motion insofar as it relies on alleged fraud, misrepresentation, or other misconduct.

WHEREFORE, Respondents, City of Dallas, Luis Canales, and Ronald Hubner, pray that the Court deny Plaintiff's Second Motion for Reconsideration and Newly Discovered Evidence and Fraud Under Rule FRCivP 60 b (2) (3), and further pray that the Court grant Respondents all other relief to which they are entitled.

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N                                                                                                  Page 7

        Respectfully submitted,

        THOMAS P. PERKINS, JR.
        Dallas City Attorney

        James C. Butt
        Senior Assistant City Attorney
        Texas Bar No. 24040354
        james.butt@dallascityhall.com

        *s/ Jason G. Schuette*
        Executive Assistant City Attorney
        Texas Bar No. 17827020
        jason.schuette@dallascityhall.com

        City Attorney's Office
        1500 Marilla Street, Room 7B North
        Dallas, Texas 75201
        Telephone:    214-670-3519
        Telecopier:    214-670-0622

        ATTORNEYS FOR DEFENDANTS
        CITY OF DALLAS, LUIS CANALES,
        AND RONALD HUBNER

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N    Page 8

## CERTIFICATE OF SERVICE

I hereby certify that on 8 July 2011 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

G. Gus Morris
McGraw Morris P.C.
2075 W. Big Beaver Road
Troy MI 48084
*Attorney for Defendants Fruitport Township and James Schultz*

Ronald G. Acho
Cummings, McClory, Davis & Acho, PLC
33900 Schoolcraft
Livonia MI 78150
*Attorney for Defendants Muskegon County, Michigan, Tony Tague, and Dale Hilson*

Winston L. Borum
Borum & Hancock
2485 Burnett Plaza
801 Cherry St. Unit 14
Fort Worth TX 76102
*Attorney for Defendants Ronald Anderson and Parkland Health and Hospital System Auxiliary*

Tammy Jean Ardolf
Dallas County Criminal District Attorney-Federal
133 N. Industrial Blvd., LB 19
Dallas TX 75207
*Attorney for Defendants Dallas County, Texas, Daniel Downs, and Lupe Valdez*

I certify that on 8 July 2011 I served the foregoing document by mailing a copy to the following individuals, as required by the Federal Rules of Civil Procedure:

**BY U.S. FIRST CLASS MAIL**
Barbara Jeanne Altemeier
13861 Yockey Street
Garden Grove CA 92844-2663
*Plaintiff pro se*

                                          *s/ Jason G. Schuette*
                                          Executive Assistant City Attorney

Defendants City of Dallas, Luis Canales, and Ronald Hubner's
Response to Plaintiff's Second Motion for Reconsideration
*Barbara Jean Altemeier v City of Dallas, et al.*; No. 3:10-CV-2646-N          Page 9