IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2646-BK |
| | § | |
| DALLAS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On May 20, 2011, the Court accepted the findings, conclusions, and recommendation of the Magistrate Judge and dismissed Plaintiff Barbara Jeanne Altemeier's *pro se* case with prejudice. On July 1, 2011, Altemeier filed her second motion for reconsideration. Because the motion was filed more than 28 days after the judgment, the Court treats it as a motion filed under Fed. R. Civ. P. 60(b)(2) and (3). Altemeier alleges that her arresting officers did not properly execute a "Statement of Officer" and an "Oath of Office", which renders her arrest invalid. She claims that she recently discovered this information upon request from the City of Dallas. Altemeier's "new" evidence would not change the outcome of the case and could have been discovered earlier. "In deciding whether newly discovered evidence is sufficient to warrant a new trial, the district court should consider whether the evidence: (1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995). Altemeier alleges that arresting officers' "Oaths of Office"

were not dated or notarized. She also claims that the arresting officers never filed a "Statement of Officer". Even if true, neither of these allegations would invalidate an arrest. *See Lukasik v. State of Texas*, 2001 WL 1422146, at *1 (Tex. App.—Austin 2001, (Tex.App.—Austin 2001, pet. ref'd, untimely filed) (not designated for publication) (affirming conviction where police officer who signed the criminal complaint had not complied with article XVI, section 1 of the Texas Constitution); *Singletary v. State of Texas*, 1997 WL 424431, at *1-2 (Tex.App.—Dallas 1997, no pet.) (not designated for publication) (affirming denial of motion to suppress premised upon police officer's failure to file an anti-bribery statement with the secretary of state before officer stopped the arrestee); *Soderman v. State of Texas*, 915 S.W.2d 605, 611-12 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd) (failing to sign an "anti-bribery" statement does not invalidate arrest.). Furthermore, Altemeier claims that she obtained this "new" evidence upon request from the City of Dallas, but provides no reason she did not request this information earlier. For these reasons, Altemeier fails to make the requisite showing under Rules 60(b)(2) or (3). Accordingly, the Court denies her second motion for reconsideration.

Signed July 12, 2011.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 2