

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JEANNE ALTEMEIER, | § § | |
| PLAINTIFF, | § § | |
| v. | § § | No. 3:10-CV-02646-N (BK) |
| DALLAS COUNTY, TEXAS (1); et al. | § § § | |
| DEFENDANTS. | § § | |

**PLAINTIFF'S REPLY TO DEFENDANTS CITY OF DALLAS, LUIS CANALES, AND RONALD HUBNER'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION**

NOW COMES Barbara Jeanne Altemeier, Plaintiff, in the above-entitled case to file this Plaintiff's Reply to Defendants City of Dallas, Luis Canales, and Ronald Hubner's Response to Plaintiff's Second Motion for Reconsideration and would show this Court the following, to wit:

### I. SUMMARY OF REPLY

Two officers, who were not properly commissioned to serve, arrested plaintiff without a warrant and without probable cause. Plaintiff was housed in the Dallas County Jail for 78 days. Plaintiff was treated with cruel and unusual punishment for days without prescription water and prescription food during her stay in the Dallas County jail. Plaintiff was treated inhumanely. Plaintiff was released because the State of Michigan failed to extradite.

Defendant's arguments are not consistent with the facts and the law.

Defendants, stated, to this callous disregard of a human rights violation as an "interminable desire to perpetuate her baseless and untimely lawsuit against a host of public and private entities." (1) Plaintiff's claims of officers status is a crucial component and a legal basis for the

1

power to arrest and detain and a matter of law. Plaintiff's claims originally for illegal arrest due to lack of warrant and lack of probable cause, but now Plaintiff has a claim of illegal arrest due to the illegal police officers, Canales and Hubner. (2) Plaintiff as a pro se litigant was as diligent as a pro se litigant could be in the discovery of newly found evidence that the de facto officers should have not concealed in their own pursuit of the truth. (3) Plaintiff was harmed by the conspiracy and concealment of disclosure that was mandatory of an officer of the law. (4) Plaintiff's arrest was not lawful by de facto officers in the violation of Plaintiff's due process, which was not a technical failure to execute documents. Defendants had a duty to perform their oath to uphold their constitutional values.

## II. ARGUMENT AND AUTHORITIES IN REPLY

Plaintiff filed a motion for Reconsideration within the time prescribed by law. Plaintiff added in her reconsideration motion what she believed to be "newly found evidence" under FRCivP 60 b (2) (3). Plaintiff is a pro se litigant and should be held to a more liberal standard on the pleadings. The Supreme Court has directed that pro-se parties not be held to the same standard in pleadings as a lawyer and/or attorney, see Platsky v. CIA, 953 F. 2d 26 (1991): "Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel. See e.g., Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam); Haines v. Kerner, supra; see also Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir.1989) (per curiam). In order to justify the dismissal of a pro se complaint, it must be "'beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.' " <u>Haines v. Kerner</u>; supra; at 594 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

Defendants state that "Plaintiff's arrest was lawful because Canales and Hubner were de facto peace officers…" Plaintiff's arrest was not lawful. The "defacto officer" doctrine simply does not apply. The Defendants argument in the above is incorrect because of a U.S. Supreme Court decision of <u>Nguyen v. United States</u>, 539 U.S. 69 (2003).

The question of judicial authority is more fundamental than whether some effort has been made to conform with the formal conditions on which judge's particular power depend, <u>Nguyen</u>, supra.

First, the "defacto officer" doctrine does <u>not</u> apply where there has been a violation of a statutory provision that embodies weighty congressional (legislative) policy concerning the proper organization of the office. <u>Nguyen</u>, supra (analogies added).

When an officer does not take and file his or her Oath of Office, this is a direct violation of the Texas Constitution, Art. 16, Sec. 1, Oath of Office. In addition, the Texas Constitution gives the Texas legislature the power and right to declare the cases in which any officer's exercise of power to be void. (See Texas Government Code §601.008).

Therefore, any officer, whether appointed or reappointed, must have taken and filed an official oath before entering upon the duties of the office. If an officer entered upon the duties of the office without filing the official oath of office, he or she has violated §601.008 Stats. and is in a complete default, both dejure and defacto.

The act of filing the official "Oath of Office" after assuming and exercising the duties of the office is <u>not</u> authorized by the Texas Statute or Constitution. The principle of statutory law is that the appointed or reappointed officer can <u>not</u> act unless there is a specific statute that

3

authorizes the act. Thus, the person in default would have to receive another separate commission or re-commission and <u>then file their official oath of office before entering upon the duties of the office</u>.

The argument that the defaulted officer can merely take his or her official oath <u>after</u> entering upon the duties of the office and terminate the violation and default is erroneous and illegal. The alleged officer has <u>no</u> jurisdiction or authority to act from the day he or she entered upon the duties of the office and any or all action would be null and void. Again, that person is neither a dejure or a defacto officer as defined by the Supreme Court. The "defacto officer" doctrine does <u>not</u> apply.

Several legal provisions of the law demand that a state-appointed officer, i.e. appointed Police Officer, take an Oath of Office and file the same with the designated depository which are as follows:

The U.S. Constitution, Art. VI, cl. 3, states that,

"…all executive and judicial officers…of the several states, shall be bound by Oath of Affirmation, to support this Constitution…"

"Every state…executive and judicial officer is solemnly committed by oath taken pursuant to Art. VI, cl. 3 to support his Constitution." <u>Cooper v. Aaron</u>, 358 US. 1. The first step in supporting the U.S. Constitution is taking the Oath of Office.

The Federal Statute or Code, Title 4 USC §101 states that,

"…every executive and judicial officer of a State, shall, before he (she) proceeds to execute the duties of his (her) office, take an oath in the following form, to wit: 'I A B, do solemnly swear that I will support the Constitution of the United States.'"

The Office of a Police Officer is <u>not</u> exempted by the law; therefore, these Police Officers must take and file their Oath of Office before they are able to take office or execute any duties.

The Officer's did not have on file their proper "Statement of Officer" and "Oath of Office" required by Chapter 601 of the Texas Government Code and the Texas Constitution Article 16, Section 1. In the Texas Government Code § 601.008 Unauthorized Officers:

(2) has qualified as the officer under law;

(c) The official acts of a person who claims a right to exercise the power or jurisdiction of an office contrary to this section are void.

Therefore, a de facto officer has not the proper standing to arrest anyone.

Plaintiff was harmed by not receiving tolling due to concealment by Canales and Hubner. Plaintiff's claims are not barred by the statute of limitations yet are controlled by the equitable tolling statute of fraudulent concealment and this Honorable Court must re-instate this instant case and allow Plaintiff her due process of law.

THEREFORE IT IS Prayed, that the Judgment be reversed, this case re-instated, and that the Court grant the equitable tolling and/or equitable estoppel of the statute of limitations.

Respectively submitted,

*[signature]*
Barbara Jeanne Altemeier, Pro Se
13861 Yockey Street
Garden Grove, California 92844
(714) 379-9557

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's Reply to Defendants City of Dallas, Luis Canales, and Ronald Hubner's Response to Plaintiff's Second Motion for Reconsideration is true and correct to the best of my knowledge and belief.

Witness my hand and seal this _15_ day of July 2011.

5

_[signature]_
Barbara Jeanne Altemeier

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the aforementioned Plaintiff's Reply to Defendants City of Dallas, Luis Canales, and Ronald Hubner's Response to Plaintiff's Second Motion for Reconsideration was sent by First Class Mail on this _15_ day of July, 2011 to the Defendants below.

_[signature]_
Barbara Jeanne Altemeier

Ronald G. Acho
Cummins, McClorey, Davis & Acho PLC
33900 Schoolcraft
Livonia, MI 48150

G. Gus Morris
McGraw Morris P.C.
2075 W. Big Beaver Road Suite 750
Troy, Michigan 48084

Craig Watkins, District Attorney
Tammy Jean Ardolf, Assistant District Attorney
Dallas County Criminal District Attorney's Office
Federal Section
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399

Thomas P. Perkins, Jr., Dallas City Attorney
Jason G. Schuette, Executive Assistant City Attorney
James C. Butt, Assistant City Attorney
City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201

Winston L. Borum
Borum & Hancock, L.L.P.
2485 Burnett Plaza
801 Cherry Street, Unit # 14
Fort Worth, Texas 76102